IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

2020 MAR -2 P 5: 14

USDC-EDPA
CLERK

| | | |
|---|---|---|
| **DERRICK JACOBS** | : | CIVIL ACTION |
| Plaintiff, | : | |
| | : | |
| v. | : | NO. 19-CV-4616 |
| | : | |
| **CITY OF PHILADELPHIA, et al.** | : | JURY TRIAL DEMANDED |
| Defendants. | : | |

## <u>ORDER</u>

AND NOW, this          day of          , 2020, upon consideration of Defendants'

Motion to Dismiss Pursuant to Fed.R.Civ.P. 12(b)(6), and Plaintiff's response thereto, it is

hereby ORDERED and DECREED that said motion is DENIED.

BY THE COURT,

_____
                                    J.

2020 MAR -2 P 5: 14

USDC-EDPA
CLERK

IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| **DERRICK JACOBS** | : | CIVIL ACTION |
| Plaintiff, | : | |
| | : | |
| v. | : | NO. 19-CV-4616 |
| | : | |
| **CITY OF PHILADELPHIA, et al.** | : | JURY TRIAL DEMANDED |
| Defendants. | : | |

**PLAINTIFF'S RESPONSE TO DEFENDANTS' MOTION TO DISMISS
PURSUANT TO FED.R.CIV.P. 12(b)(6)**

I.     FACTUAL AND PROCEDURAL STATEMENT

In this employment lawsuit, Plaintiff claims First Amendment Retaliation against his current employer.

This Court entered an Order that a response to Defendants' Motion to Dismiss filed on January 15, 2020, must be filed by Plaintiff on March 3; the Order also indicated that Defendants must file a supplemental brief on or before Tuesday, February 18, 2020.

Defendants failed to file the supplemental brief in accordance with the Court's Order; Plaintiff and Defendants then  agreed to a proposed stipulation that would allow Defendants an additional week's time within which to file their supplemental brief; Plaintiff would also have an additional week's time (or to March 10, 2020) within which to respond.

To date, the Court has not made a ruling on the proposed stipulation to enlarge the time within which both parties to file their briefs.  Defendants filed their supplemental brief on February 25, 2020, in accordance with the proposed stipulation between the parties.

Plaintiff Derrick Jacobs is an adult male, employed by Defendant City of Philadelphia as a Detective in the Officer Involved Shooting Investigation (OISI) unit, a unit that investigates all Officer involved shootings for Philadelphia police, Philadelphia Sheriff, Correctional Officers and Law Enforcement personnel from other jurisdictions for shootings occurring in the City and County of Philadelphia.

Plaintiff alleges that District Attorney (Lawrence Krasner) conspired with Assistant District Attorney Tracy Tripp and other parties to deprive Derrick Jacobs of his Constitutional rights by maliciously prosecuting him for a crime Jacobs did not commit.

On Thursday June 8, 2017, Plaintiff was involved in an investigation of an office involved shooting in the area of Whitaker and Hunting Park Avenue, involving Officer Ryan Pownall.

A.    STANDARD OF REVIEW

On a motion to dismiss for failure to state a claim pursuant to Fed. R. Civ. P. 12(b)(6), the court is required to accept as true all allegations in the complaint and all reasonable inferences that can be drawn therefrom, and to view them in the light most favorable to the non-moving party. See Oshiver v. Levin, Fishbein, Sedran& Berman, 38 F.3d 1380, 1384 (3d Cir. 1994).

A complaint should be dismissed only if the alleged facts, taken as true, fail to state a claim. See In re Warfarin Sodium Antitrust Litig., 214 F.3d 395, 397-98 (3d Cir. 2000). The question is whether the claimant can prove any set of facts consistent with his or her allegations that will entitle him or her to relief, not whether that person will ultimately prevail. Scheuer v.Rhodes, 416 U.S. 232, 236 (1974); Semerenko v. Cendant Corp., 223 F.3d 165, 173 (3d Cir. 2000).

While a court will accept well-pled allegations as true for the purposes of the motion, it will not accept bald assertions, unsupported conclusions, unwarranted inferences, or sweeping legal conclusions cast in the form of factual allegations. Morse v. Lower Merion Sch. Dist., 132 F.3d 902, 906 (3d Cir. 1997). The United States Supreme Court has recognized that "a plaintiff's obligation to provide the 'grounds' of his 'entitle[ment] to relief' requires more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do." Bell Atl.Corp. v. Twombly et.al., 550 U.S. 544, 555 (2007).

In Twombly the Court made clear that it would not require a "heightened fact pleading of specifics," but only "enough facts to state a claim to relief that is plausible on its face." Id. at 570. A "pleader is required to 'set forth sufficient information to outline the elements of his claim or to permit inferences to be drawn that these elements exist.'" Kost v. Kozakiewicz, 1 F.3d 176, 183 (3d Cir. 1993) (citation omitted).

In 2009 the United States Supreme Court revisited the requirements for surviving a 12(b)(6) motion to dismiss in Ashcroft v. Iqbal, 129 S. Ct. 1937, 1950 (2009). In Iqbal the Court made clear that "threadbare recitals of the elements of a cause of action, supported by mere conclusory statements [are] not suffice" to defeat a Rule 12(b)(6) motion to dismiss. Id. at 1949. "[O]nly a complaint that states a plausible claim for relief [will] survive[] a motion to dismiss." Id. at1950.

In light of the decision in Iqbal, the Third Circuit set forth a two-part analysis to be applied by district courts when presented with a 12(b)(6) motion. First, the court must separate the legal elements and factual allegations of the claim, with the well-pleaded facts accepted as true but the legal conclusions disregarded. Fowler v. UPMC Shadyside, 578 F.3d 203, 210-11 (3d Cir. 2009). Second, the court must make determine whether the facts alleged in the complaint

demonstrate that the plaintiff has a "plausible claim for relief." Id. at 211. If the court can only infer the mere possibility of misconduct, the complaint must be dismissed because it has alleged -- but has failed to show -- that the pleader is entitled to relief. Id.

B.    PLAINTIFF'S CLAIMS OF FIRST AMENDMENT RETALIATION ARE PLAUSIBLE ON ITS FACE

To establish a § 1983 First Amendment retaliation claim, a plaintiff must show: (1) he participated in activity protected by the First Amendment; (2) the defendant retaliated against the plaintiff in a manner that would be "sufficient to deter a person of ordinary firmness from exercising his constitutional rights;" and (3) a causal nexus existed between the protected activity and the retaliation. Alers v. City of Philadelphia, 919 F.Supp.2d 528, 553 (E.D. Pa. 2013) (citing Thomas v. Independence Twp., 463 F.3d 285, 296 (3d Cir.2006).

A public employee's speech is protected by the First Amendment only when: "(1) in making it, the employee spoke as a citizen[;] (2) the statement involved a matter of public concern[;] and (3) the government employer did not have an adequate justification for treating the employee differently from any other member of the general public as a result of the statement he made." Falco v. Zimmer, 767 Fed. Appx. 288, 300 (3d Cir. 2019). "A public employee does not speak 'as [a] citizen[ ]' when he makes a statement 'pursuant to [his] official duties.'" Id. (quoting Garcetti v. Ceballos, 547 U.S. 410, 421 (2006)) (alterations in original).

Moreover, when an employee complains internally, as opposed to in public forums, is generally not viewed as having raised matters of public concern unless the employee expressly indicates a desire for said complaints to be made public. See Alers, 919 F. Supp. 2d at 555.

