```
        IN THE UNITED STATES DISTRICT COURT
      FOR THE EASTERN DISTRICT OF PENNSYLVANIA
```

| | | |
|---|---|---|
| DERRICK JACOBS | : | CIVIL ACTION |
| v. | : | |
| CITY OF PHILADELPHIA, et al. | : | NO. 19-4616 |

MEMORANDUM

Bartle, J.                                              April 9, 2020

Pro se plaintiff, Philadelphia Police Detective Derrick Jacobs, brings this action against the City of Philadelphia, the Philadelphia District Attorney's Office, District Attorney Lawrence Krasner, and Assistant District Attorney Tracey Tripp (the "defendants"), in which he alleges several violations of 42 U.S.C. § 1983: (1) deprivation of rights; (2) malicious prosecution; (3) defamation; (4) racial discrimination; (5) first amendment retaliation[1]; and (6) conspiracy involving the criminal prosecution of a fellow police officer. Jacobs also sues defendants for a false declaration under 18 U.S.C. § 1623. Finally, he pleads a violation of the Pennsylvania Whistleblower Law under

---

[1] While plaintiff did not specifically allege a First Amendment retaliation claim in his amended complaint, when interpreting pleadings of pro se litigants, courts are willing to apply a relevant legal principle even when the complaint has failed to name it. See Mala v. Crown Bay Marina, Inc., 704 F.3d 239, 244 (3d Cir. 2013).

43 P.S. § 1423 and official oppression under 18 Pa. C.S. § 5301.

Before the court is the motion of the defendants to dismiss the action for failure to state a claim under Rule 12(b)(6) of the Federal Rules of Civil Procedure.

II

The following facts are alleged in the amended complaint and are taken as true for present purposes. Jacobs has been a member of the Philadelphia Police Department since 1996. In June 2017, Jacobs was involved in the investigation of a police shooting that involved Police Officer Ryan Pownall ("Officer Pownall"). As part of the investigation, Jacobs interviewed a majority of the fact witnesses.

On Thursday, August 2, 2018, defendant Tracy Tripp phoned Jacobs to go over his anticipated grand jury testimony. During the conversation, Jacobs expressed concern over the prosecution of Officer Pownall. Jacobs related to Tripp that Pennsylvania "Attorney General" Christopher Phillips had told Jacobs no charges would be brought against Pownall after their meeting with a witness. When Jacobs asked Tripp whether the witness provided grand jury testimony, she responded, "you know I can't tell you that." Jacobs asked Tripp to contact Phillips and an investigator who was also present during the meeting with the witness. Tripp did not further involve Jacobs in the investigation of Officer Pownall after the phone call.

Jacobs reviewed the grand jury presentment against Officer Pownall. According to Jacobs, "based upon twenty years of experience and the actual knowledge he possessed on the investigation . . . only false, misleading or perjured testimony was presented to the grand jury in order to obtain an indictment against Police Officer Ryan Pownall."

Tripp and the Philadelphia District Attorney's Office initiated criminal proceedings against Jacobs on November 9, 2018 when he "attempted to expose this corruption," and "in an effort to stop, deter and eliminate . . . [him] from exposing exculpatory evidence in the prosecution of Police Officer Ryan Pownall." Tripp also stated to a third party that "Judge Coleman would conduct a 'false admonishment' of Detective Jacobs to scare him from speaking until after the trial of Police Officer Ryan Pownall."

Jacobs maintains that he was the only African American officer involved in the Shooting Investigation Unit and "his race presented a problem in the prosecution of Officer Ryan Pownall."

In his brief in response to defendants' motion to dismiss, Jacobs goes far afield to add a plethora of additional "facts." They are not included here because it is not proper for the court to consider these "facts" when ruling on a motion to dismiss. See Grim v. May Grant Assocs., 2019 WL 358520, at

*5 (E.D. Pa. Jan. 29, 2019); Hammond v. City of Philadelphia, 2001 WL 823637, at *2 (E.D. Pa. June 29, 2001).

