Defendant Quinn speaking on behalf of Defendant Outlaw also provided Jacobs with information that contradicts information contained in the Philadelphia Police Department directives addressing corruption, while threatening Jacobs. The email suggests Jacobs would be charged with insubordination if Jacobs contacted PC Outlaw again.

## ARGUMENT

Jacobs and his former partner, Detective William Sierra were selected for the OISI Unit by then, Commanding Officer, Steve Nolan because of their investigative acumen, including homicides as well as their solid character. Krasner knew this to be a threat to his political agenda. Immediately after his inauguration, Krasner pursued their removal, starting by attempting to remove Detective Sierra from the OISI Unit.

Krasner knew of Sierra's Honor, Integrity and Service from an investigation Sierra was involved in as a Homicide Detective and Defendant Krasner was a defense attorney in the matter. (Krasner is still pursuing corrupt actions in that investigation as the DA). Krasner knew the attributes of Sierra clashed with his burgeoning corruption.

The items on Krasner's immediate agenda upon being inaugurated and sworn into office as District Attorney were as follows:

1. Have Detective Sierra removed from the OISI Unit (Krasner did not know of Jacobs at this time).

2. Obtain the Police Officer Pownall Officer Involved Shooting ("OIS") investigation from the Pennsylvania Attorney General's Office to arrest Pownall.

3. Remove all Assistant District Attorneys that did not share his "vision" of a corrupt criminal enterprise and insert ones that do (Accountability and Integrity Unit of the District Attorney's Office).

4. Free Mumia Abu-Jamal.

Upon Krasner's election and inauguration he immediately began initiating his agenda of destroying the African American Community and the Philadelphia Police Department.

The Philadelphia District Attorney's Office, headed by Krasner, retrieved an adjudicated criminal investigation, involving Philadelphia Police Officer Ryan Pownall, from the AGO.

The investigation was not adjudicated to Krasner's satisfaction by the AGO.

Krasner's District Attorney's Office initiated a Grand Jury against Pownall.

The DAO headed by Krasner submitted false, misleading and perjured testimony to the grand jury in order to obtain a first degree murder indictment against Pownall.

When Jacobs attempted to expose the criminal activity and corruption within the DAO, they retaliated. The DAO retaliated against Jacobs by initiating a criminal investigation against Jacobs. The DAO once again INTENTIONALLY LIED to the COURT to initiate the criminal investigation against Jacobs.

Defendant Krasner's political agenda consist of arresting Philadelphia Police Officers (preferably white) and releasing convicted murderers, including Mumia Abu-Jamal.

Defendant Krasner is a lying, narcissistic racist with a Napoleon complex.

Defendant Krasner's is also an egomaniac who has done irreparable harm to the citizens of Philadelphia; in particular the African American and Philadelphia Police communities (pro se plaintiff Jacobs is a member of both).

**In an interview with Chad Pradelli (Channel 6 News, Philadelphia) Pradelli states to Defendant Krasner "your critics say that you view drugs as a non violent crime yet that is what is fueling much of the gun violence and much of the homicides in this city." Krasner responds "the data is not necessarily supporting that, as for the notion." Pradelli interrupts Krasner stating "what's the data say?" Krasner stutters and responds "THE TRUTH IS WE'RE GETTING IT" (Tuskegee Experiment) with deadly consequences.** *Krasner is twirling his eyeglasses during interview (showing his disdain for the African American community).*

Krasner is a "Clear and Present Danger" to the Law Enforcement and African American community.

Krasner's policies and corruption has led to the deaths of almost 500 Philadelphians in 2020. At last check **approximately 90 percent** on the victims are African Americans. Their ages start in the womb.

This is not only Jacobs' opinion of Krasner. The United States Attorney of the Eastern District of Pennsylvania shares Jacobs' concerns of Krasner.

US Attorney William McSwain authored the following: "Krasner has INFECTED the District Attorney's Office with a SICKNESS that has DEADLY consequences for the CITY. ENOUGH IS ENOUGH. This MADNESS must stop."

This was McSwain's response response to a WHITE Law Enforcement Officer being KILLED attempting to arrest a CRIMINAL that KRASNER'S ORGANIZATION released.

