IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| DERRICK JACOBS | : | CIVIL ACTION |
| | : | |
| v. | : | |
| | : | |
| CITY OF PHILADELPHIA et al. | : | NO. 19-4616 |

MEMORANDUM

Bartle, J.                                          October 20, 2022

        Derrick Jacobs, a former Philadelphia police

detective,[1] proceeding pro se, brings various federal and state

claims in his fifth amended complaint[2] against the City of

Philadelphia, Philadelphia District Attorney Lawrence Krasner,

Philadelphia Assistant District Attorney Tracey Tripp,

Philadelphia Law Department attorney Kia Ghee, and various

members of the Philadelphia Police Department: Commissioner

Danielle Outlaw, Deputy Commissioner Christine Coulter,

Deputy Commissioner Benjamin Naish, Chief Inspector Frank

Vanore, Chief Inspector Dennis Wilson, Inspector Francis Healy,

Inspector D.F. Pace, Lieutenant Jason Hendershot, and Lieutenant

_____

1.   According to plaintiff's most recent pleading, his fifth
amended complaint, he is a former police detective.  His
employment status, however, was unclear in previous pleadings.

2.   Although plaintiff's fifth amended complaint only
references his Whistleblower Law claims, the court deems the
fifth amended complaint to include in addition all claims
remaining in the fourth amended complaint after the recent
remand by our Court of Appeals.

Patrick Quinn. Plaintiff, among other allegations, avers
retaliation against him for reporting alleged corruption and
perjury during a grand jury proceeding.  Before the court is the
motion of defendants to dismiss plaintiff's claim under
Pennsylvania Whistleblower Law, 43 P.S. § 1423, for failure to
state a claim pursuant to Rule 12(b)(6) of the Federal Rules of
Civil Procedure.  Plaintiff has not responded to the motion.[3]

I

When considering a motion to dismiss for failure to
state a claim under Rule 12(b)(6), the court must accept as true
all well-pleaded factual allegations in the complaint and draw
all reasonable inferences in the light most favorable to the
plaintiff.  See Phillips v. Cty. of Allegheny, 515 F.3d 224, 233
(3d Cir. 2008); Umland v. PLANCO Fin. Servs., Inc., 542 F.3d 59,
64 (3d Cir. 2008).

The court may also consider, in deciding such a
motion, "exhibits attached to the complaint and matters of
public record."  Pension Benefit Guar. Corp. v. White Consol.
Indus., Inc., 998 F.2d 1192, 1196 (3d Cir. 1993) (citing 5A

---

3.  Although plaintiff has not filed an opposition to this
motion, the court still must conduct an "analysis of the merits
of the underlying complaint" as plaintiff is proceeding pro
se.  Husick v. Allegheny Cty., 304 F. App'x 977, 979 (3d Cir.
2008) (citing Stackhouse v. Mazurkiewicz, 951 F.2d 29, 30 (3d
Cir. 1991)).

Charles Allen Wright & Arthur R. Miller, Federal Practice and
Procedure § 1357 (2d ed. 1990)).  More recently, our Court of
Appeals explained that it is proper to take into account
"matters incorporated by reference or integral to the claim,
items subject to judicial notice, matters of public record,
orders, [and] items appearing in the record of the case."
<u>Buck v. Hampton Twp. Sch. Dist.</u>, 452 F.3d 256, 260 (3d Cir.
2006) (citing 5B Charles Allen Wright & Arthur R. Miller,
Federal Practice and Procedure § 1357 (3d ed. 2004)).

## II

On October 4, 2019, plaintiff filed this lawsuit
against the City of Philadelphia, the Philadelphia District
Attorney's Office, Krasner, and Tripp alleging violations of
Pennsylvania Whistleblower Law and "official oppression,"
18 Pa.C.S.A. § 5301.  He asserted that defendants initiated a
criminal investigation against him to prevent him from reporting
prosecutorial misconduct.  Shortly thereafter, on November 8,
2019, he amended his complaint for the first time to include
additional claims against the same defendants under 42 U.S.C.
§ 1983 as well as claims of false declaration, 18 U.S.C. § 1623.
Given the less stringent pleading standard applied to pro se
litigants, the court also found that plaintiff stated facts
relevant to a First Amendment retaliation claim, though he did
not specifically plead this claim in his amended complaint.

