IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| **DERRICK JACOBS,** | : | |
| | : | |
| Plaintiff, | : | |
| | : | |
| v. | : | Civil Action No. 2:19-cv-4616 |
| | : | |
| **TRACY TRIPP, et al.,** | : | |
| | : | |
| Defendants. | : | |

# ORDER

**AND NOW**, this ____ day of _____, 2023, upon consideration of Defendant Tracy Tripp's Response in Opposition to Plaintiff's Motion for Reconsideration and for Leave to File an Amended Complaint (ECF 78), it is ORDERED that Plaintiff's Motion is denied.

It is further ORDERED that Plaintiff shall pay the attorneys' fees incurred in connection with the preparation and filing of this Response. Within 14 days of the date of this Order, Ms. Tripp shall submit a Bill of Costs detailing the fees and costs incurred.

BY THE COURT:

_____
J.

IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| **DERRICK JACOBS,** | : | |
| Plaintiff, | : | |
| v. | : | Civil Action No. 19-4616 |
| **TRACY TRIPP, et al.,** | : | |
| Defendants. | : | |

**DEFENDANT TRACY TRIPP'S MEMORANDUM OF LAW IN OPPOSITION TO PLAINTIFF'S MOTION FOR RECONSIDERATION
<u>AND FOR LEAVE TO FILE A SEVENTH AMENDED COMPLAINT</u>**

**I.      INTRODUCTION**

With apparent confidence that he is not bound by this Court's rules and orders, plaintiff Derrick Jacobs has submitted a motion for reconsideration (the "Second Reconsideration Motion") of this Court's January 12, 2023 Order (ECF 77) denying Mr. Jacobs's first motion for reconsideration of the Court's October 20, 2023 Order dismissing his whistleblower claim (ECFs 67, 75) and for leave to file yet another amended complaint. This Court should not only deny Mr. Jacobs's Second Reconsideration Motion, but should also order Mr. Jacobs, as a condition to continuing this litigation, to pay the attorney fees incurred to respond to his frivolous, obdurate and vexatious motion practice filed in defiance of this Court's rules and orders.

The Court should deny Mr. Jacobs's Second Reconsideration Motion because his first motion for reconsideration was filed forty two (42) days late (ECF 77), and his Second Reconsideration Motion does not offer any excuse for his untimeliness. Moreover, and in any event, as already correctly determined by this Court, (1) Mr. Jacobs's Pennsylvania

whistleblower claim against Ms. Tripp is time-barred, and (2) Ms. Tripp was not Mr. Jacobs's "employer" within the meaning of the Pennsylvania Whistleblower law. For those reasons, Mr. Jacobs's whistleblower claim still fails as a matter of law.

Further, the Court should deny Mr. Jacobs's motion for leave to file an amended complaint to bring hostile work environment and constructive discharge claims against Ms. Tripp both because this Court has ordered that no additional amended complaints will be permitted and because the proposed claims are futile.

Lastly, the Court should sanction Mr. Jacobs for filing this frivolous Second Reconsideration Motion in bad faith and order him to pay the attorney's fees incurred in connection with the preparation of this Response.

## II.   PROCEDURAL HISTORY

On March 30, 2021, the Court granted Mr. Jacobs's motion for leave to file a fourth amended complaint, with an instruction that "Plaintiff shall not file any further amended complaints." (ECF 32). Defendants moved to dismiss all of Mr. Jacobs's federal claims and his state law whistleblower claim, which the Court granted (ECF 36). Following a remand from the Third Circuit, on June 3, 2022, the Court ordered Mr. Jacobs to file a fifth amended complaint for the limited purpose of identifying "the specific defendants he alleges to have violated the Pennsylvania whistleblower law" (ECF 41). The Order notes that "no additional claims will be permitted. If [Mr. Jacobs] asserts any additional claims, they will be dismissed without further notice."

Mr. Jacobs filed his fifth amended complaint on July 14, 2022 (ECF 42). The Court deemed Mr. Jacobs's fourth and fifth amended complaints together as the "operative complaint" (ECF46). Again disregarding the Court's previous instructions, and before the Defendants could respond to the "operative complaints," Mr. Jacobs filed a motion for leave to file a sixth

amended complaint (ECF 47).  The Court denied Mr. Jacobs's motion, instructing him again not to file additional amended complaints (ECF 51).

