**IN THE UNITED STATES DISTRICT COURT**
**FOR THE EASTERN DISTRICT OF PENNSYLVANIA**

**CIVIL ACTION NUMBER 19-CV-4616**

**DERRICK JACOBS,**
*PLAINTIFF*

**V.**

**CITY OF PHILADELPHIA, et al**
*DEFENDANTS*

**<u>PLAINTIFF'S RESPONSE TO DEFENDANT TRIPP'S OPPOSITION TO
PLAINTIFF'S SECOND MOTION FOR RECONSIDERATION</u>**

I.      **<u>INTRODUCTION</u>**

With the apparent confidence of protection from the Court, the criminal
defendants flaunt racism, criminality and violations of Constitutional Rights
without repercussions for their actions. This Court as the former Attorney General
of Pennsylvania and knowledge of criminal law should refer the defendants'
actions to the United States Attorney. The defendants knowingly, willfully, and
wantonly engaged in multiple violations of civil and criminal law in their
retaliation of the plaintiff for exposing corruption. While intentionally destroying
the plaintiff's life, they are now using the plaintiff's tax dollars for litigation
against the plaintiff to cover-up their criminal activity. The defendants consider
destroying lives as frivolous, obdurate, and vexatious while requesting sanctions
against the plaintiff (for the record the plaintiff is already paying the criminal's
legal fees with his tax dollars). Every Court (except this Court) that has reviewed
the defendants' actions has determined the defendants "lack candor." The

defendants contend the plaintiff believes the rules do not apply to him. On the contrary, after the pro se plaintiff's "new filing" against the Philadelphia Police Department created a snowball of inadvertent and clerical errors (ECF 23) due to miscommunications; the pro se plaintiff has followed with specificity every ORDER of the Court. In an effort to "understand" the Court, the plaintiff during the November 21, 2022 conference informed the Court of the "new evidence" in support/defense of the plaintiff's claims. Although the plaintiff realized current counsel was not present during the conference, the plaintiff clearly informed the Court of the new evidence and the malicious prosecution matter (21-3428). The counsel present during the conference attempted to justify the new evidence being presented to the Court. The Court informed the plaintiff he would not stop the plaintiff from filing any "paper" and his assistant retrieved and verified the malicious prosecution matter (21-3428). The defendants' only recourse in this matter is arguing possible procedural deficiencies, not the merits. The defendants know their clients guilt and are fighting the "newly obtained evidence" and malicious prosecution and now racism because there will be no defense to facts. The enormous legal expenses the defendants have caused the taxpayers to endure is corruption in and of itself (don't do the crime on the taxpayer's dime).

## II.   <u>PROCEDRAL HISTORY</u>

On October 4, 2019, the Plaintiff, Derrick Jacobs ("Jacobs") filed this complaint alleging the City of Philadelphia, District Attorney, Lawrence Krasner ("Krasner"), and Assistant District Attorney, Tracy Tripp ("Tripp") conspired to violate his Constitutional Rights (Document 1). Jacobs' filed his complaint pro se

after numerous attempts to acquire counsel failed. Jacobs listed "Federal Question" as the nature of the complaint (not understanding what the term meant). Jacobs listed the basis as Official Oppression (PA C.S. 5301) and Whistleblower Law (PS 1421).

On October 28, 2019, the defendants realizing the pro se plaintiff's legal deficiencies filed a Motion to Dismiss for Lack of Jurisdiction (Document 2).

After research and realizing those complaints were not **Federal Questions**, on November 8, 2019, Jacobs filed an amended complaint as a matter of course (Document 3). Jacobs' listed as the basis the following violations: Deprivation of Rights, Malicious Prosecution, Conspiracy, Defamation, Discrimination, False Declaration before a grand jury or court, Whistleblower Law and Official Oppression.

On November 22, 2019, the Court DENIED the defendants' Motion to Dismiss for Lack of Jurisdiction as moot (Document 5).

On November 22, 2019, the defendants filed a Motion for an Extension of Time to answer plaintiff's Amended Complaint (Document 6).

On November 26, 2019, the Court GRANTED the defendants' Motion for a thirty (30) day extension (Document 7).

On December 26, 2019, the defendants filed a Motion to Dismiss for Failure to State a Claim (Document 8).

