IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

DERRICK JACOBS : CIVIL ACTION
:
v. :
:
CITY OF PHILADELPHIA, et al. : NO. 19-4616

ORDER

AND NOW, this 29th day of March, 2023, it is hereby ORDERED that the motion of plaintiff for reconsideration (Doc #78) of this court's January 12, 2023 Order denying plaintiff's first motion for reconsideration (Doc. #77) is DENIED.

_____

Derrick Jacobs, a former Philadelphia police detective, proceeding pro se, brings various federal and state claims in his fifth amended complaint against numerous defendants.[1] Among his claims was one under the Pennsylvania Whistleblower Law, 43 P.S. § 1423. Plaintiff, pursuant to the

---

1. The fifth amended complaint named as defendants the City of Philadelphia, Philadelphia District Attorney Lawrence Krasner, Philadelphia Assistant District Attorney Tracey Tripp, Philadelphia Assistant District Attorney Patricia Cummings, Philadelphia Law Department attorney Kia Ghee, and various members of the Philadelphia Police Department: Commissioner Danielle Outlaw, Deputy Commissioner Christine Coulter, Deputy Commissioner Benjamin Naish, Chief Inspector Frank Vanore, Chief Inspector Dennis Wilson, Inspector Francis Healy, Inspector D.F. Pace, Lieutenant Jason Hendershot, and Lieutenant Patrick Quinn.

statute, avers retaliation against him for reporting alleged corruption and perjury during a grand jury proceeding.

On October 20, 2022, this court dismissed plaintiff's Whistleblower Law claims for failure to state a claim pursuant to Rule 12(b)(6) of the Federal Rules of Civil Procedure. See Jacobs v. City of Philadelphia, No. CV 19-4616, 2022 WL 11804030 (E.D. Pa. Oct. 20, 2022). The court explained that plaintiff's Whistleblower Law claims against Lawrence Krasner, Tracey Tripp, Patricia Cumming, Kia Ghee, Christine Coulter, Frank Vanore, Dennis Wilson, Francis Healy, D.F. Pace, and Dennis Wilson are time-barred. See id. at *6. It further explained that the claims against Krasner, Tripp, Cummings, and Ghee also fail because these defendants cannot be deemed to be or to have been plaintiff's employer as required under the statute. See id. The court also advised that the allegations against Danielle Outlaw, Benjamin Naish, Jason Hendershot, Patrick Quinn, and the City of Philadelphia, taken as true, cannot establish retaliation. See id.

Nearly two months later, on December 15, 2022, plaintiff filed his first motion for reconsideration and for leave to amend his complaint. Local Civil Rule 7.1(g) requires a plaintiff to serve and file a motion for reconsideration within 14 days after the entry of the relevant order. On January 12, 2023, the court denied plaintiff's motion for

-2-

reconsideration as out of time and his leave to amend his complaint as not in the interest of justice.

On January 26, 2023, plaintiff filed his second motion for reconsideration. Although plaintiff requests reconsideration of the court's January 12 Order, he is in effect requesting that the court reconsider its October 20 decision dismissing plaintiff's Pennsylvania Whistleblower Law claims. His motion continues to be out of time. Even assuming, however, that plaintiff's motion is timely, his position that his Whistleblower Law claim is viable is still without merit. Accordingly, plaintiff's request for reconsideration is denied.

In addition, plaintiff requests leave to file a sixth amended complaint. He avers that he has additional evidence in support of his claim. On September 26, 2022, this court denied plaintiff's motion to file a sixth amended complaint and told him that it was not in the interest of justice to allow any further amendments without end.[2] Plaintiff's motion is again denied for the same reason.

BY THE COURT:

/s/ Harvey Bartle III
                              J.

---

2. Plaintiff has now moved five times for leave to file a sixth amended complaint.