IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| **DERRICK JACOBS,** : | CIVIL ACTION |
| Plaintifff, : | |
| : | No. 19-CV-4616 |
| v. : | |
| : | |
| **CITY OF PHILADELPHIA, et al.** : | |
| Defendant. : | |

**MOTION FOR RECONSIDERATION AND LEAVE TO AMEND COMPLAINT**

Plaintiff, Derrick Jacobs, hereby request reconsideration and leave to amend the above captioned complaint. The Court has erred on numerous occasions and has not presented a record that is consistent with the facts of this matter. The Court has also parroted the defendants' claims, which is not supported by the law or the facts. In the interest of justice and to correct a fatally flawed and prejudiced record, the plaintiff respectfully makes this request.

I. **Amendments Record**

1. **(Number 1)** On November 8, 2019 the plaintiff filed an amended complaint after recognizing his complaint did not contain a federal question (Document 3).

2. **(Number 2)** On January 25, 2021, the Court (defendants) filed a Second Amended Complaint and attributed the amended complaint to the plaintiff (ECF 24). On January 8, 2021, the plaintiff filed "new" civil complaint against Philadelphia Police Department (21-128, Document 1), which the Court made the "Second Amended Complaint" ("SAC") without

contacting plaintiff. This action was against the plaintiff's wishes and/or without his knowledge or consent.

3. **(Number 3)** On January 26, 2021 the plaintiff "responded" to the Court's (defendant's) SAC. The Court made the plaintiff's response the "Third Amended Complaint" ("TAC") and attributed the amended complaint to the plaintiff (Document 27).

4. **(Number 4)** On February 10, 2021, the defendants filed a 12(b)(6) Motion to Dismiss for Failure to State a Claim (ECF 28). On February 25, 2021, the plaintiff responded to the defendants' Motion to Dismiss for Failure to State a Claim (Document 29). On March 2, 2021, (after making sure the plaintiff's former counsel was removed from complaint (ECF 30 and 31)) the Court inexplicably decided to dismiss the defendants' motion to dismiss as moot, proceeded to make the plaintiff's response to the defendants' motion to dismiss his "Fourth Amended Complaint" ("FAC"). The Court made "their" FAC to supersede all previous filings. The Court capped his 9.9 performance be "informing" the pro se plaintiff he "shall not file any further amended complaints" (ECF 32). This was a threatening sanction directed at plaintiff.

5. **(Number 5)** On June 30, 2022, after the Third Circuit Court of Appeals reversed this Court for the second time in this matter, this Court issued an ORDER. The ORDER gave the pro plaintiff thirteen (13) days until July 13, 2022 to file an amended complaint addressing "only" the PA Whistleblower Complaint (ECF 41).

The Court's "version" of generosity is disingenuous at best. As the above "facts" would prove the plaintiff was afforded ONE unrestricted and/or forced amended complaint. One has to ask, why the Court is intentionally attempting to manipulate the record claiming "generosity?" The Court also has stated numerous times it is not in the interest of justice to provide the plaintiff justice?

II. **New Evidence**

The plaintiff has provided the Court with NUMEROUS items of new evidence that had been intentionally hidden and withheld by the defendants. The Court cites "undue delay" for the defendants' violations of the FRCP. To date the defendants have not provided one requested discoverable item, which they claim is overly broad (will not be provided and the Court will not issue a sanction).

III. **PA Whistleblower Law**

The Court has erred by adopting the defendants' argument in violation of the FRCP. In dismissing the plaintiff's PA Whistleblower claim, the Court adopted the defendants' employer/employee argument instead of following the law. In dismissing a claim under 12(b)(6) the Court "must" accept as true the plaintiff's well-pleaded factual allegations not "adopt" and "frame" the defendants' false facts and old law. The Court became a contortionist in law, knowing their facts (Court and Defendants) were "adjusted" to fit their narrative. "Although the "text" of the statute covers the reporting of wrongdoing by "any" public body, Pennsylvania courts have limited the law's

protections to instances in which the employee is reporting the violation of a regulation or statute "that the employer is charged to enforce for the good of the public or is one dealing with the internal administration of the governmental employer in question" (Gray v Hafer, 1995). "The employee cannot, however, report a third-party's wrongdoing to the employer and receive protections under the Whistleblower Law if that wrongdoing is unrelated to the employer" (ECF 66, Page 9-10). The Supreme Court of Pennsylvania (J-91-2017) decision in Bailets v PTC would contradict the Court's "version" that "Pennsylvania courts have limited the law's protections (what limits the law is predetermined agendas). Why did the Court file Jacobs' new complaint against the Philadelphia Police Department, as the SAC against the Philadelphia District Attorney's Office if the entities were unrelated as they related to Jacobs?

IV. **Interest of Justice**

In the interest of justice and clarity in the record, the plaintiff's request for reconsideration and leave to amend should be GRANTED. The current record is flawed and is only meant to mislead and deceive.

V. **Exhibits**

The attached exhibits are in support/defense of plaintiff's claims and request.

Date: 4/12/23

Respectfully submitted,

Derrick Jacobs
Pro Se Plaintiff

## CERTIFICATE OF SERVICE

I, Derrick Jacobs, Plaintiff within the above-captioned matter, hereby certify that a true and correct copy, according to the Federal Rules of Civil Procedure was sent via email and/or ECF on the date shown below.

Date:   4/12/2023

_____
Derrick Jacobs,
Plaintiff, *Pro Se*