In determining whether an employee's speech was made pursuant to his official duties, courts consider: "[1] whether the employee's speech relates to 'special knowledge' or 'experience' acquired through his job[;]...[2] whether the employee raises complaints or 3

concerns about issues relating to his job duties 'up the chain of command' at his workplace[;]...[3] whether the speech fell within the employee's designated responsibilities[;]...and...[4] whether the employee's speech is in furtherance of his designated duties, even if the speech at issue is not part of them." <u>Kimmett v. Corbett</u>, 554 Fed. Appx. 106, 111 (3d Cir. 2014).

However, the controlling factor in whether a public employee is speaking pursuant to his official duties is "whether such utterances are among the things that the employee 'was employed to do.'" <u>Falco</u>, 767 Fed. Appx. at 301 (quoting <u>Garcetti,</u> 547 U.S. at 421). In short, "if a public employee's speech is part of his ordinary job duties, the employee is acting as a public employee and his activity is thus not protected under the First Amendment." <u>Id</u>. at 302.

In <u>Garcetti,</u> the Supreme Court determined that a plaintiff who was employed as a Deputy District Attorney did not act as a citizen when, pursuant to his official duties, he wrote a disposition memorandum in which he recommended dismissal of a pending criminal case based on purported governmental misconduct. 547 U.S. at 422. The Court noted that he was merely conducting his daily professional activities, including supervising attorneys, investigating charges, and preparing filings. Id. see also <u>Myers v. Cty. of Somerset</u>, 293 F. App'x 915, 918 (3d Cir. 2008) (Statements made by detective sergeant with county prosecutor's office concerning validity of homicide investigation were made pursuant to his official duties, and thus were not protected speech under First Amendment and could not form basis of valid retaliation claim, given that statements were made either to someone within the chain-of-command or to co-lead investigators.

Here, it is Derrick Jacobs job as a Detective in the OSI unit to investigate assigned officer involved shootings within the City of Philadelphia.

However, Defendants argue that Plaintiff's internal complaints about ADA Tripp initiating a false criminal complaint against Plaintiff falsely accusing of criminal contempt for revealing grand jury information is simply part of Plaintiff's official duties. It is important to note that not only did Plaintiff speak personally to and/or write memorandums to members of his chain of command about Tripp's false criminal actions against him but also Plaintiff spoke to an attorney in the Attorney General department about Tripp.

In accordance with his employer's social media policy, Plaintiff informed his superior in a face to face meeting that he planned on speaking out about his situation in November 2019. Plaintiff's complaint was filed in October 2019. Defendants have now initiated termination proceedings against Plaintiff for speaking out on matters of public concern of corruption within the City of Philadelphia, and made clear in its written discipline that the discipline was specifically related to Plaintiff's filing of his first amendment retaliation lawsuit in October 2019 and his subsequent interview on a podcast in January 2020.

Defendant now argues that it is part of Plaintiff's official duties not to defend himself against false criminal charges initiated by the Defendant City's District Attorney's Office. Plaintiff himself is not part of any investigation by the OSI unit in an officer involved shooting. Rather, Plaintiff sought to defend himself against false criminal charges. Plaintiff is not paid by the City of Philadelphia to defend himself against false criminal charges.

Plaintiff was simply trying to expose corruption and misconduct in the prosecution of Officer Ryan Pownall.

As a citizen of the City of Philadelphia, Plaintiff is aware of the number and amount of local and state officials who have been arrested for being corrupt. Judicial notice (due to the public nature of the following) is requested of the criminal proceedings against the following local and state officials:  Seth Williams, former Philadelphia District Attorney, sentenced to 5 year imprisonment in October 2017; Desiree Peterkin-Bell, former cabinet member to Philadelphia Mayor Michael Nutter arrested and plead guilty since 2017 for stealing tens of thousands of dollars from city-affiliated nonprofits; four Philadelphia election officials Dolores Shaw, Wallace Hill, Thurman George, and Calvin Mattox – all charged with illegal electioneering after a contentious 2017 special election in North Philadelphia; Brian Fluck a West Catholic in Philadelphia football coach charged in 2019 with siphoning $65,000 in funds designated for the Philadelphia City All-Star Football team; in October 2016 Kathleen Kane, former Attorney General, sentenced to 10 to 23 months for politically motivated felonies of acts of retribution against her rivals; and nine Philadelphia Traffic Court judges indicted in 2013 for ticket-fixing offenses.

Plaintiff Derrick Jacobs was not involved in any of the criminal proceedings described above; as a private citizen he is concerned with matters of public concern such as corruption, both locally and within the greater Commonwealth.

Derrick Jacobs position within the City of Philadelphia is not to investigate and report on corruption; it is to investigate officer involved shootings.

This argument of defendants is particularly disingenuous.  Therefore, Plaintiff requests the 12(b)(6) motion of Defendants be denied.


C.     PLAINTIFF'S CLAIMS OF MALICIOUS PROSECUTION ARE PLAUSIBLE
       ON ITS FACE

The District Attorney (Lawrence Krasner) conspired with Assistant District Attorney (Tracy Tripp) and other parties to deprive Derrick Jacobs of his Constitution Rights by maliciously prosecuting him for a crime they knew he did not commit.

On Thursday, June 8, 2017 I, Detective Derrick Jacobs, was involved in an investigation involving a police shooting in the area of Whitaker and Hunting Park Avenue, involving Police Officer Ryan Pownall.

Detective Derrick Jacobs, became an integral part of the investigation due to involvement in interviewing the majority of "fact" witnesses with integrity and honesty, which did not conform to the District Attorney's Office political agenda. This caused the District Attorney's Office to surgically remove me from the investigation of Police Officer Ryan Pownall.

The defendants persecuted Derrick Jacobs (complainant) in an effort to stop, deter and eliminate him from exposing exculpatory evidence in the prosecution of Police Officer Ryan Pownall.

After reviewing the grand jury presentment of Police Officer Ryan Pownall, Jacobs deduced, based upon twenty years of experience and the factual knowledge he possessed on the investigation, that only false, misleading or perjured testimony was presented to the grand jury in order to obtain an indictment against Police Officer Ryan Pownall. When Jacobs attempted to expose this corruption, criminal proceedings was initiated against Derrick Jacobs by Assistant District Attorney, Tracy Tripp and the Philadelphia District Attorney's Office.

On Thursday, August 2, 2018, Assistant District Attorney Tracy Tripp contacted Detective Jacobs by telephone (OISI Headquarters) to go over his potential grand jury testimony. During conversation Detective Jacobs relayed his concerns regarding the prosecution of Police Officer Ryan Pownall. Detective Jacobs also informed Assistant District Attorney, Tracy Tripp that Attorney General Christopher Phillips told Detective Jacobs no charges would be brought against Officer Pownall after their meeting with witness, Terrance Freeman on Friday, November 3, 2017. Detective Jacobs asked if Terrance Freeman had testified and Assistant District Attorney, Tracy Tripp responded, "you know I can't tell you that". Detective Jacobs asked Assistant District Attorney, Tracy Tripp to contact Attorney General Christopher Phillips and the investigator that was present during meeting with Terrance Freeman(*This matter could have concluded here but the DA and Tripp had other ideas*). Assistant District Attorney, Tracy Tripp never involved Detective Derrick Jacobs in the investigation after this phone call other than to maliciously prosecute him and deprive him of his Constitutional Rights while acting under the color of law. After this phone call Tripp knew Jacobs was not on the same page and would not go along criminal narrative and at this point began to developed a plan to keep him silent, starting with the withholding of Jacobs' exculpatory grand jury testimony and ending with another criminal abuse of the court by initiating a criminal proceedings against Jacobs, which she knew was false, violating Jacobs' First Amendment (retaliation) and Fourth Amendment (seizure of freedom of speech) Constitutional Rights. From November 9, 2018 through August 1, 2019 Assistant District Attorney held the threat of arrest over Derrick Jacobs head unless he remained

silent in the prosecution of Police Officer Ryan Pownall.