III

When reviewing a motion to dismiss under Rule 12(b)(6), the court "accept[s] as true all allegations in plaintiff's complaint as well as all reasonable inferences that can be drawn from them, and [the court] construes them in a light most favorable to the non-movant." Tatis v. Allied Interstate, LLC, 882 F.3d 422, 426 (3d Cir. 2018) (quoting Sheridan v. NGK Metals Corp., 609 F.3d 239, 262 n. 27 (3d Cir. 2010)). "To survive a motion to dismiss, a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" Ashcroft v. Iqbal, 556 U.S. 662, 678 (2009) (quoting Bell Atl. Corp. v. Twombly, 550 U.S. 544, 570 (2007)). Although a complaint need not contain detailed factual allegations, a plaintiff's obligation to provide the grounds of his entitlement to relief requires more than labels and conclusions, and a mere formulaic recitation of the elements of a cause of action will not do. Twombly, 550 U.S. at 555. Thus, the factual allegations must be sufficient to raise a plaintiff's right to relief above a speculative level, such that the court may "draw the reasonable inference that the defendant is liable for the

misconduct alleged." Ashcroft v. Iqbal, 556 U.S. 662 (2009) (citing Twombly, 550 U.S. at 556).

We apply less stringent standards to the pleadings of pro se litigants such as Jacobs. Haines v. Kerner, 404 U.S. 519, 521 (1972); Mala v. Crown Bay Marina, Inc., 704 F.3d 239, 244 (3d Cir. 2013). However, as noted above, a court may not look to additional facts alleged in submissions in opposition to a motion to dismiss under Rule 12(b)(6). Grim, 2019 WL 358520 at *5; Hammond, 2001 WL 823637 at *2.

IV

Detective Jacobs alleges several violations of 42 U.S.C. § 1983, which provides:

> Every person who, under color of any statute, ordinance, regulation, custom, or usage, of any State or Territory or the District of Columbia, subjects, or causes to be subjected, any citizen of the United States or other person within the jurisdiction thereof to the deprivation of any rights, privileges, or immunities secured by the Constitution and laws, shall be liable to the party injured in an action at law, suit in equity, or other proper proceeding for redress . . .

42 U.S.C. § 1983.

Jacobs first asserts "Deprivation of Rights under the color of law 42 U.S.C. § 1983." He does not identify here a specific constitutional right of which he was deprived and fails to point to a law, custom, or policy of deliberate indifference

-5-

that caused him to suffer a constitutional violation. See Monell v. Dep't of Soc. Servs. of City of New York, 98 S. Ct. 2018, 2042, (1978). Accordingly, the motion of defendants to dismiss plaintiff's count for "deprivation of rights" will be granted for failure to state a claim.

V

Second, Jacobs seeks relief for malicious prosecution under § 1983. To succeed on such a claim, a claimant must prove:

> (1) the defendants initiated a criminal proceeding; (2) the criminal proceeding ended in plaintiff's favor; (3) the proceeding was initiated without probable cause; (4) the defendants acted maliciously or for a purpose other than bringing the plaintiff to justice; and (5) the plaintiff suffered deprivation of liberty consistent with the concept of seizure as a consequence of a legal proceeding.

Estate of Smith v. Marasco, 318 F.3d 497, 521 (3d Cir. 2003). To survive a motion to dismiss, Jacobs must allege under the fifth prong of the test that he suffered from a deprivation of his liberty consistent with the concept of seizure.

All Jacobs alleges is that a criminal proceeding was "initiated" and that it was later withdrawn. Jacobs does not allege any onerous restriction that would qualify as a Fourth Amendment seizure. See DiBella v. Borough of Beachwood, 407 F.3d 599, 603 (3d Cir. 2005). Accordingly, the motion of

defendants to dismiss plaintiff's count regarding malicious prosecution will be granted for failure to state a claim.