Candidate for District Attorney, Carlos Vega also shares Jacobs' concerns.

Vega stated "Krasner has been conducting an experiment that is costing the lives of OUR children." Vega also stated Krasner's DAO is killing "black and brown" people.

Krasner's assault on the citizens of Philadelphia could have been mitigated if Jacobs' concerns would have been addressed by no less than three Philadelphia Police Commissioners.

Instead of addressing Jacobs' concerns as a citizen of Philadelphia, the PPD conspired with the DAO to retaliate against Jacobs.

Jacobs filed a Federal Civil Complaint (19-cv-4616) for the actions committed by Krasner's DAO against Jacobs for reporting the corruption at the DAO.

Jacobs also had reported the criminal acts to the PPD for over a year.

Jacobs participated in a law enforcement podcast titled Search Warrant: "Clear and Present Danger."

During podcast Jacobs discussed his litigation against the DAO.

As a result, Defendant Wilson ordered Defendant Hendershot to immediately conduct a disciplinary investigation against Jacobs for exercising his First Amendment Rights during the podcast.

Defendant Hendershot conducted one interview (Jacobs) and concluded the investigation.

Defendant Pace then authored disciplinary charges, witnessed by Defendant Hendershot. The charges against Jacobs were **Conduct Unbecoming Unspecified**, which carries a penalty of termination.

The disciplinary documents actually state the reason for the charges were because Jacobs spoke out against the DAO and Krasner during podcast.

The documents actually state it's in violation of Jacobs First Amendment Rights and retaliatory.

This is not just a causal link between the protected conduct and the retaliatory act. It's a direct link (The disciplinary documents are a confession; Pace has always been known as a boot licking, glute kissing clerical worker within the department who would do anything to maintain his "duties." Including as we now know, commit criminal acts and violate the oath he took as an attorney).

Wilson proved his worth when he made a fool of himself, at a press conference, falling on the sword to protect criminals. His action caused a hero (Nicolleti) to be arrested by Krasner's corrupt DAO.

Jacobs spoke out on a matter of public concern and was once again retaliated against.

The ENTIRE "investigation" against Jacobs by this criminal enterprise (should be charged with RICO) took 23 days, including 7 non-work days from date of podcast.

Why couldn't these criminals find a policy, custom or guideline violated by Jacobs? Why is the charge **UNSPECIFIED**?

It's because Jacobs hurt the egomaniac's feelings and he called his minions to continue retaliatory acts against Jacobs including terminating his law enforcement career (bullies always bleed when they get punched in the nose).

The Philadelphia Police Department's Policy (Directive) of reporting corruption is located in Directive 8.10-**Preventing corruption within the ranks.**

**The Directive starts as follows: Honor, Integrity and Service are the CORE values upon which we stand as a Police Department and to SERVE the community. It is the ABSOLUTE RESPONSIBILITY of EACH and EVERY member of this Department to uphold these CORE values. Nothing can destroy the honor and integrity of the Philadelphia Police Department, along with esprit de corps and morale of its members, faster than corruption, abuse of authority, official misconduct, or even the appearance of improprieties by members of the Department.**

The **POLICY** states as follows:

**ALL members of the Philadelphia Police Department, SWORN and CIVILIAN, are professionals and shall conduct themselves, whether on or off-duty,, in a professional manner by not committing any inappropriate acts or deeds that would otherwise compromise the honor and integrity of the Department.**

27

**ALL actions and deeds by members of the Department shall be consistent with the LAWS, REGULATIONS and MANDATES of the Constitution of the United States, and the Commonwealth of Pennsylvania, the City of Philadelphia Home Rule Charter, the Philadelphia Police Department, The Police Officer's Code of Ethics, and avoid even the appearance of impropriety.**

Section 3 (Employees Responsibility to Report Corruption, Misconduct and other Improper acts affecting the Department), states the following:

A. **ALL** personnel have the **RIGHT** and **DUTY** to file complaints of CORRUPTION, misconduct, and other conditions that negatively impact the Department by ANY employee of the Police Department.