On April 9, 2020, the court granted defendants' motion to dismiss plaintiff's federal law claims and his state law official oppression claim under Rule 12(b)(6) and declined to exercise supplemental jurisdiction over his Pennsylvania Whistleblower Law claim.  Our Court of Appeals vacated the dismissal of plaintiff's First Amendment retaliation, conspiracy, and Whistleblower Law claims, remanding them for further consideration, on the grounds that plaintiff needed adequate opportunity to amend his complaint in support of his retaliation claim.  See Jacobs v. City of Philadelphia, 836 F. App'x 120 (3d Cir. 2020).  The Court affirmed the dismissal of plaintiff's other claims.  Id.

After this remand, plaintiff filed his second amended complaint on January 25, 2021.  He narrowed his claims to violations of the First Amendment and Due Process under 42 U.S.C. § 1983, violations of the Pennsylvania Whistleblower Law, and conspiracy.  He added--for the first time--defendants with the Philadelphia Police Department: Outlaw, Coulter, Wilson, Naish, Pace, Hendershot, and Quinn.  He also stopped asserting claims against the Philadelphia District Attorney's Office.  The next day, plaintiff filed his third amended complaint, without leave and in violation of Rule 15(a) of the Federal Rules of Civil Procedure, laying out additional facts to support his claims against defendants.  On February 25, 2021,

4

also in violation of Rule 15(a), plaintiff filed his fourth
amended complaint, adding new factual allegations and arguments.

The court granted defendants' motion to dismiss
plaintiff's federal law claims in his fourth amended complaint
for failure to state a claim under Rule 12(b)(6).  The court
also declined to exercise supplemental jurisdiction over his
Pennsylvania Whistleblower Law claims.  Our Court of Appeals
vacated and remanded plaintiff's First Amendment retaliation
claims against Tripp, Hendershot, Wilson, and Pace, as well as
his Section 1983 conspiracy claims and Pennsylvania
Whistleblower Law claims.  See Jacobs v. City of Philadelphia,
No. 21-2314, 2022 WL 1772989 (3d Cir. June 1, 2022).  The Court
affirmed the dismissal of plaintiff's remaining claims.  Id.

After this second appeal, plaintiff was ordered to
file a fifth amended complaint to identify the specific
defendants he alleged to have violated the Pennsylvania
Whistleblower Law.  In doing so, he included four new
defendants:  Cummings, Ghee, Healy, and Vanore.  The motion
before the court deals only with his Whistleblower Law claims.

### III

Plaintiff states that he was a detective in the
Officer Involved Shooting Investigation unit of the Philadelphia
Police Department.  In 2018, he allegedly participated in an
investigation of a police shooting, which ended with a grand

jury's indictment of Philadelphia Police Officer Ryan Pownall
for murder.  According to plaintiff, Tripp presented false or
perjured testimony during this grand jury proceeding.  He spoke
with an attorney about how to report this information.
Plaintiff avers that after Tripp discovered that an employee had
spoken to an attorney, she threatened to prosecute the entire
investigation unit if she could not determine which employee had
consulted with the attorney.

After telling Hendershot, a police lieutenant, that he
was the one who contacted the attorney, plaintiff claims that
Tripp fabricated a criminal investigation against him for
leaking grand jury information.  In July 2019, plaintiff was
told that these charges were withdrawn because certain
transcripts were lost although he believes this reason to have
been pretextual.  As noted above, plaintiff initiated his
lawsuit in response to this criminal investigation.  He states
that Healy, a police inspector, began a separate investigation
of him around November 15, 2019 as retaliation for his filing
this lawsuit.  On November 18, 2019, an article published on
Bigtrial.net discussed his lawsuit.  Plaintiff maintains that on
November 18, 2019 Hendershot took away his police vehicle under
the pretext that he would be unavailable for work while visiting
family and stopped paying him overtime.  Plaintiff pleads that

this was further retaliation against him for filing this
lawsuit.

Plaintiff then began discussing his allegations
against defendants with people outside the Police Department.
Plaintiff contacted the Pennsylvania Attorney General's Office
on November 27, 2019, but he was told that the office would have
a conflict of interest in this matter due to their involvement
with the Pownall investigation.  On January 18, 2020, he spoke
about his allegations on a podcast called "Search Warrant, Clear
and Present Danger."  Plaintiff avers that Krasner ordered
Police Chief Inspector Wilson to take disciplinary action
against him for speaking on this podcast.  In February 2020, he
was charged with conduct unbecoming an officer and neglect of
duty.