On September 15, 2022, defendants Tracy Tripp, Jason Hendershot, Dennis Wilson, and D.F. Pace answered Mr. Jacobs's Fourth Amended Complaint (ECF 53).  That same day, all defendants[1] filed a motion to dismiss Mr. Jacobs's Fifth Amended Complaint, containing his whistleblower claims (ECF 52), which the Court granted on October 20, 2022 (ECFs 66-67).

On December 15, 2022, nearly two months later, Mr. Jacobs filed a motion for reconsideration and – yet again – for leave to file another amended complaint. (ECF 75).  The Court denied Mr. Jacobs's motion as untimely on January 12, 2023 (ECF 77).  The Court specifically noted that it had already denied Mr. Jacobs's motion for leave to file a Sixth Amended Complaint and had informed him that it "was not in the interest of justice to allow any further amendments." *Id.*

Nonetheless, on January 26, 2023, Mr. Jacobs filed this Second Reconsideration Motion, including again a request for leave to file yet another amended complaint.  In his motion, Mr. Jacobs asks the Court to reconsider its previous order finding that his first motion for reconsideration was time-barred.  Mr. Jacobs also seeks to amend his complaint for a seventh time to bring meritless claims for a supposed hostile work environment and constructive discharge.

---

[1] The following defendants filed the motion to dismiss: the City of Philadelphia, Police Commissioner Danielle Outlaw Deputy Police Commissioner Christine Coulter, District Attorney Lawrence Krasner, Assistant District Attorney Tracy Tripp, Kia Ghee, Chief Inspector Dennis Wilson, Deputy Commissioner Benjamin Naish, Chief lnspector Frank Vanore, Inspector Francis Healy, Inspector D.F. Pace, Lieutenant Jason Hendershot, and Lieutenant Patrick Quinn.

### III.     ARGUMENT

#### A.     *The Court Should Deny the Motion for Reconsideration Because His Initial Motion for Reconsideration was Untimely.*

The Local Rules for the United Stated District Court for the Eastern District of Pennsylvania require that a party file a motion for reconsideration within fourteen (14) days of the entry of the order concerned.  *See* E.D. Pa. Local R. Civ. P. 7.1(g).  This 14 day deadline is mandatory and strictly construed. *See Bridges v. Colvin*, 136 F. Supp. 3d 620 (E.D. Pa. 2015) (denying a motion for reconsideration of an interlocutory order that was filed one day late because it was untimely under E.D. Pa. Local R. Civ. P. 7.1(g)).[2]

The Court granted Defendants' motion to dismiss the whistleblower claims in Mr. Jacobs's fifth amended complaint on October 20, 2022.  Mr. Jacobs had until November 3, 2022 to file a motion for reconsideration.  Mr. Jacobs waited until December 15, 2022 to file his first motion for reconsideration, forty two (42) days late and nearly two months after the Court dismissed the whistleblower claims in his fifth amended complaint.  The Court denied Mr. Jacobs's motion for reconsideration as untimely (ECF 77).

In his Second Reconsideration Motion (ECF 78), Mr. Jacobs does not offer any excuse for his failure to comply with Local Rule 7.1(g)'s 14-day filing deadline.  Instead, he argues that the Court should reconsider its Order denying his first motion for reconsideration as untimely pursuant to Fed. R. Civ. P. 60(b), which allows a court to grant relief from a "final judgment,

---

[2]     The exception under E.D. Pa. Local R. Civ. P. 7.1(g) which allows a party 28 days to file under Fed. R. Civ. P. 59(e), pertains to final orders, and does not apply here.  *See Pellicano v. Blue Cross Blue Shield Ass'n*, 540 Fed.Appx. 95, 97 n. 4 (3d Cir.2013) ("[B]ecause an order dismissing fewer than all claims or parties is generally not a final judgment, a Rule 59(e) motion to challenge such an order may only be filed after the district court enters the final judgment." ). Even if the longer 28 day period were to apply, Plaintiff filed his Motion for Reconsideration more than 28 days after the Court issued its Order dismissing Plaintiff's Fifth Amended Complaint.