On February 3, 2020, the Court issued and ORDER (1) the defendants shall file a SUPPLEMENTAL memorandum in support of their Motion to Dismiss plaintiff's Amended Complaint (Document 8) which address plaintiff's

claims for First Amendment Retaliation on or before Tuesday, February 18, 2020. (2) Plaintiff shall file and serve a response to the motion of the defendants on or before Tuesday, March 3, 2020. **(3) THE MOTION TO DISMISS WILL BE GRANTED AND THE ACTION WILL BE DISMISSED WITH PREJUDICE IF PLAINTIFF FAILS TO COMPLY WITH THIS ORDER (Document 10).** So the defendants get a chance to cure their Motion while the plaintiff gets threatened with dismissal.

On February 21, 2020, after missing the Court ORDERED deadline of February 18, 2020, the defendants' counsel (Kia Ghee) contacted the plaintiff on February 19, 2020 asking for a stipulation to file the defendants' supplemental memorandum. After plaintiff agreed to the stipulation, the Court ORDERED (1) the defendants shall file and serve, on or before Tuesday, February 25, 2020, a supplemental memorandum in support of their Motion to Dismiss Plaintiff's Amended Complaint (Doc. #8) which addresses Plaintiff's First Amendment Retaliation; and (2) Plaintiff shall file and serve a response to the Motion of the Defendants on or before Tuesday, March 10, 2020 (Document 12). *Plaintiff would not be surprised if Court notified defendants of their "tardiness."*

On February 25, 2020, the Defendants filed a Motion to Dismiss, only arguing against First Amendment Retaliation, claiming Jacobs' speech was not protected because it was a result of a phone conversation that occurred in the performance of his duties (Document 13).

On March 3, 2020 (on time), the Plaintiff replied to the defendants' Motion to Dismiss. The plaintiff stipulated his conversation that occurred in the

performance of his duties was not protected. The plaintiff claimed his conversation attempting to report corruption was protected. The plaintiff also informed the Court of the retaliatory administrative discipline against the plaintiff for the filing of the complaint. The Plaintiff alleged First Amendment Retaliation and Malicious Prosecution as the basis for his complaint. The plaintiff attached multiple exhibits in support/defense of his claims (Document 14).

On April 9, 2020, the Court DISMISSED the plaintiff's claims "WITH PREDJUDICE" (Document 16).

On May 6, 2020 George Bochetto (Bochetto and Lentz) entered his appearance on behalf of the plaintiff (Document 17).

On May 6, 2020 George Bochetto filed Notice of Appeal to the United States Court of Appeals for the Third Circuit on behalf of the plaintiff (Document 18).

On May 6, 2020 Jeffrey Ogren (Bochetto and Lentz) entered his appearance on behalf of the plaintiff (Document 19).

On June 30, 2020, Bochetto and Lentz filed a Motion to Withdraw as plaintiff's counsel and requested a fourteen (14) day extension to allow pro se plaintiff to file his appeal (20-1967, Document 11).

On July 6, 2020, the Court GRANTED the Motion to Withdraw and the fourteen (14) day extension to file (20-1967, Document 12).

On July 20, 2020, the Plaintiff filed his appeal to the United States Court of Appeals for the Third Circuit. The Plaintiff claimed the Court erred on

Dismissing Malicious Prosecution, First Amendment Retaliation, Conspiracy, and Whistleblower (20-1967, Document 15).

On August 12, 2020, the defendants' requested and was granted extension to September 2, 2020 to file their brief (20-1967, Document 16).

On September 2, 2020, the defendants filed their reply brief (20-1967, Document 17).

On September 22, 2020 the plaintiff filed his response his response (20-1967, Document 21).

On December 1, 2020, the United States Court of Appeals for the Third Circuit, affirmed if part and vacated in part, the District Court's dismissal of the Plaintiff's claims (20-1967, Document 24).

On January 4, 2021, the plaintiff attempted to file a new civil complaint against for First Amendment Retaliation against PPD. The plaintiff was informed he would need ECF privileges from Judge Bartle to file electronically (plaintiff has ECF privileges from Judge Slomsky (19-cv-4615).

On January 8, 2021, the plaintiff emailed his "new" Philadelphia Police Department ("PPD") complaint after unsuccessful attempts to obtain ECF privileges (21-128, Document 1, 1-1, and 1-2).