On September 4, 2018 District Attorney Krasner and Assistant District Attorney Tripp held a news conference to announce criminal charges against Police Officer Ryan Pownall for murder as a result of grand jury.

On September 27, 2018 after a preliminary hearing in the case of Officer Ryan Pownall, Assistant District Attorney, Tracy Tripp contacted the Commanding Officer (Lieutenant Jason Hendershot) of the Officer Involved Shooting Investigation (OISI) Unit and informed him that she would be investigating the members of the unit for leaking grand jury information based upon a comment made by Ryan Pownall's defense attorney. Tripp wanted to know what Detective was present during the Pownall preliminary hearing. Lieutenant Hendershot contacted Detective Jacobs and informed him of the conversation with Tripp. Detective Jacobs informed Lieutenant Hendershot there would not be a need for any investigation, he was the Detective present at the hearing (Jacobs in court homicide trial) and he can inform Tripp of that.

On November 9, 2018 criminal proceedings were initiated against Derrick Jacobs for leaking grand jury information. While acting as an Assistant District Attorney for the City of Philadelphia and at the direction of Lawrence Krasner, Tracy Tripp intentionally presented false and perjured testimony to the court to deprive Derrick Jacobs of his 4th Amendment Constitutional Rights while acting under the color of law as an Assistant District Attorney for the City and County of Philadelphia. Assistant District Attorney, Tracy Tripp, violated Derrick Jacobs 1st Amendment Constitutional Rights by retaliating against him with a malicious prosecution and threat of arrest because Jacobs was attempting to expose criminality and corruption on behalf of Assistant District Attorney, Tracy Tripp and the District Attorney's Office headed by Lawrence Krasner.

**Malicious Prosecution:**

1. Assistant District Attorney, Tracy Tripp (defendant) initiated criminal contempt of court proceedings against Derrick Jacobs for leaking grand jury information. ADA Tripp knew Derrick Jacobs was not a witness in the grand jury and did not possess any information regarding the grand jury to leak. There was not one iota of probable cause to initiate or continue this farce.
2. The defendant informed Jacobs' Commanding Officer that she was withdrawing prosecution against Jacobs' because the transcripts for the case were lost (blatant lie to cover up the initiation of criminal proceedings against Jacobs without **any** probable cause. **How can you proceed with the prosecution of Officer Pownall if the transcripts to the case were lost? Blatant lie to cover up corruption**). The defendant also informed the Commanding Officer that she was involved in several ex parte conversations with Judge Robert Coleman regarding Jacobs without Jacobs or Jacobs' attorney being present during the criminal proceedings (another lie). Tripp also informed Jacobs Commanding Officer that Judge Robert Coleman would conduct a "fake admonishment" of Jacobs for "show" to scare him. Jacobs was never informed of these alleged conversations. There is not **one** document or any other piece of evidence to support the charges that were brought against Jacobs.

3. Assistant District Attorney Tracy Tripp did not initiate the criminal charges for the desired outcome of contempt of court; the charges were brought to ensure Derrick Jacobs silence in the prosecution of Police Officer Ryan Pownall and Jacobs' knowledge of falsified, misleading or perjured evidence. Jacobs was attempting to expose corruption and misconduct by the District Attorney's Office and Assistant District Attorney, Tracy Tripp. The prosecution was initiated in retaliation for Jacobs' attempting to expose corruption and to ensure his silence.

4. These are clear violations of Jacobs' First Amendment (retaliation), Fourth Amendment (seizure) and Fourteenth Amendment (due process) Constitutional Rights.

**To be 100 percent clear. Jacobs had zero knowledge of information as it related to the grand jury. Jacobs had zero information on grand jury witnesses. Jacobs had zero information on testimony. Jacobs was never presented as a witness during the grand jury proceedings (other than being sworn in). Assistant District Attorney, Tracy Tripp knew Jacobs possessed zero information regarding HER grand jury but violated his Constitutional Rights by initiating a criminal prosecution against Jacobs without merit only retaliation once she learned Jacobs was attempting to exposed the District Attorney's Office corruption and prosecutorial misconduct. The only reason the charges were initiated was to ensure Jacobs silence and defame his reputation and integrity. Tripp never had evidence for a mere encounter of Jacobs, definitely no probable cause existed.**

*Malicious Prosecution Prongs: 1) Assistant District Attorney, Tracy Tripp (defendant) initiated a criminal proceeding against the Derrick Jacobs (plaintiff). 2) There was zero probable cause to initiate the proceeding. 3)The proceeding was withdrawn and ended in Derrick Jacobs favor because there was no crime to begin with. 4) Assistant District Attorney, Tracy Tripp acted malicious only to silence Derrick Jacobs and prevent the plaintiff from exposing corruption. Tripp knew that Jacobs had zero information regarding the grand jury that Tripp controlled and initiated criminal proceedings anyway. 5) Assistant District Attorney, Tracy Tripp significantly deprived Derrick Jacobs of his Constitutional liberties.*

Ask a question. If the indictment of Officer Pownall was based upon current law passed by the State Legislature, why is the District Attorney's Office now trying to have the law retroactively changed? In all of my geometry classes square pegs never fit into round holes. No matter how you tried to force it.

The Philadelphia District Attorney's Office conspired with members of Black Lives Matter to intimidate and/or influence witness, Terrance Freeman's testimony. The prosecution of Detective Jacobs was also initiated because he is the only African American in the Officer Involved Shooting Investigation (OISI) Unit and his race presented a problem in the prosecution of Officer Ryan Pownall (race, not merit based prosecution).

The criminal prosecution against Derrick Jacobs was withdrawn after Assistant District Attorney, Tracy Tripp, believed Jacobs silence was ensured until after the trial of Police Officer Ryan Pownall. Assistant District Attorney, Tracy Tripp, stated to Jacobs' Commanding Officer that Judge Robert Coleman would conduct a "fake admonishment" of Jacobs to scare him from speaking until after the trial of Police Officer Ryan Pownall.

When Jacobs went public with the information contained in his federal lawsuit and attempted to publicly expose the corruption, The District Attorney's Office has now conspired with high ranking members of the Philadelphia Police Department to silence Jacobs. On January 27, 2020 disciplinary charges up to termination of employment has been initiated against Jacobs by high ranking members of the Philadelphia Police Department (Commissioner Christine Coulter, Deputy Commissioner Dennis Wilson and Inspector DF Pace) for exposing the criminal corruption of the District Attorney's Office. These acts are also punishable under Title 18.

The Philadelphia Police Department and the District Attorney's Office are trying to remove Detective Derrick Jacobs from the Officer Involved Shooting Investigation Unit so that he will not be in a position to observe and report future nefarious acts.

I have attempted to report this activity to Philadelphia Police Department and Commissioner Christine Coulter (now Deputy Police Commissioner); I have spoken with Deputy Police Commissioner Dennis Wilson and personally informed him of the conduct. He informed me there is nothing he could do about the District Attorney's Office victimization of me.

These parties have now conspired with the District Attorney's Office and have brought disciplinary charges against me for Conduct Unbecoming an Officer for exposing the corruption of the District Attorney's Office. I am now being threatened with termination. The following documents will show that as soon as I exercised my Rights of speech that were seized, I was retaliated against by the District Attorney's Office with the assistance of high ranking members of the Philadelphia Police Department *(The very same high ranking Philadelphia Police Department Officials who informed me there was nothing they could do about the District Attorney's Office victimizing me.* 1st Amendment retaliation for attempting to be a "Whistleblower". I had nothing to gain and everything to lose by coming forward. I did what was right. I am now being punished and ostracize by political and departmental operatives claiming to be advocates of the citizens of Philadelphia.