VI

Third, Jacobs claims defamation under § 1983 based on harm to his reputation and career as a result of actions taken by defendants. Defamation is defined as a statement that "tends so to harm the reputation of another as to lower him in the estimation of the community or to deter third persons from associating or dealing with him." Graboff v. Colleran Firm, 744 F.3d 128, 136 (3d Cir. 2014) (internal quotations omitted). To succeed on a claim for defamation under Pennsylvania law, a plaintiff must prove the following elements: (1) the defamatory character of the communication; (2) its publication by the defendant; (3) its application to the plaintiff; (4) the understanding by the recipient of its defamatory meaning; and (5) the understanding by the recipient of it as intended to be applied to the plaintiff. See 42 Pa. Const. Stat. § 8343(a). Jacobs never specifies the defamatory statements at issue.

Instead Jacobs asserts that the "corrupt and criminal prosecution of [plaintiff] has caused irreparable damage to his [l]aw [e]nforcement and personal reputation." The initiation of criminal charges by the government can not support a claim for defamation. In Pennsylvania, statements by "judges, attorneys, witnesses and parties in the course of or pertinent to any stage

-7-

of judicial proceedings are absolutely privileged" and protected speech. Pawlowski v. Smorto, 588 A.2d 36, 41 (Pa. Super. Ct. 1991). The privilege extends even to statements made for the purpose of inducing criminal prosecution. Id. at 41-43.

Even if Jacobs had alleged a claim for defamation, there is no protected interest in reputation alone under § 1983. Randall v. Facebook, Inc., 718 F. App'x 99, 101 (3d Cir. 2017). Instead, "defamation is actionable under 42 U.S.C. § 1983 only if it occurs in the course of or is accompanied by a change or extinguishment of a right or status guaranteed by state law or the Constitution." Clark v. Twp. of Falls, 890 F.2d 611, 619 (3d Cir. 1989) (citing Paul v. Davis, 424 U.S. at 701-12 (1976)). Thus "to make out a due process claim for deprivation of a liberty interest in reputation, a plaintiff must show a stigma to his reputation plus deprivation of some additional right or interest." See Hill v. Borough of Kutztown, 455 F.3d 225, 236 (3d Cir. 2006). The amended complaint is devoid of any fact describing how any additional right or interest of Jacobs was impaired in addition to his reputation.

Accordingly, the motion of defendants to dismiss the defamation count for failure to state a claim will be granted.

VII

Fourth, Jacobs alleges that defendants discriminated against him based on his race. Jacobs' amended complaint is

-8-

pleaded in general and conclusory terms.  Indeed, his racial discrimination allegation is based on one single conclusory sentence:

> [T]he prosecution of Detective Jacobs was also initiated because he is the only African American in the Officer Involved Shooting Investigation (OISI) Unit and his race presented a problem in the prosecution of Officer Ryan Pownall.

It is unclear whether Jacobs brings forth this claim under Title VII for employment discrimination in violation of 42 U.S.C. § 2000e-2(a) or if he is pursuing a discrimination claim in violation of 42 U.S.C. § 1983.

To state a plausible claim under Title VII, a plaintiff must allege sufficient facts to raise a reasonable expectation that his membership in a protected class was "either a motivating or determinative factor in [his employer's] adverse employment action against [him]." Connelly v. Lane Const. Corp., 809 F.3d 780, 789 (3d Cir. 2016).  "[T]he plausibility paradigm announced in Twombly applies with equal force to analyzing the adequacy of claims of employment discrimination." Fowler v. UMPC Shadyside, 578 F.3d 203, 211 (3d Cir. 2009) (quotations omitted).  Accordingly, courts evaluating the viability of an employment discrimination complaint should "disregard legal conclusions and recitals of the elements of a cause of action, supported by mere conclusory statements" in

determining whether a plaintiff has stated a plausible claim. Santiago v. Warminster Twp., 629 F.3d 121, 128 (3d Cir. 2010) (quotations omitted).