B. **REPRISALS** against any member of the Department, who reports CORRUPTION, misconduct or other conditions that negatively impact the Department **ARE STRICTLY PROHIBITED. ALL** instances of suspected **REPRISALS** will be immediately investigated by the Office of Professional Responsibility and those found committing such **REPRISALS** will be subjected to disciplinary action up to and including dismissal. In cases regarding **CRIMINAL** allegations, **CRIMINAL** charges may ensue for such **REPRISALS**.

**Section 6 covers the Whistleblower Law (43 P.S.1421) which ALL Defendants are violating.**

**THE TOP THREE PHILADELPHIA POLICE DEPARTMENT OFFICIALS ARE ALL CORRUPTED AND SHOULD BE IMMEDIATEDLY INVESTIGATED AND PROSECUTED FOR THEIR PARTICIPATION IN THIS CONSPIRACY WITH KRASNER. JACOBS' DOCUMENTS AND DEPARTMENTAL DIRECTIVES ALONE SHOW PROBABLE CAUSE.**

The Defendants conspired to ruin the career of a decorated Law Enforcement Officer with a Defendant who, if he heard a car backfire, would hide in his basement under a mattress like the criminal he presents himself to be in this community.

This is the person who conducts himself as judge, jury and executioner of heroes.

Jacobs made all notifications. Jacobs asked current Police Commissioner, Defendant Outlaw on numerous occasions if she was going to execute Commissioner's Direct Action (CDA) against Jacobs. The Defendant refused to acknowledge the illegal actions of her subordinates and referred Jacobs to the City's attorneys.

The Philadelphia Police Department's Policy (Directive) on Disciplinary Procedures-8.6 gives the Police Commissioner plenary power over all disciplinary decisions.

The Directive states a **complete** and **thorough** investigation will be conducted.

Only one person was interviewed (Jacobs) in this "investigation" before Jacobs career was **constructively terminated** by the Defendants.

Defendant Outlaw, with her plenary power on discipline, could have ended this activity against Jacobs immediately. Instead, she decided to join the criminal activity.

Jacobs' repeated attempts to obtain **JUSTICE** for the **DESTRUCTION** of his Law Enforcement career of almost a quarter century, caused defendant Quinn to issue a **threatening** email on October 9, 2020.

Defendant Quinn informed Jacobs it was in response to Jacobs' October 6, 2020 memorandum.

The email informed Jacobs it was "**INAPPROPRIATE** and **DISRUPTIVE**" for Jacobs to have this matter adjudicated by continuing to attempt contact with PHILADELPHIA POLICE COMMISIONER, DEFENDANT DANIELLE OUTLAW regarding CORRUPTION in the City of Philadelphia.

Jacobs has not violated ANY Law or Police Department Police policy in this matter. To the contrary Jacobs has exhausted all avenues to mediate and resolve this matter.

Defendant Quinn's email informed Jacobs, his efforts are futile. The Defendants have entered into a CONSPIRACY to violate Jacobs' Constitutional Rights and Constructively Discharge Jacobs from the Philadelphia Police Department. This has inflicted untold damages to Jacobs.

Defendant Outlaw is paid almost three hundred thousand dollars a year to conspire with the other racist defendants.

Their mission is to sell out the African American community and have white Police Officers prosecuted.

The color of your skin does not make you a racist or ignorant. The content of your character does.

All of the named defendants have been apprised of Jacobs' allegations and request for a criminal investigation into the matter. The PPD Defendants that are named and a part of the conspiracy with the DAO to silence Jacobs are: Outlaw, Coulter, Naish, Wilson, Pace, Hendershot and Quinn.

Defendant Naish has settled previous violations of subordinate's First Amendment Rights.

**Krasner's CORRUPT CRIMINAL ENTERPRISE does not stop there (The African American and Law Enforcement communities should join together in a class action complaint).**

This criminal enterprise has arrested two sworn Law Enforcement Officers for performing their duties. They should be arrested for that conspiracy as well.

Example 1:

PA Statute for Riot (Section 5501):

A person is guilty of riot, a FELONY of the third degree, if he participates with two or more others in a course of disorderly conduct:

1. With intent to commit or facilitate the commission of a felony or misdemeanor;
2. With intent to prevent or coerce action; or
3. When the actor or any other participant to the actor uses or plans to use a firearm or other deadly weapon.