After hearing from an unnamed source that Police
Commissioner Outlaw would take further disciplinary action
against him, plaintiff used his sick and vacation time to avoid
returning to work.  He claims that, on March 2, 2020, Hendershot
denied his request to use "injured on duty" status to avoid
returning to work and that, on March 5, 2020, Hendershot took
away his police vehicle.

From October 2019 through October 2020, plaintiff
authored at least ten memoranda--three of which he later
resubmitted--primarily to Police Commissioner Outlaw and Deputy

Commissioner Coulter.  In these memoranda, plaintiff reasserted

his allegations against the District Attorney's Office.  In

addition, he requested that the recipients investigate these

allegations, contact the U.S. Attorney and state Attorney

General, provide him with whistleblower protections, and meet

with him.  In response to some of these memoranda, defendants

encouraged plaintiff to meet with the Internal Affairs

department and to contact the Attorney General or U.S. Attorney

regarding his allegations.  According to the amended complaint,

Police Lieutenant Quinn eventually reprimanded plaintiff for

continuing to send emails and memoranda to the Commissioner.  He

stated that plaintiff's communications were "inappropriate and

disruptive."

IV

The Pennsylvania Whistleblower Law states that:

> No employer may discharge, threaten or otherwise
> discriminate or retaliate against an employee
> regarding the employee's compensation, terms,
> conditions, location or privileges of employment
> because the employee or a person acting on behalf of
> the employee makes a good faith report or is about to
> report, verbally or in writing, to the employer or
> appropriate authority an instance of wrongdoing or
> waste by a public body or an instance of waste by any
> other employer as defined in this act.

43 P.S. § 1423.  An employer is defined as a public body or an

individual or business entity that "receives money from a public

body to perform work or provide services relative to the

performance of work for or the provision of services to a public body." 43 P.S. § 1423.  A public body includes:  (1) a city, a department, or an agency and (2) "[a]ny other body which is created by Commonwealth or political subdivision authority or which is funded in any amount by or through Commonwealth or political subdivision authority or a member or employee of that body." 43 P.S. § 1422.

To establish a prima facie case under the law, the employee must:  (1) make a good faith report of wrongdoing to the employer or an appropriate authority; (2) experience an adverse action by the employer; and (3) show that the adverse action was due to the report.  O'Rourke v. Commonwealth, 778 A.2d 1194, 1200 (Pa. 2001).  Once the employee establishes a prima facie case, the burden shifts to the employer to "prove that it would have taken the same adverse employment action absent the employee's good-faith report of wrongdoing."  Id. at 1204.  The plaintiff must file any civil action "within 180 days after the occurrence of the alleged violation" to be timely. 43 P.S. § 1424.

Although the text of the statute covers the reporting of wrongdoing by any public body, Pennsylvania courts have limited the law's protections to instances in which the employee is reporting the violation of a regulation or statute "that the employer is charged to enforce for the good of the public or is

9

one dealing with the internal administration of the governmental employer in question."  Gray v. Hafer, 651 A.2d 221, 224 (Pa. Commw. Ct. 1994), aff'd, 669 A.2d 335 (Pa. 1995).

The employee can, for example, receive whistleblower protections if the employer retaliates against him or her for reporting wrongdoing or waste to a third-party public authority, but the wrongdoing itself must still relate to the employer. The employee cannot, however, report a third-party's wrongdoing to the employer and receive protections under the Whistleblower Law if that wrongdoing is unrelated to the employer.

The employee must next show that the employer took an adverse employment action against him or her due to a good faith report.  43 P.S. § 1423.  The adverse employment action must affect "the employee's compensation, terms, conditions, location or privileges of employment."  Id.  To meet the causation requirement, the employee must "show by concrete facts or surrounding circumstances" that the employee's report led to an adverse employment outcome, "such as that there was specific direction or information received not to file the report or [that] there would be adverse consequences because the report was filed."  Golaschevsky v. Com., Dep't of Env't Prot., 720 A.2d 757, 759 (Pa. 1998) (quoting Gray, 651 A.2d at 224) (quotation marks omitted).

V

Defendants first argue that plaintiff's claims against them are time-barred.  The Whistleblower Law, as noted above, requires a plaintiff to file any civil action "within 180 days after the occurrence of the alleged violation."  43 P.S. § 1424.