4

order, or proceeding" based on purportedly "newly acquired evidence." (ECF 78 at p. 23). However, Rule 60(b) is not applicable here. Both the Court's Order granting defendants' motion to dismiss and the Order denying the initial motion for reconsideration are interlocutory and not final orders.[3] Those Orders are therefore not eligible for review under Fed. R. Civ P. 60(b). *See Torres v. Chater*, 125 F.3d 166, 168 (3d Cir.1997) (observing that "purely interlocutory" orders do not fall within the scope of Rule 60(b), which applies only to 'final' judgments and orders); *see also* Fed. R. Civ. P. 60(b) Advisory Committee's Note to 1946 Amendment (explaining that inclusion of the word "final" in the text of the Rule means that "interlocutory judgments are not brought within the restrictions of the rule.")

Based on the foregoing, the Court should deny Mr. Jacobs's Second Reconsideration Motion because his first motion for reconsideration was untimely, and this motion does nothing to cure that defect.

### B. *The Court Should Deny the Second Reconsideration Motion Because the Whistleblower Claim Against Ms. Tripp Fails as a Matter of Law.*

The Second Reconsideration Motion should be denied as well because Mr. Jacobs's purported newly discovered evidence is immaterial and does not overcome that his whistleblower claim fails as a matter of law.

"The purpose of a motion for reconsideration is to correct manifest errors of law or to present newly discovered evidence." *Harsco Corp. v. Zlotnicki*, 779 F.2d 906, 909 (3d Cir. 1985). "Out of consideration for finality and judicial economy," courts grant motions for reconsideration "sparingly." *Hatcher v. SCM Grp. N. Am., Inc.*, 167 F. Supp. 3d 719, 728 (E.D.

---

[3] *See* Order from Third Circuit Court of Appeals finding that it did not have jurisdiction over Plaintiff's appeal of the District Court's dismissal of his fifth amended complaint because it was not a final decision (ECF 79).

Pa. 2016) (citation omitted). The Third Circuit has identified three bases for altering an order: "(1) an intervening change in controlling law; (2) the availability of new evidence; or (3) the need to correct a clear error of law or to prevent manifest injustice." *Allah v. Ricci*, 532 F. App'x 48, 51 (3d Cir. 2013) (quoting *Lazaridis v. Wehmer*, 591 F.3d 666, 669 (3d Cir. 2010)).

Mr. Jacobs's motion does not satisfy any of those requirements. His claimed "newly discovered evidence" consists of various criminal and civil court filings in different cases, including the *Ryan Pownall* cases,[4] as well as various email strings involving Defendants Hendershot and Outlaw (ECF 78 pp. 10-22, ¶¶ 20-31). None of the "newly discovered evidence" relates to Mr. Jacobs's whistleblower claim against Ms. Tripp, nor does the evidence relate to any retaliatory act allegedly performed by Ms. Tripp. Therefore, the Court should deny the Second Reconsideration Motion because the "newly discovered evidence" is not new and does not cure the material deficiencies in the Fifth Amended Complaint against Ms. Tripp.

    **C.**    ***Ms. Tripp Cannot be Liable under the Whistleblower Statute because She was not Mr. Jacobs's Employer.***

Regardless of any supposed "newly acquired evidence," Mr. Jacobs's whistleblower claim against Ms. Tripp fails as a matter of law because she is not Mr. Jacobs's "employer" under the meaning of the Pennsylvania Whistleblower law. Ms. Tripp incorporates by reference her memorandum of law briefing this issue in detail. (*See* ECF 52 at pp. 16-17). The Court dismissed the whistleblower claim against Ms. Tripp on that basis (ECF 66 at pp. 15-16), noting that at the relevant time Ms. Tripp was an Assistant District Attorney, and that the District Attorney's Office does not exercise any supervisory authority over the police department. (*Id.*)

---

[4]    Mr. Jacobs references the Ryan Pownall cases in an apparent attempt to question Ms. Tripp's conduct of the Pownall grand jury proceedings. However, Mr. Jacobs at no point addresses why the court filings in the Ryan Pownall cases are relevant to his whistleblower claim against Ms. Tripp.

6

For the same reason the Court dismissed the whistleblower claim against Ms. Tripp initially, it should deny the Second Reconsideration Motion.