On January 4, 2021, the Court ORDERED the Plaintiff (***pro se plaintiff not served***) to file his Second Amended Complaint ("SAC") by February 1, 2021. The Court further ORDERED if SAC is not timely filed, complaint will be dismissed "WITH PREDJUDICE" (Document 22).

On January 25, 2021, the Court then drew a "clear" conclusion that it was not the plaintiff's intent to file a new complaint against the PPD. It was the plaintiff's intent to file a Second Amended Complaint ("SAC") based on the Court's January 4, 2021 ORDER that he did not serve the pro se plaintiff. Based upon the Court's clairvoyant characteristics, he instructed the Clerk to docket Jacobs' new civil complaint against the PPD (21-128, Document 1, 1-1, and 1-2) as the Jacobs' SAC in the Tripp/Krasner matter (19-cv-4616). The Court then instructed the Clerk to docket Jacobs request for Emergency Injunctive Relief (21-128, Document 3) against the PPD to the Krasner/Tripp matter (19-cv-4616). The Court's claim is the new claim was "inadvertently" docketed by and was intended to be docketed in Jacobs v. City of Philadelphia, et al., which the Court NEVER served to the pro se plaintiff (Document 23).

On January 25, 2021, the Clerk docketed Jacobs' new complaint against the PPD (21-128) as Jacobs SAC in the Krasner/Tripp matter (19-cv-4616) as ORDERED by the Court (Document 24, 24-1, and 24-2)

On January 25, 2021, the Clerk docketed Jacobs' request for Emergency Injunctive Relief against the PPD (21-128, Document 3) into the Krasner/Tripp matter (Document 25).

On January 25, 2021, the Court DENIED Jacobs Request for Emergency Injunctive Relief without any filing in OPPOSITION to the request from the defendants. (Document 26).

On January 26, 2021, Jacobs immediately filed a panicked "Second Amendment" complaint to combat the Court's decisions. Jacobs inadvertently left

out Malicious Prosecution and only added additional defendants to the cut and paste filing (Document 27) The Court deemed this as Jacobs' Third Amended Complaint ("TAC").

On February 10, 2021, the defendants filed their Motion to Dismiss (Document 28).

On February 25, 2021, Jacobs filed his response to the Defendants' Motion to Dismiss (Document 29, 29-1, and 29-2). The Court considered the Plaintiff's response as his Fourth Amended Complaint ("FAC") without leave.

On March 1, 2021, Bochetto and Lentz filed a Motion to Withdraw as Jacobs counsel (Document 30). Jacobs' former counsel submitted Exhibit "A" as proof they had already withdrawn and the legal and clerical error of the Court to not serve the Plaintiff his January 4, 2021 ORDER.

On March 2, 2021, the Court GRANTED George Bochetto and Jeffrey Ogren (Bochetto and Lentz) Motion to Withdraw as Jacobs' counsel (Document 31).

On March 2, 2021, the Court (1) GRANTED Jacobs' leave to file what the Court knew was a flawed complaint and did not have First Amendment Malicious Prosecution and other claims listed. (2) The Court made the FLAWED FAC supersede all previously filed complaint. (3) DENIED Defendants' Motion to Dismiss (Document 28) as moot. (4) Defendants may file and serve on or before March 22, 2021 a motion to dismiss with respect to the FAC (Document 29). (5) Plaintiff shall file and serve his brief in opposition to any motion on or before April 8, 2021. So if the Court one day earlier had Jacobs' former counsel

withdraw *(a conversation had to be had without plaintiff)* why didn't the Court allow Jacobs to cure his FLAWED filing (Document 32).

On March 20, 2021, the Defendants filed their Motion to Dismiss (Document 33).

On April 4, 2021, the Plaintiff file his response to the Defendants' Motion to Dismiss. The pro se Plaintiff added the previous inadvertent omission of First Amendment Malicious Prosecution to the response. The Court instead of allowing the SUPPLEMENT deemed it as the Plaintiff's Fifth Amended Complaint without leave (Document 34, 34-1, 34-2, and 34-3).

On June 16, 2021, the Court authored a Memorandum making Document 29 as the "Operative Pleading" for Jacobs and GRANTED the Defendants' Motion to Dismiss (Document 33) WITH PREJUDICE. The Court DIMISSED the PA Whistleblower claim without prejudice (Document 35).

On July 12, 2021, the Plaintiff filed Notice of Appeal  to the United States Court of Appeals for the Third Circuit from the Court's June 16 ORDER (Document 37).