Injunctive relief is needed to stop this criminal conduct until the matter is heard and adjudicated.

This corrupt and criminal prosecution of Derrick Jacobs has caused irreparable damage to his Law Enforcement and personal reputation.

Let's talk about grand jury leaks. On September 4, 2018 Officer Pownall was indicted. How did Asa Khalif know on September 1, 2018 of the imminent indictment? Who was in Krasner's and Tripp's inner circle that possessed that information?



**District Attorney Larry Krasner flanked by members of Black Lives Matter, including Asa Khalif (wearing eyeglasses).**



Date:   March 3, 2020

Derrick Jacobs, pro se
Plaintiff

2020 MAR -2 P 5:15
USDC-EDPA
CLERK

## CERTIFICATE OF SERVICE

I, Derrick Jacobs, Plaintiff in the within action, hereby certify that a true and correct copy
   of Plaintiff's Response Opposing Defendants' Motion Pursuant to Fed.R.Civ.P.
   12(b)(6) was sent upon the following on the date shown below:

Khia Ghee, Esquire
Assistant City Solicitor
City of Philadelphia Law Dept
1515 Arch Street, 16th Floor
Philadelphia, PA 19102


Date:  March 3, 2020

                                       _____
                                     Derrick Jacobs, pro se
                                     Plaintiff

2020 MAR -2 P 5: 15

USDC-EDPA
   CLERK

To: Police Commissioner Christine Coulter

From: Detective Derrick Jacobs #9116, P/R 223879

Subject: Retaliation for being a Whistleblower

Date: October 4, 2019

On Thursday, June 8, 2017 I, Detective Derrick Jacobs, was involved in an investigation involving a police shooting in the area of Whitaker and Hunting Park Avenue, involving Police Officer Ryan Pownall.

I, Detective Derrick Jacobs, became an integral part of the investigation due my involvement in interviewing the majority of "fact" witnesses with integrity and honesty, which did not conform to the District Attorney's Office political agenda. This caused the District Attorney's Office to surgically remove me from the prosecution of Police Officer Ryan Pownall.

During investigation, I, Detective Derrick Jacobs observed acts of prosecutorial misconduct on behalf of District Attorney (DA), Lawrence Krasner and Assistant District Attorney (ADA), Tracy Tripp.

When I, Detective Derrick Jacobs, attempted to report the actions of misconduct on the part of the Philadelphia District Attorney's Office my Constitutional Rights was violated on and I was threatened with arrest and incarceration by Assistant District Attorney, Tracy Tripp, unless I, Detective Derrick Jacobs remained silent until after the trial of Police Officer Ryan Pownall.

On Friday, November 9, 2018 I, Detective Jacobs in the presence of Attorney Greg Pagano and court stenographer was informed that I had 5th Amendment issues for leaking grand jury information. With all parties involved knowing this to be a complete lie. I was punished and retaliated against for attempting to be a "Whistleblower" and report Prosecutorial Misconduct and Political Corruption on the part of the Philadelphia District Attorney's Office. Furthermore, I had "zero" information regarding grand jury testimony.

Also on January 13, 2018, I was the assigned investigator involving an Aggravated Assault on Police Officer Timothy Stephan. The District Attorney's Office did not "clear" Officer Stephan and Officer Jason Reid intentionally, causing a male who attempted to kill Police Officers case to be dismissed on February 11, 2019 (CP-51-CR-0003499). Although there was overwhelming evidence against the defendant the case was "Nolle Prossed" by the Commonwealth, citing Prosecutorial Discretion. (2) Officers not cleared to testify.

These actions continue to this very day and in effect ended my (Detective Derrick Jacobs) Law Enforcement career on Friday, November 9, 2018.

I, Detective Derrick Jacobs, possess items of evidentiary value to support above listed statements.

I would like a criminal investigation into above listed matters.

I would like all protections provided to me under all "Whistleblower" statutes.

I would also like a copy of this document forwarded to United States Attorney William McSwain and Pennsylvania Attorney General Josh Shapiro for potential Federal and State violations of criminal law.

Thank you for your prompt and urgent attention into this matter,

Detective Derrick Jacobs #9116, P/R 223879

Christine.Coulter@phila.gov



**Christine Coulter**

Mon 10/7/2019 9:04 AM

Derrick Jacobs ⌄

Received Sir

***Christine M. Coulter***

Police Commissioner

Philadelphia Police Department

750 Race Street - Room 314

Philadelphia, PA 19106

Office - 215-686-3367

Fax - 215-625-0612

2020 MAR -2  P 5: 15

USDC-EDPA
CLERK

*The attached Philadelphia Police Department policies and/or information and/or*
*information. Please note that e-mail is not necessarily confidential or secu*
*unauthorized use, disclosure, copying, distribution, or the taking of any act*

To: Police Commissioner Christine Coulter

From: Detective Derrick Jacobs #9116, P/R 223879

Subject: Retaliation for being a Whistleblower and Deprivation of Rights under the Color of Law

Date: November 8, 2019


Commissioner Coulter, I have an urgent matter that I need to discuss with you. I have been deprived of my Constitutional Rights under 18 USC § 242, as a result of my duties as a Philadelphia Police Detective. I request a meeting with you at your earliest convenience to address these concerns.



Thank you for your prompt and urgent attention into this matter,

Detective Derrick Jacobs #9116, P/R 223879

2020 MAR -2  P 5: 15

USDC-EDPA

*MEMORANDUM*

POLICE
**CITY OF PHILADELPHIA**

**DATE** 11/18/2019

TO : Police Commissioner, Christine Coulter

FROM : Detective Derrick Jacobs #9116

SUBJECT : <u>**URGENT MATTER REGARDING DETECTIVE DERRICK JACOBS #9116**</u>

1. On October 4, 2019, I sent a direct and discreet email to you regarding an "Urgent Matter". Other than a response "Received Sir", to date I have not received any correspondence regarding the urgent matter.

2. The matter in question are what I believe to be criminal acts that were committed against me by the Philadelphia District Attorney's Office and Assistant District Attorney (ADA), Tracy Tripp as a result of my performance and duties as a Philadelphia Police Detective. ADA Tripp deprived me of my Constitutional Rights and intentionally inflicted emotional distress on me and my family while acting in her capacity as an Assistant District Attorney.

3. I would like a meeting at your earliest convenience to discuss these "urgent matters".

4. Your consideration is greatly appreciated.

**Disapproved**

NOV 19 2019

**Chief Inspector
Detective Bureau**

Detective Derrick Jacobs #9116
OISI Unit

#9116

*Reviewed by
Lt. Hendershot #148
OISI Unit*

**DISAPPROVED**
Deputy Commissioner

NOV 21 2019

T.W.

Special Operations

The PPD is not the proper Authority to investigate victimization by the DA's Office. Refer this Complaint to the Attorney General's Office.

2020 MAR -2 P 5:15
USDC-EDPA
CLERK

RESPONSE TO THIS MEMORANDUM MAY BE MADE HEREON IN LONGHAND

To: Deputy Police Commissioner Dennis Wilson

From: Detective Derrick Jacobs #9116

Subject: Search Warrant Podcast regarding criminal activity by the Philadelphia District
Attorney's Office

Date: January 27, 2020


On November 26, 2019 you summoned me to your office to inform me you were declining my
request to speak with Commissioner Christine Coulter regarding criminal activity by the
Philadelphia District Attorney's Office and my request for a criminal referral to the United States
Attorney regarding this matter. The reason you stated for the declination is to limit you and the
Commissioner's involvement and exposure in the civil matter and not wanting to be a witness in
the matter. Whether or not if I agreed, I respected you being straightforward and indicated that to
you.