Other than the sentence quoted above, there is no additional factual assertions in the amended complaint supporting an inference of adverse employment action. Where Jacobs claims he was "surgically remove[d]" from the Officer Pownall investigation, he does not elaborate on the allegation or describe his work environment after he was removed. Jacobs fails to allege any facts that would support the inference that being removed from the Officer Pownall investigation somehow altered his employment or adversely impacted him in any tangible way. Similarly he does not allege any facts to show that defendants acted under circumstances raising an inference of discriminatory action. Plaintiff's belief that his race was a factor in defendants' actions without any additional supporting factual assertions is not sufficient. Accordingly, because these claims are premised solely on conclusory allegations, they are not plausible as pleaded and must be dismissed.[2] See

---

[2] Additionally, an employment discrimination lawsuit can only be brought against an employer who has violated Title VII. Prior to filing a lawsuit under Title VII, a plaintiff must file a charge of discrimination with the EEOC and receive a right to sue letter before filing a complaint in federal court. Fort Bend Cty., Texas v. Davis, 139 S. Ct. 1843, 1846 (2019). There is no indication that Jacobs has done so.

Shahin v. Del. Dep't of Transp., 405 F. App'x 587, 588-89 (3d Cir. 2010).

Jacobs may also be pursuing a discrimination claim under § 1983, "but his allegations are too generalized and unclear for the Court to conclude that his claim is plausible." Bradley v. Phila. Police Dept, 2020 WL 1435125, at *5 (E.D. Pa. Mar. 24, 2020). Similarly, Jacobs' allegation of racial discrimination is far too conclusory to state an equal protection claim. See, e.g., Lande v. City of Bethlehem, 457 F. App'x 188, 192 (3d Cir. 2012). Accordingly, the motion of defendants to dismiss plaintiff's racial discrimination count will be granted for failure to state a claim.

VIII

Fifth, the amended complaint contains a claim of First Amendment retaliation. "To prevail on a § 1983 First Amendment retaliation claim, the plaintiff must prove that: (1) he engaged in constitutionally protected conduct, (2) the defendant engaged in retaliatory action sufficient to deter a person of ordinary firmness from exercising his constitutional rights, and (3) a causal link [existed] between the constitutionally protected conduct and the retaliatory action." Palardy v. Twp. of Millburn, 906 F.3d 76, 80-81 (3d Cir. 2018) (internal quotations omitted).

A public employee's statement is protected activity when: "(1) in making it, the employee spoke as a citizen, (2) the statement involved a matter of public concern, and (3) the government employer did not have an adequate justification for treating the employee differently from any other member of the general public." Palardy, 906 F.3d at 81 (internal quotation omitted). A public employee does not speak "as [a] citizen[ ]" when he makes a statement "pursuant to [his] official duties." Falco v. Zimmer, 767 F. App'x 288, 300 (3d Cir. 2019) (internal quotation omitted). In order to be protected by the First Amendment, a plaintiff's activity ordinarily must not have been undertaken pursuant to his job responsibilities as a public employee. Garcetti v. Ceballos, 547 U.S. 410, 421-22, (2006).

Here, Jacobs pleads that the substance of the conversation he had with Tripp on August 2, 2018 is protected speech and supports his First Amendment retaliation claim. According to Jacobs, he informed Tripp about his complaints and concerns regarding the Officer Pownall investigation during a phone call. After this phone call, defendants "maliciously prosecute[d] him and deprive[d] him of his Constitutional Rights while acting under the color of law."

Jacobs' speech is not protected by the First Amendment because it occurred during the course of his duties as an

-12-

employee of the Philadelphia Police Department and not as a private citizen.  Jacobs' amended complaint asserts:  (1) he was an "integral part" of the Officer Pownall investigation; (2) he interviewed fact witnesses and processed evidence as part of the investigation in his capacity as a detective; (3) he reviewed the grand jury presentment in his capacity as a detective; (4) Tripp contacted Jacobs by telephone at the "OISI Headquarters" to go over his anticipated grand jury testimony; and (5) his concerns were shared with Tripp during a call that was part of a routine conversation to prepare him to testify before the grand jury as part of his official duties.