PA Statute for Robbery (Section 3701):

A person is guilty of robbery if, in the course of committing a theft, he;

PHYSICALLY TAKES OR REMOVES THE PROPERTY FROM THE PERSON OF ANOTHER BY FORCE, HOWEVER SLIGHT.

THIS IS A THIRD DEGREE FELONY.

PA Statute for Aggravated Assault (Section 2702):

A person is guilty of Aggravated Assault if he;

Attempts by PHYSICAL MENACE to put any POLICE OFFICER, while in performance of their duties in fear of imminent serious bodily injury.

In example 1 Inspector Bologna (a white Law Enforcement Officer) was involved in the effecting of an arrest of an individual during an MASS disorderly conduct incident (RIOT). During the incident, the Inspector was interdicted (Aggravated Assault) by a subject who was part of the MASS. The Inspector engaged the FELON and struck the subject with his asp (official PPD equipment). A struggle between the subject and Inspector ensued and the subject disarmed the Inspector of the asp (Robbery) and tossed the asp into the MASS. The subject was ultimately arrested. Defendant Krasner's Office released the subject and arrested the Inspector. Defendant Outlaw's Department terminated the employment of the Inspector.

Example 2:

PA statute for Riot 5501 (previously listed)

Federal Hobbs Act (18 U.S.C. § 1951):

Whoever in any way or degree obstructs, delays, or affects commerce or the movement of any article or commodity in commerce, by robbery or extortion or attempts or conspires so to do, or commits or threatens physical violence to any person or property in furtherance of a plan or purpose to do anything in violation of this section shall be fined under this title or imprisoned not more than twenty years or both.

Here you have multiple people engaged in a course or disorderly conduct wearing GAS MASK, blocking a US Interstate Highway.

Police Officer Nicolletti (White SWAT Officer) was ORDERED by Command Staff of the Philadelphia Police Department to clear the Interstate and deploy gas against the RIOTERS. The Officer engaged subjects in violations of Federal, State and Local criminal statutes.

The Officer deployed the use of gas in the appropriate tactical LAW ENFORCEMENT manner and removed the individuals engaged in the criminal conduct PER ORDERS.

Defendants Krasner, Outlaw and Wilson engaged in a conspiracy to arrest Officer Nicolletti and terminate his career. This was done because defendant Krasner could not arrest his father for a previous OIS. The Department and Krasner's Office did not prosecute any person that was engaged in Federal, State and Local Criminal violations.

These criminals are now suing the CITIZENS of Philadelphia and will be paid for their criminal activity.

Example 3:

Stefon Crawley attempted to kill multiple Police Officers (White and Black) with a handgun. Crawley was shot and arrested during the incident. Defendant Krasner's Office withdrew the charges against Crawley who had his DNA on one of the arresting Officer's gun. Crawley is now attempting to sue the citizens of Philadelphia.

Example 4:

Two Police Officers recently responded to a Domestic Incident. During the incident they were force to use deadly force on a male who charged at the Officers with a knife. Krasner said he is not going to rely on the PPD's investigation. Krasner is going to "conduct his OWN investigation." This incident was caught on video and was CLEARLY a justified OIS and use of force. The Officers should have already been cleared. The Defendants' criminal enterprise is going to attempt to conduct a grand jury which is the way this corrupt organization obtains indictments against innocent Officers.

Example 5:

While a madman was shooting six Police Officers with an assault rifle, Krasner was negotiating a plea deal on the phone with the madman. All the while he was not letting the tactical teams on the ground know what he was doing. Last time I checked Krasner was not a HOSTAGE NEGOTIATOR. Then he refuses to provide the information and provide an interview to INVESTIGATORS (Best Evidence Rule).

Example 6: Defendant Naish has been known to violate the citizens of Philadelphia constitutional liberties. After the Chief of the Homicide Unit (rumors abound about state of mind) at Krasner's corrupt District Attorney's Office conducted an illegal vehicle investigation during a road rage incident. Defendant Naish ordered subordinates to conduct an illegal seizure of the vehicle and Other violations by these individuals according to witnesses, were committed.