On October 4, 2019, plaintiff first filed this lawsuit with Whistleblower Law claims against the City of Philadelphia, Krasner, and Tripp.  It was not until plaintiff's second amended complaint--filed on January 25, 2021--that he alleged Whistleblower Law violations by individual members of the police department, that is Outlaw, Coulter, Naish, Wilson, Pace, Hendershot, and Quinn.  In his fifth amended complaint, the most recent pleading, filed on July 14, 2022, he added allegations of Whistleblower Law violations by Cummings, Ghee, Healy, and Vanore.

Under Rule 15(c)(1)(C) of the Federal Rules of Civil Procedure, an amendment that includes a new party will only relate back to the date of the original pleading if:  (1) the added claims or defenses "arose out of the conduct, transaction, or occurrence" described in the original pleading; (2) the new party had notice of the action; and (3) the new party "knew or should have known that the action would have been brought against it, but for a mistake concerning the proper party's identity."  Our Court of Appeals has interpreted this to mean

11

that a plaintiff must show that the failure to include a party in the original complaint was due to a mistake.  See Nelson v. Cnty. of Allegheny, 60 F.3d 1010, 1015 (3d Cir. 1995).

Plaintiff included Krasner and Tripp as defendants in his original pleading filed on October 4, 2019.  Consequently, any alleged violations by Krasner and Tripp must have occurred no earlier than April 4, 2019 to be within 180 days of filing the complaint.  None of the alleged violations by these defendants occurred on or after that date.  Thus, all claims against Krasner and Tripp under the Whistleblower Law are stale.

Plaintiff's claims against Outlaw, Coulter, Wilson, Naish, Pace, Hendershot, and Quinn first appeared in his second amended complaint, which was not filed until January 25, 2021. This was the first time these defendants were named.  These claims do not relate back to the date of the original pleading filed on October 4, 2019.  Although plaintiff's claims all arise out of alleged retaliation for his accusations of prosecutorial misconduct, he describes conduct in the second amended complaint against these defendants that occurred after the date of his original pleading.  Moreover, none of the conduct alleged in the original complaint involves the Police Department or its officers.  These new defendants could not have known when the original complaint was filed that they would be included in this case, nor could plaintiff simply have made a mistake by not

12

including these defendants in his original pleading.  As a
result, for statute of limitations purposes, any alleged
violations by these defendants must have occurred no earlier
than July 25, 2020 in order to be within 180 days of filing of
the second amended complaint.

Among these defendants, plaintiff alleges that
Outlaw, Naish, Hendershot, and Quinn committed at least one
violation during this period. Plaintiff's claims that Outlaw
intended to take disciplinary action against him in February
2020 are not timely because they occurred prior to July 25,
2020, but his later allegations that she refused to respond to
his memoranda and ordered Quinn to reprimand him for continuing
to send memoranda to the Commissioner are timely.

Plaintiff avers that Hendershot:  (1) participated in
the investigation leading to his "conduct unbecoming" charge
during January and February of 2020; (2) threatened to take away
his police vehicle on November 18, 2019; (3) stopped paying his
overtime on November 18, 2019; (4) refused to grant him "injured
on duty" leave on March 2, 2020; (5) took away his police
vehicle on March 5, 2020; and (6) fabricated memoranda and
emails with Vanore in an attempt to get him fired in March of
2020.  All of these violations occurred prior to July 25, 2020,
so they are not timely.  Plaintiff's later allegations that

13

Hendershot failed to respond to his memoranda and intercepted his memoranda are, however, still timely.

Plaintiff's allegation that Naish intercepted his memoranda to the Commissioner in August 2020 as well as his allegation that Quinn told him--in violation of two police directives--that his memoranda and emails were inappropriate and disruptive are also timely.  All allegations involving Coulter, Wilson, and Pace, however, occurred before July 25, 2020 and therefore are barred.

In his most recent amended complaint, filed on July 14, 2022, plaintiff added Whistleblower Law claims against four new defendants:  Cummings, Ghee, Vanore, and Healy. Allegations against these defendants do not relate back to the date of the original pleading.  Plaintiff alleged that these defendants committed violations that occurred after the date of his original pleading.  Consequently, these defendants could not have been on notice, and plaintiff cannot show that he mistakenly failed to include them in the case.  As a result, these defendants must have committed the alleged violations no earlier than January 14, 2022 for plaintiff's claims to be timely.  All the violations are alleged to have been committed before this date.  Accordingly, the claims against Cummings, Ghee, Healy, and Vanore are out of time.