> **D.**     *The Whistleblower Claim Against Ms. Tripp is Time-Barred.*

As this Court previously held, the whistleblower claim against Ms. Tripp is time barred because Mr. Jacobs did not file his claim against Ms. Tripp within the 180-day period established by the Pennsylvania Whistleblower law.

> Plaintiff included Krasner and Tripp as defendants in his original pleading filed on October 4, 2019. Consequently, any alleged violations by Krasner and Tripp must have occurred no earlier than April 4, 2019 to be within 180 days of filing the complaint. None of the alleged violations by these defendants occurred on or after that date. Thus, all claims against Krasner and Tripp under the Whistleblower Law are stale.

*See* ECF No. 66 at p. 12, *citing* 43 P.S. § 1424.

None of the cases cited by Mr. Jacobs pertain to Pennsylvania's Whistleblower law's 180 day filing deadline. (*See* ECF 78 pp. 24, 27).[5]

Further, none of the supposed newly discovered evidence justifies reinstating his whistleblower claim against Ms. Tripp. Mr. Jacobs argues that Ms. Tripp's retaliatory acts against him began on September 27, 2018 when she began "the illegal and malicious prosecution of the plaintiff until August 1, 2019 when [she] informed plaintiff she was withdrawing

---

[5]  Mr. Jacobs cited the following case law: *Mandel v. M Q Packaging Corp.*, CIVIL ACTION NO. 3:09-CV-0042 (M.D. Pa. Jul. 25, 2011) (analyzing claims under the Pennsylvania Human Relations Act and Title VII sex discrimination, hostile work environment, and constructive discharge claims); *National Railroad Passenger Corp. v. Morgan*, 536 U.S. 101 (2002) (analyzing hostile work environment claim under Title VII of the Civil Rights Act of 1964)*; Havens Realty Corp. v. Coleman*, 455 U.S. 363 (1982) (analyzing discrimination under Section 804 of the Fair Housing Act of 1968); and *Heraeus Medical GMBH v. Esschem Inc*., No. 18-1368 (3d Cir. 2019) (analyzing claim under the Pennsylvania Uniform Trade Secrets Act). None of the cases cited by Mr. Jacobs involve a discussion or analysis of the time-filing requirements for claims brought under the Pennsylvania Whistleblower law.

prosecution against him." (ECF 78 p. 27, ¶ 43).  That conduct began 372 days before his first whistleblower claim against Ms. Tripp.  And as Mr. Jacobs was aware of the supposed "prosecution" against him (he was never charged with a crime), these allegations are not newly acquired facts or evidence.  In any event, none of the remaining "newly acquired evidence" relates to conduct of Ms. Tripp against Mr. Jacobs.  Accordingly, the "newly acquired evidence" does nothing to cure the fact that the whistleblower claim against Ms. Tripp is time-barred.

### E. *The Court Should Deny the Request for Leave to File an Amended Complaint As Futile Because His New Claims Would Fail as a Matter of Law*

Mr. Jacobs also requests that the Court grant him leave to file another amended complaint to add claims for hostile work environment and constructive discharge. (ECF 78 at pp. 24-25).

Once a response to a pleading has been filed, the Court has discretion whether to grant or deny a motion for leave to amend the pleading. Fed. R. Civ. P. 15(a), *Zenith Radio Corp. v. Hazeltine Research, Inc.*, 401 U.S. 321 (1971).  Here, there are several factors that weigh against granting Mr. Jacobs leave to file yet another amended complaint more than three years after he commenced this lawsuit, including "substantial prejudice, undue delay, bad faith, failure to cure in a timely manner, and futility of amendment."  *See Foman v. Davis*, 371 U.S. 178 (1962); *Oran v. Stafford*, 226 F.3d 275 (3d Cir. 2000).