On June 1, 2022, the Third Circuit Court of Appeals vacated and remanded for the SECOND time the District Court's DISMISSAL of the Plaintiff's claims (21=2314, Document 24). The Third Circuit Court of Appeals highlighted this Court's bias against the Plaintiff. The Third Circuit continually inferred the Court acted against the facts and parroted the defendants' "conclusions" and in the plaintiff's opinion and factual knowledge "LIES."

On June 30, 2022, the Court issued an ORDER the pro se Plaintiff can only address the PA Whistleblower claim. This is once again the Court's bias attempt to not allow, although he has claimed "generosity" the Plaintiff to amend his complaint in the interest of Justice (Document 41).

On July 14, 2022, the Plaintiff filed his Court ORDERED PA Whistleblower claim only (Document 42).

On July 27, 2022, the Plaintiff filed a Motion for Recusal against the Court (Document 43).

On August 4, 2022, the Defendants asked the Court for "clarification" (lawyers trying to wrap their head around the bias) and another sixty (60) day extension of time to file response. The defendants also proposed the Plaintiff be allowed to file a "new Sixth Amended Complaint." This bias Court DENIED that option (Document 44).

On August 8, 2022, the Court DENIED the Plaintiff's request for RECUSAL (Document 45).

On August 8, 2022, the Court GRANTED in part and DENIED in part the Defendants' Proposed ORDER and Request fro Extension of Time. The Court (1) Motion for "clarification" and extension of time is GRANTED. (2) The Court considers the FLAWED Document 29 and the "laser focus" Document 42 as the "operative pleadings." (3) Defendants have until September 8, 2022 to respond to the operative pleading(s) (Document 46).

On September 2, 2022, the Plaintiff requested leave to amend and file sixth amended complaint (Document 47).

On September 7, 2022, the Defendants requested another extension of time (Document 49).

On September 7, 2022, the Defendants were GRANTED another extension of time to file their response (Document 50). Note the Plaintiff was given fourteen (14) days or else his complaint would be DISMISSED WITHOUT NOTICE.

On September 12, 2022, the Court DENIED (shocker) the Plaintiff's request of leave to amend and file a sixth amended complaint (ECF 51).

On September 15, 2022, the Defendants filed Motion to Dismiss Plaintiff's Whistleblower claims (ECF 52).

On September 15, 2022, the Defendants responded (ECF 53) to ANSWER Plaintiff's previous "operative pleading" (Document 29). Why did the Court commit legal error and prejudice the Plaintiff by allowing the Defendants to ANSWER Document 29 TWICE. Didn't the Defendants' ANSWER this pleading with Document 33? So the Court allows the defendants numerous extensions and multiple responses but the Plaintiff gets DENIED JUSTICE.

On September 15, 2022, the Plaintiff requested the Court's RECUSAL once again (ECF 54).

On September 19, 2022, the Court DENIED the Plaintiff's request for RECUSAL (ECF 58).

On September 19, 2022, the Plaintiff requested leave to amend and file sixth amended complaint (ECF 59).

On September 21, 2022, the Court DENIED the Plaintiff's request for leave to amend (ECF 60).

On September 22, 2022, the plaintiff requested leave to amend to file sixth amended complaint (ECF 61).

On September 26, 2022, the Court DENIED the Plaintiff's request DENYING the Plaintiff Justice and "protecting" criminal after Plaintiff presented new evidence and documentation on multiple occasions (Document 62).

On October 6, 2022, the Plaintiff filed a Motion for Reconsideration from ORDER (Document 64).

On October 18, 2022, the Court DENIED the Plaintiff's Motion for Reconsideration WITHOUT any OPPOSITION from the Defendants (Document 65).

On October 20, 2022, the Court GRANTED the Defendant's Motion to Dismiss the Plaintiff's Whistleblower claims (this is a so he can dismiss the other matters on summary judgment). The Court in his decision stated the DAO is not the Plaintiff's employer. If the Court believes this, why did he merge Jacobs' "new" complaint with this complaint…BIAS (Document 66).

On November 16, 2022, the Plaintiff requested the recusal of the Court (Document 70).

On November 17, 2022, the Court DENIED the Plaintiff's request for recusal (ECF 72).