During this conversation I informed you of ALL my intentions of not stopping until JUSTICE
was served upon ADA Tripp. You acknowledge the activity and asked if I would first present the
case to the Pennsylvania Attorney General's Office. I responded this would be a conflict because
of my mentioning of Attorney General Christopher Phillips in my civil matter. You asked if I
would at least try first and if I was not successful, I could move forward with seeking assistance
from the US Attorney.

On November 27, 2019, I reached out to the Attorney General's Office, who acknowledged the
conflict.

On Monday, December 2, 2019, I began reaching out to you, to inform you of my intentions of
filing a criminal complaint against Assistant District Attorney Tracy Tripp. I wanted you to
know so there would be no surprises, respecting our conversation in your office. To date my
goodwill and intentions has fallen on deaf ears. The gentlemen's agreement I believed we shared
has been permanently and irrevocably violated.

For the record and clarity here's how we arrived here. On October 4, 2019, I sent Commissioner
Christine Coulter a memorandum indicating the criminal activity by the Philadelphia District
Attorney's Office against me, as a result of my duties as a Philadelphia Police Detective.
Commissioner Coulter, for whatever reason, did not respond. On October 6, 2019, I resent the
memorandum indicating it was an "Urgent Matter". Commissioner Coulter responded on
October 7, 2019, through email, "Received Sir". After not receiving any communication from
the Commissioner since that fly swatter of a response, on November 18, 2019, I sent a
memorandum "up the chain" which caused the meeting with you on November 26, 2019.

Now that we got that out of the way, here we go.

After you and the Commissioner violated your oath to protect the citizens of the City with Honor, Integrity and Service (for the record I am a citizen of this City). I sought assistance from other parties to combat the criminal enterprise, which is the Philadelphia District Attorney's Office in its current composition.

I brought to your attention in great detail the corruption and criminality of the Philadelphia District Attorney's Office. In your office, you chose to ignore it by stating "there is nothing you can do about how the District Attorney's Office operates". I responded when they make an accusation against a Police Officer, we are taken off the street and investigated almost immediately.

Let me ask a question or two. What measures have you taken to investigate my allegations? Documentation of these measures would be preferred. Have you or the Commissioner asked District Attorney Larry Krasner about these allegations? Have you or the Commissioner had any discussions with him about this matter? Have you asked him if Assistant District Attorney, Tracy Tripp was acting on his behalf or if she is a rogue Assistant District Attorney? Have you attempted to locate the "lost transcripts"? While we're on the subject have you or the Commissioner asked Larry Krasner why he was involved with Maurice Hill, during his attempt to kill multiple Police Officers and as a "fact witness", why he is not cooperating with the investigators or in the investigation by providing an interview regarding this contact with Mr. Hill during the standoff. Like our conversation in your office, you want protection. Self preservation is your motto. You don't want to upset the people that hold your fate in their hands. When I chose to protect me and my family, you attack what you believe is easy prey. Hypocrisy is an ugly word.

On Saturday, January 18, 2020, I continued to protect my family. I asked the Philadelphia Police Department, including you and Commissioner Coulter to help me, prior to this date. You both declined.

On January 18, 2020, I participated in a podcast. As a result of the podcast, on January 22, 2020, you directed my Commanding Officer to take disciplinary action against me (easy prey). This is an assault on my Constitutional Rights (1st Amendment) and a retaliatory act against me as a result of my Federal lawsuit. The information that I provided during the podcast was the same information that I provided to you in your office (all the same). Now you want to discipline me in order to protect YOUR interest. I will seek all remedies to protect me and my family from the virus that seems to have spread from the Philadelphia District Attorney's Office to the Philadelphia Police Department.

Whether you were ordered to take disciplinary action against me by a superior, Krasner, Tripp or acted alone (you will be afforded the opportunity to state your reason), they are one in the same. I reported criminal activity to YOU. YOU threatened disciplinary action against ME. You ORDERED my Commanding Officer that I can no longer report the criminal activity committed against me by the District Attorney's Office without YOUR permission. Consider this my request. If you decline this request, can you please justify your reason to me, in writing?

By attempting to silence me, in my opinion, you are complicit in the alleged criminal activity. You had an easy choice to make and I would have accepted your conversation. It's an easy statement. I have an investigator who stated he was maliciously prosecuted as a result of his participation in the Pownall investigation. Would you consider taking a look at this to see if there are any merits to his claim? No, you chose door #2, Jacobs shut up or you will be disciplined (wrong door, you chose the goat eating grass).

EVERY action you have taken in this matter has been against me and my family. You have denied me the opportunity to state my case to the Commissioner. You have refused to forward this matter to the US Attorney for their review. Now, since you have refused to make the TOUGH choices that come with your position, you chose to threaten my employment, my family and me (easy prey) with discipline. You are just as complicit as Krasner and Tripp. Threatening me for doing NOTHING wrong, while insulating yourself behind the curtain like Oz.

I came to you and the Commissioner for help and assistance. You chose to threaten me and my employment. You should get TOUGH on CRIMINALS not sworn Law Enforcement Officers who are doing their job to Protect the Department and Community you should to be representing. You should investigate the complaint and not threaten the victim initiating the complaint.

In closing, I would like to borrow a quote. Received Sir.

Respectfully submitted,

Detective Derrick Jacobs #9116

2020 MAR -2  P 5: 15
USDC-EDPA
CLERK

# MEMORANDUM

POLICE
CITY OF PHILADELPHIA
DATE: 1-27-2020

TO:     Detective Derrick Jacobs #9116, OISI Unit

FROM:    Lieutenant Jason Hendershot #148, OISI Unit

SUBJECT:  **NOTICE OF INTERVIEW**

1. Detective Jacobs #9116, I am going to interview you on Thursday, January 30th 2020, at the OISI Unit, regarding a Podcast, Titled: Search warrant, Episode: Clear and present danger.

2. Please contact the Fraternal Order of Police if you desire representation.

Jason Hendershot
Lieutenant     #148
Internal Affairs Division

2020 MAR -2  P 5: 15
USDC-EDPA
CLERK

**STATEMENT OF:**   Detective Derrick Jacobs #9116, PR #223891
OISI Unit
Appointment date: 1-22-1996
Assignment date: 6-05-2017

**DATE AND TIME:**   Thursday, January 30th 2020 at 12:30 PM

**PLACE:**  Officer-Involved Shooting Investigation Unit, 2301 South 24th Street

**CONCERNING:** A Podcast named "Search Warrant" Episode: Clear and Present Danger

**IN PRESENCE OF:** Scott Bradley, FOP Rep.

**INTERVIEWED BY:** Lieutenant Jason Hendershot #148, OISI Unit

**RECORDED BY:**   Same

Q. Are you represented by an attorney or the FOP?
A. Yes.

Q. Did you have at least 72 hours notice of this interview so that you had the opportunity
to contact an FOP representative or attorney?
A. Yes.

Q. Do you wish to be represented at this time?
A. My FOP rep, Scott Bradley is present.

You are reminded that failure to cooperate in a departmental administrative investigation
is punishable by 10 days suspension to dismissal under article 1-008-10 of the
Disciplinary Code

You are also reminded that lying or attempting to deceive regarding a material fact during
the course of any Departmental investigation is punishable by dismissal under Article 1-
009-10 of the Disciplinary Code.