When public employees make statements pursuant to their official duties, the employees are not speaking as citizens for First Amendment purposes, and the Constitution does not insulate their communications from employer discipline.  <u>Garcetti</u>, 547 U.S. at 421.  The court will grant the motion of defendants to dismiss plaintiff's First Amendment retaliation claim for failure to state a claim.

IX

Finally, Jacobs alleges that defendants "conspired . . . to deprive Detective Derrick Jacobs of his Constitution[al] [r]ights by maliciously prosecuting him for a crime they knew he did not commit."  To succeed on a claim for conspiracy, a claimant must prove that persons acting under the

-13-

color of state law conspired to deprive him of a federally protected right.  Ridgewood Bd. of Educ. v. N.E. ex rel. M.E., 172 F.3d 238, 254 (3d Cir. 1999).  A claimant cannot succeed on a claim for conspiracy if the underlying civil rights claims are dismissed.  See Ashton v. City of Uniontown, 459 F. App'x 185, 191 (3d Cir. 2012).  Because we are dismissing Jacobs' Section 1983 claims for deprivation of rights, malicious prosecution, defamation, racial discrimination, and First Amendment retaliation, no underlying claim remains to support his claim for conspiracy.  Therefore, defendant's motion to dismiss plaintiff's count of conspiracy will also be granted for failure to state a claim.

X

In addition to the Section 1983 allegations, Jacobs also asserts a claim of a false declaration before a court or grand jury under 18 U.S.C. § 1623, which provides in part:

> Whoever under oath . . . in any proceeding before or ancillary to any court or grand jury of the United States knowingly makes any false material declaration or makes or uses any other information . . . shall be fined under this title or imprisoned not more than five years, or both.

18 U.S.C. § 1623.  First, there was no federal proceeding involving Jacobs before a court or grand jury.  In addition, this criminal statute does not provide a private right of action.  See Ponton v. AFSCME, 395 F. App'x 867, 871

-14-

(3d Cir. 2010). Since plaintiff cannot state a claim for false declaration, this court will grant the motion of defendants to dismiss this count for failure to state a claim.

XI

Jacobs also asserts a state law claim for official oppression under 18 Pa. C.S. § 5301, which provides, in part:

> A person acting or purporting to act in an official capacity or taking advantage of such actual or purported capacity commits a misdemeanor of the second degree if, knowing that his conduct is illegal, he:
> (1) subjects another to arrest, detention, search, seizure, mistreatment, dispossession, assessment, lien or other infringement of personal or property rights; or (2) denies or impedes another in the exercise or enjoyment of any right, privilege, power or immunity.

18 Pa. C.S. § 5301. This statute does not provide a private cause of action for those who are harmed as a result of a violation of the statute. Agresta v. Goode, 797 F. Supp. 399, 409 (E.D. Pa. 1992). Defendants' motion to dismiss this count will be granted for failure to state a claim.

XII

Finally we turn to Jacobs' allegation that defendants violated the Pennsylvania Whistleblower Law, 43 P.S. § 1423. This is a state law claim over which this court declines to exercise its supplemental jurisdiction. As discussed above, we have dismissed all asserted federal causes of action in the

amended complaint. When a court has done so, it has the discretion to decline to exercise supplemental jurisdiction over any remaining state-law claims. See 28 U.S.C. § 1367(c). Plaintiff has submitted many exhibits related to this claim with his brief in opposition to defendants' motion to dismiss. We may not consider these exhibits at this stage of the case. Where, as here, the federal claims are dismissed at the early, Rule 12(b)(6) stage of litigation, declination of supplemental jurisdiction is appropriate. See United Mine Workers of Am. v. Gibbs, 86 S. Ct. 1130, 1139, (1966). Accordingly, the Pennsylvania Whistleblower state-law claim will be dismissed without prejudice to Jacobs' right to pursue this claim in the state court.