Example 7: Defendant Outlaw during an interview on NBC blamed the homicides (499) on Covid-19 (Did the defendant notify the CDC so they could be included in the totals). This is a conspiracy to cover up corruption. This is not rocket science, it is corruption. Every expert, for that matter every laymen, will tell you crime without consequences equals more crime, period. The CRIMINALS ravaging this City knows this the BEST.

The defendants actions and/or inactions has caused hundreds of lives to be lost and millions of citizens the liberty their entitled.

The only responses Jacobs has received from the defendants as a result of reporting corruption were:

1. Received Sir
2. We are not the proper authority to address your victimization.
3. Your reporting of corruption is Conduct Unbecoming, which is grounds for termination
4. Never received, talk to my lawyer.
5. Your constant attempts of reporting corruption is Inappropriate and Disruptive.

## COUNT ONE

### First Amendment Retaliation

### 42 U.S.C. 1983 ("Section 1983")

Was Jacobs involved in an act protected by the United States Constitution?

Yes.

Did the defendants retaliate as a result of Jacobs engaging in an act protected by the Constitution?

Yes.

Was there a causal link between the act protected by the Constitution and the retaliation?

Yes.

Jacobs participated in a podcast. During the podcast Jacobs discussed the retaliatory actions committed by the Philadelphia District Attorney's Office against him for reporting corruption. Immediately following the podcast (3 working days) the defendants, acting under the color of law, retaliated against Jacobs by initiating disciplinary actions. The discipline comes with a penalty of termination, ending Jacobs' 25 year law enforcement career. The defendants actually state in the disciplinary documents, the discipline was because of Jacobs' reporting the corruption during the podcast.

# COUNT TWO

## WHISTLEBLOWER

## (43 PS 1421)

Providing protection for employees who report a violation or suspected violation of State, local or Federal law; providing protection for employees who participate in hearings, investigations, legislative inquiries or court actions; and prescribing remedies and penalties.

**"Whistleblower."** A person who witnesses or has evidence of wrongdoing or waste while employed and who makes a good faith report of the wrongdoing or waste, verbally or in writing, to one of the person's superiors, to an agent of the employer or to an appropriate authority.

**Protection of employees:**
(d) Persons not to be discharged.— No employer may discharge, threaten or otherwise discriminate or retaliate against an employee regarding the employee's compensation, terms, conditions, location or privileges of employment because the employee or a person acting on behalf of the employee makes a good faith report or is about to report, verbally or in writing, to the employer or appropriate authority an instance of wrongdoing or waste by a public body or an instance of waste by any other employer as defined in this act.

(d) Civil service employees.— An employee covered by civil service who contests a civil service action, believing it to be motivated by his having made a good faith report, verbally or in writing, of an instance of wrongdoing or waste, may submit as admissible evidence any or all material relating to the action as whistleblower and to the resulting alleged reprisal.

## COUNT THREE

### Fourteenth Amendment violation of Due Process 42 U.S.C. 1983 ("Section 1983")

The defendants violated Jacobs' rights to due process by initiating, conspiring and enforcing an arbitrary and capricious disciplinary investigation against Jacobs.

The defendants also conspired to refuse Jacobs the protections he is afforded from the criminality committed by the defendants.

## COUNT FOUR

### Conspiracy

The defendants engaged in a course of conduct to deprive Jacobs of his federally protected Constitutional Rights.

The defendants continue to engage in this behavior.

The defendants have confessed in their own documents of this conduct.

## CONCLUSION

Jacobs took an oath to protect the citizens of Philadelphia. Jacobs is honoring that oath.

The defendants also took oaths to protect the citizens of Philadelphia. Some took an oath as lawyers in Pennsylvania. The defendants (ALL) are violating their oaths.

In the criminal world there is a saying "snitches get stitches". The saying speaks for itself. If you tell on the criminal they will harm you in some way.

The defendants are all engaging in criminal behavior. Jacobs is a snitch. The defendants are giving Jacobs his stitches.

There is one word that rhymes with snitch and stitch that Jacobs is not. Jacobs will continue to honor his oath. Jacobs is not going away. These criminals are.