Based on the Whistleblower Law's statute of limitations, plaintiff has only made timely allegations against Hendershot, Naish, Outlaw, and Quinn.  He has filed stale claims against Coulter, Cummings, Ghee, Healy, Krasner, Pace, Tripp, Vanore, and Wilson.  Accordingly, the motion of these nine defendants to dismiss plaintiff's claims will be granted as time barred.

VI

Defendants correctly argue that, in addition, the claims against Krasner, Tripp, Cummings, and Ghee should be dismissed because they cannot be deemed to be plaintiff's employer, and therefore, they cannot be liable under the Whistleblower Law.  Krasner is the District Attorney of Philadelphia, while Tripp and Cummings are Assistant District Attorneys.  The District Attorney is an office to which a person is independently elected.  Plaintiff was not an employee of the District Attorney's Office.  Ghee is an attorney with the Law Department of the City of Philadelphia.  Neither the District Attorney, nor employees of the District Attorney's Office, nor Law Department employees such as Ghee exercise any supervisory authority over the Police Department and cannot determine the "compensation, terms, conditions, location or privileges of employment" of plaintiff as a police detective.  See Phila. Charter §§ 3-206, 4-400, 5-100; 43 P.S. § 1423.  They cannot be

deemed to be or to have been plaintiff's employer.  Thus, the
Whistleblower Law does not apply.  Accordingly, for this reason,
the motion of defendants Krasner, Tripp, Cummings, and Ghee to
dismiss these claims will be granted because they are not
plaintiff's employer.

VII

Defendants further argue that plaintiff has failed to
plead a claim against defendants under the Whistleblower Law.
Our review is limited to plaintiff's timely allegations against
Outlaw, Naish, Hendershot, and Quinn.  What defendants may have
done that is barred by the statute of limitations cannot be
considered.  The timely allegations are:  (1) Outlaw and
Hendershot failed to respond to his memoranda requesting
investigation of his allegations of prosecutorial misconduct and
seeking whistleblower protections; (2) Outlaw ordered Quinn to
inform plaintiff that his communications were inappropriate and
disruptive, which Quinn then did, allegedly violating two
Philadelphia Police directives; and (3) Naish and Hendershot
intercepted his memoranda to the Police Commissioner.

All three allegations fail to assert conduct that is
actionable under the Whistleblower Law.  The law prohibits
employers from taking actions that affect "the employee's
compensation, terms, conditions, location or privileges of
employment" in retaliation for the employee reporting

17

wrongdoing.  43 P.S. § 1423.  The law covers, for example, instances in which an employee is terminated, demoted, or denied pay due to the reporting of wrongdoing to the employer or an appropriate authority.  See, e.g., McAndrew v. Bucks Cnty. Bd. of Comm'rs, 982 F. Supp. 2d 491, 503 (E.D. Pa. 2013).  An employer who merely fails to respond to an employee, reprimands an employee, even in contradiction of an internal directive, or fails to forward memoranda to another person without any additional retaliatory conduct has not behaved in a way that is sufficiently actionable under the law.  Accordingly, the motion of defendants Outlaw, Hendershot, Quinn, and Naish to dismiss plaintiff's complaints will be granted on the ground that plaintiff has not pleaded a retaliation claim against them.

VIII

Plaintiff has also sued the City of Philadelphia, his employer.  Nevertheless, he has not asserted any allegations specifically about the City that are separate from his allegations against the individual defendants employed by it. Since plaintiff has not stated a claim against any named city employee and has not alleged any basis for the City's liability, the motion of the defendant to dismiss plaintiff's claim under the Whistleblower Law against the City of Philadelphia will be granted.

IX

Plaintiff filed stale claims against Krasner, Tripp, Cummings, Ghee, Coulter, Vanore, Wilson, Healy, and Pace.  In addition, the claims against Krasner, Tripp, Cummings, and Ghee fail because these defendants are not plaintiff's employer to whom the Whistleblower Law would apply.  Plaintiff's remaining timely allegations against Outlaw, Hendershot, Naish, and Quinn do not establish retaliation as required by the law.  Finally, plaintiff has not established any basis for the City of Philadelphia's liability under the Whistleblower Law. Accordingly, the motion of all defendants to dismiss plaintiff's claims under the Whistleblower Law will be granted.