Mr. Jacobs has already filed numerous amended complaints, and repeatedly ignored the Court's Order that he not file additional amended pleadings (ECF No. 51; ECF No. 77). To the extent Mr. Jacobs seeks to bring a whistleblower claim against Ms. Tripp in an amended complaint, that amendment would be futile for the reasons explained in Sections C & D, *supra.*

Likewise, the Court should deny Mr. Jacobs's request for leave to file an amended complaint as futile because his hostile work environment claim and constructive discharge claim against Ms. Tripp would both fail as a matter of law.  As explained above, Ms. Tripp was not

Mr. Jacobs's employer, supervisor, or coworker. Additionally, Mr. Jacobs does not allege that he exhausted his claims with an administrative agency as required under Title VII. *Barzanty v. Verizon PA, Inc.*, 361 Fed. Appx. 411, 413 (3d Cir. 2010); *Noel v. The Boeing Co.*, 622 F.3d 266, 270 (3d Cir.2010); *Mandel v. M & Q Packaging Corp.*, 706 F.3d 157, 165 (3rd Cir. 2013).

  F. ***The Court Should Sanction Mr. Jacobs for his Frivolous, Vexatious, and Bad-Faith Conduct in Connection with the Filing of this Second Reconsideration Motion***

Ms. Tripp respectfully requests that the Court sanction Mr. Jacobs for filing this duplicative motion in bad faith and for filing a frivolous motion – yet again -- to amend his complaint.

The Court may assess attorney's fees when a party has "'acted in bad faith, vexatiously, wantonly, or for oppressive reasons.'" *Alyeska Pipeline Service Co. v. Wilderness Society*, 421 U.S. 240, 258-59, (1975). The imposition of sanctions "reaches a court's inherent power to police itself, thus serving the dual purpose of 'vindicat[ing] judicial authority without resort to the more drastic sanctions available for contempt of court and mak[ing] the prevailing party whole for expenses caused by his opponent's obstinacy.'" *Chambers v. NASCO, Inc.*, 501 U.S. 32, 46 (1991). The Court's inherent power should be reserved for instances in which the conduct of a party is egregious, as is the case here. *See Martin v. Brown*, 63 F.3d 1252, 1265 (3d Cir.1995).

Mr. Jacobs's filed his Second Reconsideration Motion in bad faith, and solely for the purpose of harassing the defendants.[6] His Second Reconsideration Motion offers disjointed conspiracy theories that have no connection to his claims in this case, and it is duplicative of his

---

[6] Mr. Jacobs has acted in bad faith, with the intent of harassing defendants, since the first document he filed in this case. *See* ECF 1 at p. 1 (listing plaintiff's email as <imgonnagetusucka@aol.com>)

9

first Reconsideration Motion that the Court already denied. Further, Mr. Jacobs has ignored this Court's numerous orders not to file additional requests to amend his complaint or add new claims. Mr. Jacobs's Second Reconsideration Motion is just another step in his repeated pattern of wrongdoing, which is hindering the parties' ability to move forward with this case and the Court's ability to administer justice. *See Republic of the Philippines v. Westinghouse Elec. Corp.*, 43 F.3d 65, 74 (3d Cir. 1994). The Court should therefore sanction Mr. Jacobs for filing another frivolous motion by ordering him to pay the attorney's fees associated with the filing of this response.

## IV.    CONCLUSION

For the foregoing reasons, Ms. Tripp respectfully requests that the court deny Mr. Jacobs's Motion for Reconsideration and Leave to File to File an Amended Complaint and order Mr. Jacobs to pay the attorney's fees incurred in connection with this Response.

/s/ David Smith
David Smith (Attorney I.D. 21480)
Anne E. Kane (Attorney I.D. 81872)
Samantha Banks (Attorney I.D. 319401)

*Attorneys for Defendant, Tracy Tripp*

SCHNADER HARRISON SEGAL & LEWIS LLP
1600 Market Street, Suite 3600
Philadelphia, Pennsylvania  19103-7286
(215) 751-2000

Of Counsel.

Dated:  March 3, 2023

## CERTIFICATE OF SERVICE

      I hereby certify that on March 3, 2023, I filed a true and correct copy of Defendant Tracy Tripp's response in opposition to Plaintiff's Motion for Reconsideration and served a copy to all pro se parties and counsel of record via the Court's ECF system. I further certify that I sent a copy of the filed documents to Plaintiff at the address listed below:

Derrick Jacobs
P.O. Box 1454
Berlin, MD 21811

Date: March 3, 2023                        By: */s/ Samantha Banks*____
                                                                         Samantha Banks