On December 15, 2022, the Plaintiff, per Court during November 21, 2022 conference files Motion for Reconsideration (Document 75).

On January 10, 2023, in violation of the Local Rules of Civil Procedure 7.1, the defendants filed their opposition (ECF 76).

On January 12, 2023, the Court DENIED the Plaintiff's Motion for Reconsideration KNOWING the criminal activity of the Defendants (Document 77).

On January 26, 2023, the Plaintiff filed the current Motion for Reconsideration (Document 78).

On February 17, 2023, the Defendants filed a Motion (once again in violation of the Local Rules of Civil Procedure 7.1) for an Extension of time to oppose the Motion for Reconsideration (Document 83).

On February 21, 2023, the Plaintiff filed opposition to Defendants' request for an extension (ECF 84).

On March 3, 2023, the Defendants WITHOUT the Court's approval filed LATE opposition to the Plaintiff's Motion for Reconsideration (Document 85).

III.   **ARGUMENT**

**A. Response to defendants' argument Plaintiff's Motion for Reconsideration was untimely.**

Due to the repeated threats of sanctions ("DISMISSED WITH PREDJUDICE") by the Court for ANY filing, the **pro se Plaintiff** waited until November 21, 2022 conference with Judge Bartle to address "new evidence" obtained by the Plaintiff. During the conference the Court was apprised of the "new evidence," to which counsel for the defendants acknowledge stating the "attorney was working for all defendants" in

January 2020. This "new evidence" had been INTENTIONALLY withheld from the plaintiff. The Court informed the plaintiff he could not stop the pro se plaintiff from "filing any paper." The plaintiff asked the Court if he had knowledge of the matter with Judge Slomsky (19-cv-4615) and the Court replied it had no knowledge of the Judge Slomsky matter. This was odd to the plaintiff because counsel for the defendants (Nicole Morris) informed the Court she was waiting for additional documents not received in the other matter from the plaintiff, to which the Court acknowledged in agreement. The plaintiff also brought the "Malicious Prosecution" matter (21-3428) to the Court's attention. This matter had been held in suspense by the Court. After the Court's assistant retrieved the matter, the Court informed the defendants inquisitively stating "this matter will duplicative;" right? Finally, during this conference the Court showed its bias and **HUMILIATED** the plaintiff by having "SECURITY" called for protection during the conference on the twenty-five plus (25+) decorated veteran and plaintiff in the matter (see attached).   When the Court issued its scheduling ORDER in this matter none of these discussions were documented in the ORDER. The plaintiff filed his Motion for Reconsideration with supporting exhibits on December 15, 2022 per the Court's instruction. On January 10, 2023, twenty-six (26) days following the plaintiff's Court instructed Motion for Reconsideration, the defendants filed their Response in Opposition (probably after a call from the Court). On January 12, 2023, two (2) days later, the Court

DISMISSED the plaintiff's claims as UNTIMELY. The Court then informed the plaintiff he will not allow a SEVENTH amended complaint (the current OPERATIVE pleading, other than the COURT DIRECTED complaint is the Fourth Amended Complaint ("FAC"). The Court did not consider or address the "NEWLY ACQUIRED EVIDENCE" submitted by the plaintiff. The Court also did not address the instruction given during the November 21, 2022 conference, instead the Court noted a September 26, 2022 ORDER, letting the plaintiff know this matter would not be decided on the MERITS, and jury of the plaintiff's PEERS. The Court also did not GRANT the plaintiff's Motion as UNCONTESTED, per Rule 7.1(c). On March 15, 2023 a telephone conference with Judge Bartle and defendants; "new" counsel was held. During the conference the defendants wanted a ninety (90) day extension to become "acquainted" with the matter. The plaintiff offered to stipulate to the extension in exchange for a stipulation for leave to amend and "clear" up the record in this matter convoluted by the Court. Prior to the defendants accepting or rejecting the stipulation, the Court interjected and GRANTED the defendants' Motion for an extension and gave the plaintiff until Monday, March 20, 2023 to submit his reply to the defendants' new motion in opposition to the plaintiff's second Motion for Reconsideration. On March 16, 2023, the Court vacated the previous scheduling ORDER and issued a revised scheduling ORDER. The ORDER did NOT reflect the telephone conference on March 15, 2023. The ORDER did not reflect the plaintiff's