Q. Do you understand this?
A. Yes.

Q. Are you willing to cooperate?
A. Yes.

Detective Jacobs, I am Lieutenant Hendershot #148, and I will be taking your statement
directly onto the computer. I am interviewing you concerning an Administrative Internal
Investigation in reference to the Podcast, referenced above.



1

Q. Please state your rank, full name, badge, payroll, and assignment?
A. My name is Detective Derrick Jacobs #9116, PR#223879, and I am assigned to the OISI Unit.

Q. Detective Jacobs, did you participate in the above referenced Podcast?
A. Yes.

Q. What was the date when the Podcast was taped?
A. January 18th 2020.

Q. Were you on duty at the time?
A. No.

Q. Were you physically present in a studio or other facility during your participation in the Podcast?
A. No.

Q. How did you communicate with the individuals' conducting the taped Podcast?
A. By phone.

Q. Who are the individuals that participated in the Podcast that interviewed you?
A. I don't remember off the top of my head.

Q. Did you contact them or any other media outlet, in order to solicit this interview?
A. I was contacted as a result of me being a Whistle Blower into corruption of the Philadelphia District Attorney's Office, specifically Larry Krasner and Tracy Tripp. Also of my filing of a Federal Lawsuit against them.

Q. Did you obtain approval from the Police Commissioner or her designee to participate in this Podcast?
A. No, not for a Podcast; however, I received permission from Deputy Commissioner Wilson during a conversation I had with him in his office on November 26 2019, to go public with my corruption allegations.

Q. During the Podcast, you divulged staffing levels of the OISI Unit. Did you obtain permission from the Police Commissioner or her designee prior to releasing this information?
A. No.

Q. Have you participated in any other Podcasts and or make any other social media posts or comments, regarding this incident or any other incident that you investigated?
A. No.



2

Q.  Do you wish to add anything else to this statement?
A.  Yes, I would like to say that I realize I was compelled to answer these questions during this interview, or I would have been charged with Section 1-008-10 and 1 -009-10 of the disciplinary code.

I would like to reiterate that I am a Whistle Blower into corruption at the Philadelphia District Attorney's Office.  I have informed on several occasions, via personal correspondence, email, and memorandum, which was addressed to PC Coulter, as well as D/C Wilson of these corruption allegations.  To date, they have not, to my knowledge started an investigation into this corruption, but swiftly they have started an investigation against me, the Whistle Blower.

At this time, I would like to ask PC Coulter and D/C Wilson again to refer these allegations to the United States Attorney's Office.


STATEMENT CONCLUDED:  1:00 PM

I HAVE READ THE FOREGOING STATEMENT CONSISTING OF (3) PAGES AND IT IS TRUE AND CORRECT TO THE BEST OF MY KNOWLEDGE.

NAME (print): _DETECTIVE  DERRICK  JACOBS_

SIGNATURE: _____

UNIT: _OISI_

DATE & TIME: _1/30/2020      1:29PM_

WITNESSES: _____

USDC-EDPA
2020 MAR -2 P 5: 16



**MEMORANDUM**

POLICE
CITY OF PHILADELPHIA

DATE 1/30/2020

TO     : Police Commissioner, Christine Coulter

FROM   : Detective Derrick Jacobs #9116

SUBJECT : <u>RELEASE OF INFORMATION TO ALL MEDIA SOURCES REGARDING CORRUPTION</u>

1. I would like permission to release information to the media upon request regarding corruption reported in my Federal Lawsuit.

2. Your consideration in this matter would be greatly appreciated.

Detective Derrick Jacobs #9116
OISI Unit

USDC-EDPA
CLERK

2020 MAR -2 P 5: 16



# CITY OF PHILADELPHIA POLICE DEPARTMENT

## STATEMENT OF CHARGES FILED AND ACTIONS TAKEN

**PBI Number**
20-0206

**Date**
02/10/2020

### TO: POLICE COMMISSIONER

| **Filed Against**<br>DET DERRICK JACOBS #9116 | **Unit Code**<br>6001 | **Unit Name**<br>SPECIALIZED INVESTIGATIONS BUREAU |
|---|---|---|
| **Date of Appointment**<br>01/22/1996 | **Payroll Number**<br>223879 | **DATES OF VACATION, MIL. LEAVE, ETC.**<br>Sept. 4 to Sept. 28 |

*Transfer may be part of the formal disciplinary process*

USDC-EDPA

2020 MAR -2 P 5: 16

## Charges

| | | |
|---|---|---|
| **ARTICLE** | I | CONDUCT UNBECOMING |
| **CHARGE** | 1-§021-10 | ANY INCIDENT, CONDUCT, OR COURSE OF CONDUCT WHICH INDICATES THAT AN EMPLOYEE HAS LITTLE OR NO REGARD FOR HIS/HER RESPONSIBILITY AS A MEMBER OF THE POLICE DEPARTMENT |
| **WITNESS** | | LIEUTENANT JASON HENDERSHOT #148, OISI UNIT |

**Please select a Plea for this Charge\***

◉ I Plead NOT GUILTY and Request a Hearing  ◯ I Plead GUILTY and Waive a Hearing

| | | |
|---|---|---|
| **ARTICLE** | V | NEGLECT OF DUTY |
| **CHARGE** | 5-§011-10 | FAILURE TO COMPLY WITH ANY POLICE COMMISSIONER'S ORDERS, DIRECTIVES, MEMORANDUMS, OR REGULATIONS; OR ANY ORAL OR WRITTEN ORDERS OF SUPERIORS |
| **WITNESS** | | LIEUTENANT JASON HENDERSHOT #148, OISI UNIT |

**Please select a Plea for this Charge\***

◉ I Plead NOT GUILTY and Request a Hearing  ◯ I Plead GUILTY and Waive a Hearing

| | | |
|---|---|---|
| **ARTICLE** | VI | DISOBEDIENCE |
| **CHARGE** | 6-§010-10 | COMMUNICATING OR IMPARTING LOCAL, STATE, OR FEDERAL LAW ENFORCEMENT INFORMATION WITHOUT AUTHORITY OR TO UNAUTHORIZED PERSONS |
| **WITNESS** | | LIEUTENANT JASON HENDERSHOT #148, OISI UNIT |

**Please select a Plea for this Charge\***

◉ I Plead NOT GUILTY and Request a Hearing  ◯ I Plead GUILTY and Waive a Hearing

## Specification

1-§021-10: ANY INCIDENT, CONDUCT, OR COURSE OF CONDUCT WHICH INDICATES THAT AN EMPLOYEE HAS LITTLE OR NO REGARD FOR HIS/HER RESPONSIBILITY AS A MEMBER OF THE POLICE DEPARTMENT  On January 18, 2020, you participated in a podcast entitled: "Search Warrant: Clear and Present Danger"  During this incident, you represented yourself in the podcast as a detective with many years of experience assigned to the Officer Involved Shooting Investigations (OISI) team. You alleged that the District Attorney's Office and Assistant District Attorney have acted criminally in the handling of a case to which you were assigned.  During the incident, you referred to the Office of the Philadelphia District Attorney as a "criminal enterprise", and that the office has committed "many crimes". In referring to District Attorney Larry Krasner, you made the following statement, "As long as you are loyal to the Don, you're OK." You stated that Assistant Attorney Tracy Tripp has committed many criminal acts and that you have "probable cause", including "false Grand Jury presentments".  You further stated that ADA Tracy Tripp represents "a clear and present danger", a characterization which the hosts of the program stated they would use as the name of this episode of their podcast.