Chris Palmer and Mensah Dean the so called "reporters" for the Philadelphia Inquirer also could have provided the citizens of Philadelphia with quality information. Palmer contacted Jacobs immediately after Jacobs' filed his civil complaint. Jacobs confirmed the complaint but would not provide Palmer an interview after investigation revealed he was Krasner's publicist and not an actual reporter, in Jacobs' opinion. Mensah Dean sat in the courtroom when Pownall's attorney told the courtroom of the DAO's nefarious actions. Jacobs was inches (pre covid) away standing directly over Dean's left shoulder as he took notes. This "reporter" refused to "report" what happened in the courtroom that day. Jacobs has watched Dean sit in on numerous homicide court cases, where the victims are almost always African American. Dean chooses to tow Krasner's "white savior" of black people anthem. Jacobs will not tow that line, nor will he "kneel" like some has done before him. I guess selling the Inquirer is worth selling out.

# UNITED STATES DISTRICT COURT
## FOR THE EASTERN DISTRICT OF PENNSYLVANIA

### DESIGNATION FORM
*(to be used by counsel or pro se plaintiff to indicate the category of the case for the purpose of assignment to the appropriate calendar)*

Address of Plaintiff: PO BOX 56091, PHILADELPHIA, PA 19130

Address of Defendant: 750 RACE STREET, PHILA., PA 19107

Place of Accident, Incident or Transaction: 2300 S. 24th St, PHILA., PA 19145

---

**RELATED CASE, IF ANY:**

Case Number: _____  Judge: _____  Date Terminated: _____

Civil cases are deemed related when *Yes* is answered to any of the following questions:

1. Is this case related to property included in an earlier numbered suit pending or within one year previously terminated action in this court? Yes [ ] No [✓]

2. Does this case involve the same issue of fact or grow out of the same transaction as a prior suit pending or within one year previously terminated action in this court? Yes [ ] No [✓]

3. Does this case involve the validity or infringement of a patent already in suit or any earlier numbered case pending or within one year previously terminated action of this court? Yes [ ] No [✓]

4. Is this case a second or successive habeas corpus, social security appeal, or pro se civil rights case filed by the same individual? Yes [ ] No [✓]

I certify that, to my knowledge, the within case [ ] is / [✓] is not related to any case now pending or within one year previously terminated action in this court except as noted above.

DATE: 1-6-2021  /s/ *PRO SE*  
*Attorney-at-Law / Pro Se Plaintiff*  Attorney I.D. # (if applicable)

---

**CIVIL:** (Place a √ in one category only)

A. **Federal Question Cases:**
1. [ ] Indemnity Contract, Marine Contract, and All Other Contracts
2. [ ] FELA
3. [ ] Jones Act-Personal Injury
4. [ ] Antitrust
5. [ ] Patent
6. [ ] Labor-Management Relations
7. [✓] Civil Rights
8. [ ] Habeas Corpus
9. [ ] Securities Act(s) Cases
10. [ ] Social Security Review Cases
11. [ ] All other Federal Question Cases
    *(Please specify):* _____

B. **Diversity Jurisdiction Cases:**
1. [ ] Insurance Contract and Other Contracts
2. [ ] Airplane Personal Injury
3. [ ] Assault, Defamation
4. [ ] Marine Personal Injury
5. [ ] Motor Vehicle Personal Injury
6. [ ] Other Personal Injury *(Please specify):* _____
7. [ ] Products Liability
8. [ ] Products Liability – Asbestos
9. [ ] All other Diversity Cases
    *(Please specify):* _____

---

### ARBITRATION CERTIFICATION
*(The effect of this certification is to remove the case from eligibility for arbitration.)*

I, DERRICK JACOBS, counsel of record *or* pro se plaintiff, do hereby certify:

[✓] Pursuant to Local Civil Rule 53.2, § 3(c) (2), that to the best of my knowledge and belief, the damages recoverable in this civil action case exceed the sum of $150,000.00 exclusive of interest and costs:

[ ] Relief other than monetary damages is sought.

DATE: 1-6-2021  /s/ *Pro Se*  
*Attorney-at-Law / Pro Se Plaintiff*  Attorney I.D. # (if applicable)

NOTE: A trial de novo will be a trial by jury only if there has been compliance with F.R.C.P. 38.

Civ. 609 (5/2018)