stipulation and/or the Court's instruction the plaintiff file his reply by Monday March 20, 2023. Upon information and belief, the plaintiff believes the omissions were INTENTIONAL. The omissions reflected similar omissions from the November 21, 2022 conference. The defendants argue Local Rule 7.1 and FRCP 59(e). The defendants continue to commit fraud against the Court by withholding evidence in support/defense of the plaintiff's claims. The plaintiff informed the Court of the "new evidence" withheld by the defendants after due diligence in obtaining the evidence. The defendants continue to withhold evidence in support/defense of the plaintiff's claims and have threatened members of the PPD if the information is provided to plaintiff. The defendants currently are withholding a report that shows the Philadelphia District Attorney's Office ("DAO") withheld exculpatory evidence and lied to the Pownall "investigating grand jury." The report shows that Pownall was arrested with an illegal arrest warrant and affidavit prepared by Lieutenant Jason Hendershot on orders from the DAO. PPD personnel have been threatened by Deputy Police Commissioner Frank Vanore and Lieutenant Jason Hendershot if the plaintiff is provided with the report. The entire Command Staff have reviewed the report, including Police Commissioner Danielle Outlaw. District Attorney Lawrence Krasner has ordered the report not be disseminated and the PPD has kept the report hidden from the public. This report would prove the plaintiff's original DAO corruption allegations. The defendants argue "purported newly discovered

evidence." The defendants have now hidden "new evidence" under the guise of attorney/client privilege, in which attorney Kia Ghee participated in Jacobs' "constructive discharge" from the PPD while representing Krasner and Tripp. The Third Circuit Court of Appeals has consistently viewed denial of Request of Reconsideration as abuse of discretion.

**B.** Response to defendants' argument plaintiff's Whistleblower claim against Tripp fails as a matter of law.

The defendants' argue the newly discovered evidence does not relate to Tripp. The newly discovered evidence reflect Tripp's effort to have Jacobs removed because of his race. Also Tripp and Krasner conspired with the PPD in retaliations for Jacobs publicizing their corruption. Tripp used her attorney Kia Ghee to transmit information to/from the PPD to facilitate Jacobs discharge from the PPD.

**C. Response to defendants' claim Tripp cannot violate the Whistleblower law because she is not Jacobs' employer.**

The newly discovered evidence consist of a conspiracy and coordination between the PPD and DAO to terminate Jacobs' Law Enforcement career. The written documents are now hidden and not provided under the guise of attorney/client privilege. If Tripp and Ghee are not Jacobs' "employer" then why are Jacobs' PPD superiors (Wilson, Vanore, and Hendershot) coordinating Jacobs' discipline with Krasner and Tripp's attorney, Kia Ghee. Why are Jacobs' PPD superiors "stealing" Jacobs' departmental communications and re-

directing them to Krasner and Tripp through Ghee. This was a conspiracy between the PPD and DAO to retaliate against Jacobs for exposing corruption by City of Philadelphia employees, which also employs Jacobs. Further the Court and the defendants want it both ways. The defendants and Court say Tripp is not Jacobs' employer, but when Jacobs filed his complaint against the PPD alleging First Amendment Retaliation, Whistleblower, Due Process, Conspiracy; the Court disregarded Jacobs' intentions and "new" complaint. The Court "joined" Jacobs "new" complaint (21-128, Document 1 and 1-1) with Jacobs complaint against Krasner and Tripp for Malicious Prosecution. This has caused an abomination of Justice and an intentional and willful act on the part of the Court and the defendants, which is the "real" reason no additional amendments in the interest of Justice will be allowed by this Court for the PRO SE Plaintiff. The COURT filed this complaint as Jacobs' Second Amended Complaint ("SAC"). By the time Jacobs' realized what was going on (Document 34) the Court's "generosity" allowed Jacobs to submit the flawed Document 29 as the "operative pleading," which did not contain the insurmountable "First Amendment Malicious Prosecution" complaint against the defendants. This would allow the Court to DISMISS Jacobs' complaint at summary judgment and the defendant(s) will never have to face a jury of "Jacobs'" peers. The Court also IMMEDIATELY DISMISSED (21-128, DOCUMENT 4) Jacobs

request for EMERGENCY INJUNCTIVE RELIEF (21-128 Document 3) after the Third Circuit Court of Appeals issued its ruling without any opposition brief from the defendants and/or evidence to justify participating in the termination of Jacobs' Law Enforcement career. So let me get this straight, the Court can commit a clerical and legal error by joining the two cases, the rule against the plaintiff saying they should not have been joined…got it.