As a sworn member of the Philadelphia Police Department, you have a duty to maintain professionalism at all times and be aware of and in compliance with Departmental policies and procedures relative to your participation in social media broadcasts. You used your position to cast aspersions upon the Office of the District Attorney, making explicit statements that the Office does not act impartially and according to the law. You made these statements categorically but without evidence in support of your perceptions, experiences, and opinions. You stated you could prove your assertions but, by using this podcast as your outlet, did not pursue the proper channels to address any grievances or allegations of misconduct you may have against the District Attorney's Office. Your public statements compromise the Police Department's ability to collaborate with the District Attorney's Office in the administration of law enforcement and consequently impede the Police Department's core mission (Directive 1.0). You demonstrated through this incident that you have little or no regard for your responsibility as a member of the Police department.

5-§011-10: FAILURE TO COMPLY WITH ANY POLICE COMMISSIONER'S ORDERS, DIRECTIVES, MEMORANDUMS, OR REGULATIONS; OR ANY ORAL OR WRITTEN ORDERS OF SUPERIORS:  You failed to comply with Philadelphia Police Department Directives through your participation in the podcast: "Search Warrant: Clear and Present Danger" on January 18, 2020 (PPD Dir. 4.16 Sections 3B4, 3F, 3H, and 313 and PPD Dir. 6.10, Sections 4G, 5B2a, 5B2c, 5C2a, 5C2b, and 5C2d)

6-§010-10: COMMUNICATING OR IMPARTING LOCAL, STATE, OR FEDERAL LAW ENFORCEMENT INFORMATION WITHOUT AUTHORITY OR TO UNAUTHORIZED PERSONS:  Throughout the aforementioned podcast, you transmitted and divulged law enforcement information without authority and to unauthorized persons including staffing levels and other confidential internal information. Throughout the podcast, you referenced that the information you were sharing was based on your direct involvement in, and knowledge of, an ongoing investigation in the discharge your official duties.

| APPROVED BY C/O CHARGING UNIT | PRESENTED BY DISTRICT/UNIT COMMANDER |
|---|---|
| INSPECTOR D F PACE - 02/11/2020 01:07:09 PM | Jason Hendershot - 02/11/2020 12:55:46 PM |

RECEIVED BY (Signature of Accused)
Derrick.Jacobs - 02/11/2020 01:00:10 PM

# RECEIPT OF CHARGES AND ACKNOWLEDGMENT OF RIGHT TO COUNSEL



BY SIGNING THIS FORM, I HEREBY ACKNOWLEDGE THAT I HAVE RECEIVED A COPY OF THE CHARGES AGAINST ME, THE SAME TO BE HEARD BY THE POLICE BOARD OF INQUIRY. I FURTHER ACKNOWLEDGE THAT I HAVE BEEN ADVISED OF MY RIGHT TO HAVE COUNSEL OF MY OWN CHOOSING PRESENT AT THE TIME OF THE HEARING AND THAT IN THE EVENT I DO NOT HAVE SUCH COUNSEL PRESENT WITH ME AT THE TIME OF THE HEARING, SUCH FAILURE TO HAVE COUNSEL WILL NOT BE GROUNDS FOR CONTINUANCE. I ALSO ACKNOWLEDGE THAT FAILURE TO HAVE COUNSEL WILL BE DEEMED A WAIVER OF MY RIGHT TO COUNSEL'S PRESENCE AT THE TIME OF THE POLICE BOARD OF INQUIRY HEARING.

Derrick.Jacobs – 02/11/2020 01:01:55 PM          Jason Hendershot 02/11/2020 12:50:09 PM

**Employee Signature & Date**                          **Presented By**

# AGREEMENT

PBI #

---

**CO Agreement Declined by Unit Commanding Officer**

The undersigned hereby agrees to the following as a full and complete resolution of the matter involving the discipline of:

| RANK | NAME | BADGE | UNIT |
|------|------|-------|------|
| DET | DERRICK JACOBS | 9116 | 6001 |

## Charges

| CHARGE | TYPE |
|--------|------|
| 5-§011-10 | REPRIMAND |

1 DET DERRICK JACOBS will plead guilty plead guilty to violation of Philadelphia Police Disciplinary Code, Section(s):5-§011-10

2 DET DERRICK JACOBS will serve the following suspension and/or reprimand:

3 In consideration of the Department's acceptance of DET DERRICK JACOBS's guilty plea, DET DERRICK JACOBS agrees to waive all claims, lawsuits, actions, or grievances that may exist against the Department stemming from the events related to this Agreement and also agrees not to file any claims, lawsuits, actions, or grievances that may exist against the Department stemming from the events related to this Agreement. This disposition is not subject to Command disapproval or adjustment.

4 The parties execute this Agreement only as a resolution of this matter, and it is not intended to bind or prejudice the parties in any matter, or create a precedent for any other matter between the parties.

Jason Hendershot                          02/11/2020 12:56:23 PM

**Philadelphia Police Department**          **Date**
**Representative**

Declined By DERRICK.JACOBS                 02/11/2020 01:01:38 PM

**Officer's Signature**                      **Date**

Feb 11 2020 02:44pm

Sender:GUEST
TTI1:                    TTI Number:

| Destination | Type | Mode | Start Time | Time | Page Note | Result | Details |
|---|---|---|---|---|---|---|---|
| 92156295736 | FAX | Fine | 02/11 02:40pm | 03'56" | 5 | * O K | |

# CITY OF PHILADELPHIA POLICE DEPARTMENT



## STATEMENT OF CHARGES FILED AND ACTIONS TAKEN

**PBI Number**
20-0206

**Date**
02/10/2020

### TO: POLICE COMMISSIONER

| **Filed Against** | **Unit Code** | **Unit Name** |
|---|---|---|
| DET DERRICK JACOBS #9116 | 6001 | SPECIALIZED INVESTIGATIONS BUREAU |

| **Date of Appointment** | **Payroll Number** | **DATES OF VACATION, MIL. LEAVE, ETC.** |
|---|---|---|
| 01/22/1996 | 223879 | Sept. 4 to Sept. 28 |

*Transfer may be part of the formal disciplinary process*

# MEMORANDUM

**POLICE**
**CITY OF PHILADELPHIA**

**DATE: 2/11/20**

TO       :  Commanding Officer, Officer Involved Shooting Investigation Unit

FROM   :  Sgt. Joseph Farrell #279, Officer Involved Shooting Investigation Unit

SUBJECT :  **EVALUATION OF DETECTIVE DERRICK JACOBS #9116**

1.  While under my supervision, Detective Jacobs has performed all his investigations in a professional manner. Det. Jacobs arrives for work on time and is very dependable. Det. Jacobs has a great working relationship with all his fellow Detectives. Det. Jacobs has been an asset to the Officer Involved Shooting Investigation Unit.

2.  Listed below is Detective Jacobs's time accrued:

   1624/Sick       511/Vacation       937/Holiday

Joseph Farrell
Sergeant                                                  279
O.I.S.I. Unit

82-S-1   (Rev. 3/59)        RESPONSE  TO  THIS  MEMORANDUM  MAY BE  MADE  HEREON  IN  LONGHAND

On 11-19-2019, at approximately 10:00 AM, I met with ADA Tracy Tripp, regarding an OIS.

I was the first to arrive and saw Tracy Tripp in the hallway of the 18th floor.  We walked to her officer and were waiting the arrival of a Detective from OISI and ADA Vini Corrigan.