**D. Response to defendants' stating Whistleblower complaint is time barred.**

The defendant(s) clearly violated continuing violation doctrine. The defendants would have you believe that Jacobs would grab a bullhorn and shout out corruption while criminal prosecution loomed overhead. The defendants now are claiming "purported" criminal prosecution since Jacobs was never charged for a crime he didn't commit. The defendants admitted the purported criminal investigation (Document 28, page 11) claiming absolute immunity for criminal activity. The fact that Tripp's lawyer participated in Jacobs' departmental discipline was newly acquired and shows Tripp's continued retaliation against Jacobs.

**E. Response to defendants stating complaint fails as a matter of law**

The Court and defendants continue the argument Jacobs has been allowed numerous amendments. This was the Third Circuit's opinion

also based upon a flawed record. The Third Circuit has viewed the denial of amendments in civil rights matters as abuse of discretion.

Let's address each claim: (1) **Substantial Prejudice**: How can you be prejudiced by having the matter proceed on the merits. How can you be rewarded for intentionally hiding evidence and committing fraud against the Court? The defendants currently have in their possession and are hiding documents that prove Tripp committed and suborned perjury during the "investigative" grand jury against former Police Officer Ryan Pownall. Hendershot in the document admits he was "duped" by Tripp and "unwittingly" prepared a falsified arrest warrant and affidavit to arrest Pownall. The plaintiff has requested this document from the defendants on "numerous" occasions which has not been provided in violation of FRCP 26. Once the document is provided it would once again produce "new evidence" in support of the plaintiff's claims that he was retaliated against and maliciously prosecuted for exposing corruption by City of Philadelphia officials. This document has been presented to ALL members of the PPD Command Staff, including Police Commissioner Danielle Outlaw showing the criminal activity. On orders from District Attorney Lawrence Krasner, Police Commissioner Outlaw and Deputy Police Commissioner Frank Vanore have withheld this document from the plaintiff and the public showing the criminal activity of City of Philadelphia officials. (2) **Undue Delay**: The plaintiff is proceeding

pro se, alone with a computer. The City of Philadelphia has hundreds of attorneys, yet in the 11th hour they decided to "retain" the taxpayer funded services of TWO top law firms with hundreds of lawyers against the pro se plaintiff. Although the city solicitor received notice to attend the March 15, 2023 conference, she did not participate to explain why the 11th hour change, and who approved the change at the expense of taxpayers. The Court also did not question the 11th hour change before once again GRANTING the defendants' request of a ninety (90) day extension, which has and continues to prejudice the one person pro se plaintiff. So who is actually delaying this matter? Every extension in this matter has been requested by the defendants and GRANTED by the Court. (3) **Bad Faith**: The defendant are the only parties in this matter acting in bad faith. The are intentionally withholding discovery and using their vast resources of taxpayer funds to continue the criminal persecution of the plaintiff. The plaintiff only goal is to have the matter proceed on the MERITS not legal mumbo jumbo, which the plaintiff lacks the proper acumen. (4) **Failure to Cure in a timely manner**: The pro se plaintiff has attempted on several occasions to cure inadvertent errors. The Court realizing this would allow the matter to proceed on these merits has DENIED and threatened the plaintiff at every turn. (5) **Futility of Amendment**: The FIRST Amendment Malicious Prosecution claim amendment alone shows the request is not futile as the Third Circuit Court of Appeals

confirmed in citing Mullin v Balicki (16-2896) for the Court's perceived abuse of discretion against the plaintiff in dismissing the Fourth Amendment Malicious Prosecution when obviously, the novice pro se plaintiff's intent would be a First Amendment Malicious Prosecution which would not require seizure. The Court knew that then and the Court knows that now. Also, not only was the criminality of Tripp exposed, it has been determined she was acting in an "investigatory" capacity which the pro se plaintiff has ALWAYS alleged. This would have only entitled her to "qualified immunity" not the absolute immunity the Court so graciously provided.