While waiting for the detective and Corrigan, I officially asked Tripp for the clearance memo and/or for the Notes of Testimony, regarding Det. Jacobs.  That matter was in reference to Tripp accusing Det. Jacobs of leaking Grand Jury material, regarding PS#17-17.  Tripp and I have had several conversations about the clearance memo and the possibility of her just providing me with the Notes of Testimony from when she withdrew her prosecution of Det. Jacobs, months ago.  Note: I have never received a clearance memo or the Notes of Testimony from her, regarding Det. Jacobs.  At this point, during our conversation, she mentioned that the DAO really doesn't bring "Contempt" charges, the GJ judge would and that he (GJ Judge) would be the only one who could provide a clearance memo.  I then asked her again for the Notes of Testimony, from when she "officially" withdrew prosecution of contempt charges against Det. Jacobs.  Tripp acknowledged my request and at that point, ADA Corrigan and a paralegal (W/M, not sure of his name) entered the room.  Shortly thereafter, the detective arrived and a meeting regarding another OIS incident took place.

Meeting DAO 11-19-19; 10:00AM

Held in on 18th floor inside Tracy Tripp's office

Present prior to my arrival were Tracy Tripp, Vincent Corrigan an unknown white male and Lieutenant Hendershot. Tracy Tripp met me at glass doors by elevators and escorted me to her office. She was drinking from a mug with a nutcracker and on the mug were the words crushing it.

It was my understanding that the meeting would be focused on an email addressed to ADA Corrigan regarding -----CONFIDENTIAL-----. This was the day following the article being posted on Bigtrial.net regarding Detective Jacobs and the prosecution of P/O Ryan Pownell.

After the unknown white male left the office, the door was closed. I was seated with Tracy across from me, Lt. Hendershot to my left and Vini to my right. Tracy Tripp apologized for her office being a mess. (There was a small space in the middle of her desk in front of where she was sitting that was clear of paperwork.) I replied "no worries you've been busy". Tracy began discussing the Pownell case mentioning that Perry (Fred Perry; Pownell's attorney) hired an expert and that she would be entitled to see Pownell's IAB interview.

She then mentioned the article on Bigtrial.Net and asking if we had seen the article. I along with Lt. Hendershot acknowledged that we had, although Hendershot and I did not discuss this prior to our meeting.

Vini chimed in that "Jacobs cleared him" (meaning clearing Pownell of wrong doing in reference to his actions at Whitaker and Hunting Park 6/2017).

Also during the conversation, Lieutenant Hendershot mentioned getting Sergeant Farrell and maybe another detective sworn to the Grand Jury because he may be out of town at a given point and there is only one other supervisor in the unit and that I might need another detective to help with finding witnesses or other work. Tripp said that Sergeant Farrell "probably hates the office, because his wife was fired." (Dawn Farrell was an ADA on the 18th floor and was let go just after Larry Krasner took office). Lieutenant Hendershot explained the search warrant process and that Sergeant Farrell handles that paperwork. Tracy stated that "you can always come over here and get search warrants from us". She further stated that "you know my hesitation to swearing in other people and going forward it's going to be on an as-needed basis". "I know Sierra (Detective William Sierra) talked, and we were this close {pinching index and thumb} to proving that Jacobs (Detective Derek Jacobs) talked" just look at BigTrial. Lieutenant Hendershot stated "I understand your concern". Toward the end of the meeting Lieutenant Hendershot said "there needs to be an open line of communication going forward". Vini mentioned stopping by his office before I left to view ---CONFIDENTIAL---. I along with Lieutenant Hendershot stopped by his office and he showed an email ----CONFIDENTIAL-----, I exited the building.

11:15 

5G<sub>E</sub> 57%

**‹ Lt. Hendershot**
5:20 PM, Jan 30     ⋮

I am in need of either a Declination Memorandum from the DAO, in reference to the investigation of Detective Jacobs or the Notes of Testimony from when you withdrew prosecution, in front of Judge Coleman.

I know we've talked about this before and you offered to provide the "Notes of Testimony".

In November of 2019, I officially asked you for the Notes of Testimony again.

To date, I have not received anything from the DAO, regarding this.

The Police Department needs something that officially indicates that Detective Jacobs is no longer under criminal investigation and or does not face future criminal charges in reference to this matter, as we historically always have from the DAO.

If this is not possible, I would respectfully request to interview you and Judge Coleman, so there would be some type of official documentation that charges were withdrawn from Detective Jacobs.



Copy text        Share

|||     ◯     ‹

Lt. can you contact Tracy Tripp and have her submit the declination memo she promised you, declining Contempt of Court charges against me. I need it for my lawsuit.

Read
8:19 AM

Spoke to her about the memo yesterday.

See me when you get in.

8:21 AM

**MEMORANDUM**

POLICE

**CITY OF PHILADELPHIA**

**DATE** 2/10/2020

**TO**         : Police Commissioner, Danielle Outlaw

**FROM**    : Detective Derrick Jacobs #9116

**SUBJECT** : <u>URGENT MATTER REGARDING DETECTIVE DERRICK JACOBS #9116</u>

1. Commissioner Outlaw congratulations on your appointment.

2. I have attempted to report to former Police Commissioner, Christine Coulter, what I believe to be criminal acts that were committed against me by the Philadelphia District Attorney's Office and Assistant District Attorney (ADA), Tracy Tripp due to my performance and duties as a Philadelphia Police Detective. ADA Tripp deprived me of my Constitutional Rights and intentionally inflicted emotional distress on me and my family while acting in her capacity as an Assistant District Attorney. The only response to date from your predecessor is "Received Sir".

3. I attempted to go public and report the corruption. As a result, Deputy Police Commissioner Dennis Wilson initiated a disciplinary investigation against me in retaliation.

4. I apologize for submitting this on your first day and wish you nothing but success. I did not want you to be misinformed. I would like an opportunity to discuss these issues with you whenever possible.

Detective Derrick Jacobs #9116
OIST Unit

FW: PS 18-01

## Daniel Murawski

**To:** Derrick.Jacobs <Derrick.Jacobs@Phila.gov>; Jason Hendershot <Jason.Hendershot@Phila.gov>; Joseph Farrell <Joseph.Farrell@Phila.gov>

-------- Original message --------
From: "Brian M. Collins" <Brian.M.Collins@Phila.gov>
Date: 12/11/19 4:16 PM (GMT-05:00)
To: Daniel Murawski <Daniel.Murawski@Phila.gov>
Subject: PS 18-01

Good afternoon,

I was reviewing the file for this case and noticed that the officers were transmitting on East band and the 25th District band before, during, and after the incident but I do not see the radio transmission in my file. Do we have a copy of those recordings? I believe that Detective Jacobs had this investigation and Lt Hendershot was with IAD when it happened and took the interviews of the discharging officers so he is screened. If there is someone else I should ask about these recordings, please let me know.

Thank you
Brian

Brian M. Collins

Assistant District Attorney
Special Investigations Unit
Philadelphia District Attorney's Office
Three South Penn Square
Philadelphia, PA 19107

Telephone 215-686-8740



**Asa khalif**
7,864 Tweets

Tweets   Tweets & replies   ·  Media   Likes

♡ 2

**Asa khalif** @AsaKhalif · 9/1/18

Where are the Black Lives Matter activist? We are still here working hard in our community.

**Asa khalif** @AsaKhalif · 9/1/18

According to several of my sources..former Police officer Ryan Pownall who murdered David Jones will turn himself in on Tuesday. It's about time he was arrested.
#Justice4DavidJones
#BlackLivesMatter

**FRANKFORD**

**Warning ! He is considered armed and dangerous.
He has killed and will kill again.
Help Bring Him To Justice For David Jones**

↻ 2       ♡ 2

↻ Asa khalif Retweeted

**WURD Radio** @onwurd · 6/27/18
At 8:05, @MensahDean from the
@PhillyInquirer joins us to discuss