## F. Response to defendants' request for sanctions

The defendants consider fighting for the theft of a career, fighting against discrimination, fighting for the rule of law, and protecting God given Constitutional Rights as frivolous, vexatious and an act of bad faith. What's frivolous is the dollar amount the taxpayers have to pay to two of the top law firms in the City of Philadelphia, to prevent the exposure of corruption. What vexatious is the loss of a career, business, and threat of criminal prosecution at the hands of criminals. Bad faith is the withholding and/or destruction of documents in support/defense of pro se plaintiff's claims. Was the change of counsel planned in this 11th hour to harm pro se plaintiff. Those are actual acts of bad faith. I realize "current" counsel was not present during the November 21, 2022 conference with Judge Bartle. During that

conference the pro se plaintiff asked and received permission to file the Motion. The plaintiff also realizes this fact was not documented in the first scheduling order by the Court.   The defendants realize and were present during the March 15, 2023 telephone conference when the Court gave the plaintiff until Monday, March 20, 2023 to file this reply. This was done in the presence of the defendants and not included in the second scheduling order.

**G.  Plaintiff's perceived Bias by the Court**

Jacobs has been influenced by a myriad of American Heroes. One of which is Justice Clarence Thomas. This is a person who has experienced the American Dream through hard work, not excuses. So when Justice Thomas stated to Joe Biden during his confirmation hearings "THIS IS A HIGH TECH LYNCHING FOR UPPITY BLACKS THAT DANE TO THINK FOR THEMSELVES, TO DO FOR THEMSELVES, TO HAVE DIFFERENT IDEAS, AND IT IS A MESSAGE, THAT UNLESS YOU COWTOW TO THE OLD ORDER, THIS IS WHAT WILL HAPPEN TO YOU; YOU WILL BE LYNCHED, DESTROYED, CARICATURED…RATHER THAN HUNG FROM A TREE." the same is true here by this Court and these defendants.

The Court has GRANTED every request by the defendants. The Court has DENIED every request by the plaintiff.

The Court has GRANTED the defendants' request and DISMISSED the pro se plaintiff's complaint on two occasions for failure to state a claim at the pleading stage, which had to be vacated by the Third Circuit Court of Appeals. This is startling, since the defendants have now retained the services of two top Philadelphia law firms at the expense of taxpayers for what the Court has previously and continues to infer are "meritless" claims.

The Court DENIED the pro se plaintiff's request for Emergency Injunctive Relief, which the plaintiff requested to maintain his employment and feed his family. The Court took this action in eleven (11) days and without ANY opposition from the defendants. How could the Court know the outcome of this matter at the pleading stage. What reason would the Court have to DENY Emergency Injunctive Relief from the plaintiff at the pleading stage? What information did the Court have that caused the DENIAL? Did the Court have any ex parte communications with ANY defendant to arrive at this bias and prejudiced action taken against the plaintiff?

Finally, the Court called for security protections from the pro plaintiff during the November 21, 2022 conference inside Courtroom 16A. Pictured below is a picture of the plaintiff. I would asked the Court what characteristics has the pro se plaintiff exhibited which caused the Court the alarm and fear to disrespect the plaintiff so harshly.



Lets view the above picture to determine the characteristics that caused the Court's actions against the plaintiff. (1) The pro se plaintiff was a Police Officer. (2) The pro se plaintiff was a Detective. (3) The pro se plaintiff spent at least twenty-five (25) years as a Law Enforcement Officer. (4) The pro se plaintiff was highly decorated in his capacity as a Law Enforcement Officer. (5) The pro se plaintiff is black. (6) The pro se plaintiff is male. (7) The pro se plaintiff is bald.

The pro se plaintiff authored a letter to the Court On November 22, 2022, asking why the pro se plaintiff was treated in such a demeaning manner. The Court to date has not responded.

**<u>CONCLUSION</u>**

The Court's failure to allow the record to be cured at this stage will only cause future and unnecessary litigation. Based upon the above listed responses, the plaintiff's request to amend the complaint should be GRANTED.

Date: 3/20/2023                    *Derrick Jacobs*
                                    Derrick Jacobs, Pro Se Plaintiff

## CERTIFICATE OF SERVICE

I, Derrick Jacobs, Plaintiff within the above-captioned matter, hereby certify that a true and correct copy of Plaintiff's filing(s) according to the Federal Rules of Civil Procedure was sent via email and/or ECF upon the following on the date to Counsel representing all Defendants.

- Date:   3/20/2023

*Derrick Jacobs*
Derrick Jacobs,
Plaintiff, *Pro Se*