**IN THE UNITED STATES DISTRICT COURT**
**FOR THE EASTERN DISTRICT OF PENNSYLVANIA**

---

| | | |
|---|---|---|
| DERRICK JACOBS | : | CIVIL ACTON |
| | : | |
| Plaintiff, | : | No. 2:19-cv-04616 |
| vs. | : | |
| | : | |
| CITY OF PHILADELPHIA, et al. | : | JURY TRIAL DEMANDED |
| | : | |
| Defendants. | | |

---

## **ORDER**

**AND NOW**, this _____ day of _____, 2023, upon consideration of Defendants' Motion to Quash Plaintiff's Subpoenas to Produce Documents, Information, or Objects and Motion for a Protective Order, brief in support and any responses or replies, it is hereby **ORDERED** and **DECREED** that Defendants' Motion is **GRANTED** and Plaintiff's Subpoenas directed at Police Commissioner Danielle Outlaw, Deputy Commissioner Robin Wimberly and Deputy Commissioner John Stanford are **QUASHED**.

BY THE COURT:

_____
                                                          J.

**IN THE UNITED STATES DISTRICT COURT**
**FOR THE EASTERN DISTRICT OF PENNSYLVANIA**

---

| | | |
|---|---|---|
| DERRICK JACOBS | : | CIVIL ACTON |
| | : | |
| Plaintiff, | : | No. 2:19-cv-04616 |
| vs. | : | |
| | : | |
| CITY OF PHILADELPHIA, et al. | : | JURY TRIAL DEMANDED |
| | : | |
| Defendants. | | |

---

### DEFENDANTS, MOTION TO QUASH AND FOR A PROTECTIVE ORDER

Movants, Jason Hendershot, DF Pace and Dennis Wilson (hereinafter Moving Defendants), by and through their undersigned counsel, Marshall Dennehey Warner Coleman & Goggin, hereby files this Motion to Quash Plaintiff's Subpoena to Produce Information. In addition, the undersigned counsel for Moving Defendants also represents the interests of Philadelphia Police Commissioner Danielle Outlaw, Deputy Commissioner John Stanford and Deputy Commissioner Robin WImberly for the limited purpose of this Motion to Quash and in support thereof represents as follows:

### I.    FACTUAL BACKGROUND

1.    This matter concerns three subpoenas that were issued by Plaintiff in connection with his claims of wrongful termination and retaliation. Plaintiff's Subpoenas, noticed to Defendants via email are overbroad and seeks information that is not intended to produce relevant or admissible evidence in connection with the current litigation and should be quashed. Defendants hereby move this Honorable Court for an Order to Quash Subpoenas and for a Protective Order as follows:

2.      Plaintiff, Derrick Jacobs filed a Fifth Amended Complaint, consisting of 294 paragraphs, in the United States District Court for the Eastern District of Pennsylvania on July 14, 2022. (**ECF 42**).

3.      As part of the Fifth Amended Complaint, Plaintiff alleged one count of First Amendment Whistleblower allegations pursuant to 43 P.S. §§ 1421 – 1428, directed at multiple defendants. (**ECF 42-1**, at Count I).

4.      Plaintiff's Complaint can be appropriately summed up as a First Amendment Whistleblower lawsuit, challenging his termination from the Philadelphia Police Department. (See **ECF 42, 42-1**). Plaintiff was a detective with the Philadelphia Police Department's Office Involved Shooting Unit. Id. Plaintiff was assigned to assist in the investigation of an officer involved shooting and later disclosed confidential information during a podcast interview. Id. As a result, a disciplinary investigation was initiated, and found that Plaintiff violated the department's policies and procedures; Plaintiff was terminated based on the policy violations. Id. Plaintiff subsequently filed suit against individuals from the City of Philadelphia, the Philadelphia District Attorney's Office and the Philadelphia Police Department.

5.      On May 1, 2023, Plaintiff provided three subpoenas to defense counsel via email. The first subpoena is directed at Deputy Police Commissioner John Stanford, and seeks communications to/or from Captain Nicholas DeBlasis from March 1, 2023 through present, including emails, text messages, phone logs, memorandums, court notices, subpoenas and court transcripts related to the transfer of Captain Nicholas DeBlasis and court transcripts regarding former Officer James Saxton, to be produced on or before May 13, 2023. (Attached hereto as **Exhibit A**).

6.      Plaintiff's second subpoena is directed at Philadelphia Police Commissioner Danielle Outlaw, and seeks communications to/from Captain Nicholas DeBlasis from March 1, 2023 through present, including emails, text messages, phone logs, memorandums, court notices, subpoenas and court transcripts related to the transfer of Captain Nicholas DeBlasis and court transcripts regarding former Officer James Saxton, to be produced on or before May 13, 2023. (Attached hereto as **Exhibit B**).

7.      Plaintiff's third Subpoena is directed at Deputy Commissioner Robin Wimberly of the Philadelphia Police Department, and seeks communications to/from Captain Nicholas DeBlasis from March 1, 2023 through present, including emails, text messages, phone logs, memorandums, court notices, subpoenas and court transcripts related to the transfer of Captain Nicholas DeBlasis and court transcripts regarding former Officer James Saxton, to be produced on or before May 13, 2023. (Attached hereto as **Exhibit** C).

8.      Defendants contend that the Subpoenas were not properly served but even if they were, the Subpoenas should be quashed pursuant to Federal Rules of Civil Procedure 45 and 26.

9.      Federal Rule of Civil Procedure 26(b)(1) limits discovery to "any matter, not privileged, that is relevant to the claim or defense of any party." A court may quash a subpoena that requests irrelevant information. See, Mun. Revenue Servs., Inc. v. Xspand, Inc., Civ. A. No. 05-0671, 20071, 2001 U.S. Dist. LEXIS 2551, at *16 (M.D. Pa. Apr. 4, 2007). On its face, the Subpoenas are so broad, one cannot reasonably say that the information sought would be relevant to the claims asserted. In addition, the broad nature of the Subpoenas are more likely to produce irrelevant information.

10.     Federal Rule of Civil Procedure 45(c) permits a court to quash a subpoena if it "requires disclosure of privileged or other protected matter." Courts in this circuit have recognized

explicitly that nonparty documents and objects enjoy a veil of confidentiality. <u>Devore v. City of</u>
<u>Phila.</u>, 2005 U.S. Dist. LEXIS 2119, at *3-4 (E.D. Pa. Feb. 15, 2005).

11.     Under Federal Rule of Civil Procedure 26(c), a party may move for a protective
order "to protect a...person from annoyance, embarrassment, oppression, or undue burden or
expense." Further, Federal Rule of Civil Procedure 45(d)(3)(A)(iv) allows the Court to quash a
subpoena when the subpoena "subjects a person to undue burden."

12.     A party seeking a protective order must demonstrate "good cause" for a protective
order. A balancing test is used to weigh the harm of disclosing information versus the need for the
information. <u>Pansy v. Borough of Stroudsburg</u>, 23 F.3d 772, 786 (3d Cir. 1994).

13.     Therefore, when deciding a motion to quash, Courts apply Rule 26 in conjunction
with Rule 45, balancing several factors, including relevance, need, confidentiality, and harm. <u>First</u>
<u>Sealrod Sur. V. Durkin & Devries Ins. Agency</u>, 918 F. Supp. 2d 362, 382 (E.D. Pa. 2013).

14.     The Subpoenas at issue improperly seek to obtain access to information from non-
party individuals even though there has not been a showing that compliance with the Subpoenas
will produce relevant and/or admissible information. Similarly, Plaintiff has not provided a
showing that any of the requested information will support or refute the underlying allegations. In
addition, the Subpoenas are void of any appropriate timeframes, search terms or other identifiable
information that will likely aid in the discovery process.

15.     If left undisturbed, the Subpoenas will serve as a carte blanche tool for Plaintiff to
conduct an expedition into individuals that have no connection to this lawsuit.

16.     Based on the foregoing, Moving Defendants assert that the Subpoenas are overbroad, unduly burdensome and most importantly, are not reasonably calculated to lead to the discovery of relevant information and seek to violate well established Federal Rules of Civil Procedure.

**WHEREFORE**, Moving Defendants respectfully requests that this Court enter an Order immediately staying compliance with the Subpoena, and thereafter, precluding Plaintiff from enforcing the Subpoenas and quashing them.

**MARSHALL DENNEHEY WARNER COLEMAN & GOGGIN**

BY: _____

JOHN P. GONZALES
Attorney ID No. 71265
2000 Market Street, Suite 2300
Philadelphia, PA 19103
P: (215) 575-2871/F: (215) 575-0856
Email: JPGonzales@mdwcg.com
Attorney for Defendants:
Jason Hendershot,
DF Pace, Dennis Wilson, Police Commissioner Danielle Outlaw, Deputy Commissioner John Stanford, and Deputy Commissioner Robin Wimberly

Dated: May 12, 2023

**IN THE UNITED STATES DISTRICT COURT**
**FOR THE EASTERN DISTRICT OF PENNSYLVANIA**

---

| | | |
|---|---|---|
| DERRICK JACOBS | : | CIVIL ACTON |
| | : | |
| Plaintiff, | : | No. 2:19-cv-04616 |
| vs. | : | |
| | : | |
| CITY OF PHILADELPHIA, et al. | : | JURY TRIAL DEMANDED |
| | : | |
| Defendants. | | |

---

**DEFENDANTS MEMORANDUM OF LAW IN SUPPORT OF**
<u>**DEFENDANTS' MOTION TO QUASH**</u>

**I.   INTRODUCTION**

Now comes Defendants, Jason Hendershot, DF Pace and Dennis Wilson (hereinafter Moving Defendants), by and through their undersigned counsel, Marshall Dennehey Warner Coleman & Goggin, in addition, the undersigned counsel represents the interests of Employees of the City of Philadelphia for the limited purpose of this Motion to Quash, petitions this Honorable Court for an immediate status conference regarding discovery issues surrounding Plaintiff's Subpoenas attached hereto.

Discovery in this matter is ongoing and Plaintiff is seeking electronically stored information ("ESI"), emails, text messages, memorandums, court transcripts, court notices and transcripts among other things. *See* Exhibits "A-C." Not only are the Subpoenas addressed to non-party individuals, they lack specificity, are void of dates, times, search terms or other identifies that would provide a nexus to Plaintiff's allegations.

**II.**   **QUESTION PRESENTED**

Should Plaintiff's Subpoenas directed at non-party individuals be quashed pursuant to the Federal Rules of Civil Procedure and a protective order issued?

**Suggested Answer**:

Yes.

**III.**   **LEGAL ARGUMENT**

**A.**   **Plaintiff's Subpoenas Should be Quashed and A Protective Order Issued**

The scope of discovery is controlled by F.R.C.P. 26, which states that parties may obtain discovery regarding any non-privileged matter that is relevant to any party's claim or defense. Fed.R.C.P. 26. Generally, the scope of discovery is very broad, though it is not unlimited and may be circumscribed. See, Bayer AG v. Betachem, Inc., 173 F.3d 188, 191 (3d Cir.1999). Among other things, discovery can be limited for good cause to protect a person from annoyance, embarrassment, oppression, or harassment. Caisson Corp. v. Cnty. W. Bldg. Corp., 62 F.R.D. 331, 333 (E.D.Pa.1974).

Where good cause is shown, Courts may impose a protective order against the proposed discovery request. "Rule 26(c) confers broad discretion on the trial court to decide when a protective order is appropriate and what degree of protection is required." Seattle Times Company v. Rhinehart, 467 U.S. 20, 36 (1984). Protective orders are generally issued where there is a showing of good cause by the moving party. *See*, Paramo v. Aspira Bilingual Cyber Charter Sch., No. CV 17-3863, 2018 WL 4538422, at *3 (E.D. Pa. Sept. 21, 2018).

When determining whether "good cause" exists, Courts consider several factors, including, but not limited to the following: (1) whether disclosure will violate any privacy interest; (2) whether disclosure of the information will cause a party embarrassment; and (3) whether the sharing of information among litigants will promote fairness and efficiency. Pansy v. Borough of

Stroudsburg, 23 F.3d 772, 786 (3d Cir. 1994). Further, Courts have imposed broader restrictions on the scope of discovery when a nonparty is targeted.  *See*,  Thompson v. Glenmede Trust Company, 1995 U.S. Dist. LEXIS 18780, at *2 n.4 (E.D. Pa. Dec. 19, 1995); and Small v. Provident Life and Accident Ins. Co., 1999 U.S. Dist. LEXIS 18930 (E.D. Pa. Dec. 8, 1999).

   The undersigned counsel seeks this Motion to Quash based on the following: (1) Police Commissioner Danielle Outlaw, Deputy Commissioner Robin Wimberly, and  Deputy Commissioner John Stanford are non-party individuals; (2) there has not been a showing that the non-party individuals, or the information sought have a nexus to this matter; and (3) the Subpoenas as stated are overbroad and are not likely to produce admissible evidence. Therefore, circumscription by this Honorable Court is sought.

## IV. <u>CONCLUSION</u>

   For the aforementioned reasons, the undersigned counsel for Moving Defendants ask the Subpoenas be quashed.

**MARSHALL DENNEHEY WARNER**
**COLEMAN & GOGGIN**

BY: _____

JOHN P. GONZALES
Attorney ID No. 71265
2000 Market Street, Suite 2300
Philadelphia, PA 19103
P: (215) 575-2871/F: (215) 575-0856
Email: JPGonzales@mdwcg.com
Attorney for Defendants:
Jason Hendershot,
DF Pace, Dennis Wilson, Police
Commissioner Danielle Outlaw,
Deputy Commissioner John Stanford,
and Deputy Commissioner Robin
Wimberly

Dated: <u>May 12, 2023</u>

## <u>RULE 26.1(F) CERTIFICATION</u>

Pursuant to Local Rule 26.1 (f) of the United States District Court, Eastern District of Pennsylvania, I hereby certify that the undersigned counsel has made reasonable efforts to attempt to resolve this matter but, after reasonable effort, were unable to do so without judicial intervention.

**MARSHALL DENNEHEY WARNER COLEMAN & GOGGIN**

BY: _____

JOHN P. GONZALES
Attorney ID No. 71265
2000 Market Street, Suite 2300
Philadelphia, PA 19103
P: (215) 575-2871/F: (215) 575-0856
Email: <u>JPGonzales@mdwcg.com</u>
Attorney for Defendants:
Jason Hendershot,
DF Pace, Dennis Wilson, Police Commissioner Danielle Outlaw, Deputy Commissioner John Stanford, and Deputy Commissioner Robin Wimberly

Dated: <u>May 12, 2023</u>

## <u>CERTIFICATE OF SERVICE</u>

I, JOHN P. GONZALES, ESQUIRE, do hereby certify that a true and correct copy of

Defendants Motion to Quash and Memorandum of Law in Support thereof were served by ECF

and Electronic Mail on May 12, 2023, to the following counsel of record:

**MARSHALL DENNEHEY WARNER
COLEMAN & GOGGIN**

BY: _____

JOHN P. GONZALES
Attorney ID No. 71265
2000 Market Street, Suite 2300
Philadelphia, PA 19103
P: (215) 575-2871/F: (215) 575-0856
Email: JPGonzales@mdwcg.com
Attorney for Defendants:
Jason Hendershot,
DF Pace, Dennis Wilson, Police
Commissioner Danielle Outlaw,
Deputy Commissioner John Stanford,
and Deputy Commissioner Robin
Wimberly

Dated: <u>May 12, 2023</u>

# EXHIBIT A

AO 88B  (Rev. 02/14) Subpoena to Produce Documents, Information, or Objects or to Permit Inspection of Premises in a Civil Action

# UNITED STATES DISTRICT COURT
### for the Eastern District of Pennsylvania

| | |
|---|---|
| **Derrick Jacobs** | ) |
| *Plaintiff* | ) |
| v. | ) |
| **City of Philadelphia, et al** | ) |
| *Defendant* | ) |

Civil Action No.

### SUBPOENA TO PRODUCE DOCUMENTS, INFORMATION, OR OBJECTS
### OR TO PERMIT INSPECTION OF PREMISES IN A CIVIL ACTION

To:   **Deputy Philadelphia Police Commissioner John Stanford**

*(Name of person to whom this subpoena is directed)*

**X** *Production:* **YOU ARE COMMANDED** to produce at the time, date, and place set forth below the following documents, electronically stored information, or objects, and to permit inspection, copying, testing, or sampling of the material: Items to include but not limited to ANY/ALL correspondence, emails, text messages, memorandums, court transcripts, and/or court notices relating to Captain Nicholas DeBlasis from March 1, 2023 through present date. ANY/ALL court transcripts regarding former Philadelphia Police Officer James Saxton. ANY/ALL documentation relating to the transfer of Captain Nicholas DeBlasis as the Commanding Officer of the 8th Police District.

| Place: | Date and Time: |
|---|---|
| derrickjacobs9116@gmail.com | May 13, 2023 |

❑  *Inspection of Premises:* **YOU ARE COMMANDED** to permit entry onto the designated premises, land, or other property possessed or controlled by you at the time, date, and location set forth below, so that the requesting party may inspect, measure, survey, photograph, test, or sample the property or any designated object or operation on it.

| Place: | Date and Time: |
|---|---|
| | |

The following provisions of Fed. R. Civ. P. 45 are attached – Rule 45(c), relating to the place of compliance; Rule 45(d), relating to your protection as a person subject to a subpoena; and Rule 45(e) and (g), relating to your duty to respond to this subpoena and the potential consequences of not doing so.

Date: _____

*CLERK OF COURT*

*George Wylesol*          OR          _____

*Signature of Clerk or Deputy Clerk*                              *Attorney's signature*

George Wylesol, Clerk of Court
U.S. District Court, Eastern District of PA

The name, address, e-mail address, and telephone number of the attorney representing *(name of party)* _____
_____, who issues or requests this subpoena, are:

### Notice to the person who issues or requests this subpoena
If this subpoena commands the production of documents, electronically stored information, or tangible things or the inspection of premises before trial, a notice and a copy of the subpoena must be served on each party in this case before it is served on the person to whom it is directed. Fed. R. Civ. P. 45(a)(4).

AO 88B  (Rev.  02/14) Subpoena to Produce Documents, Information, or Objects or to Permit Inspection of Premises in a Civil Action (Page 2)

Civil Action No.

## PROOF OF SERVICE
### *(This section should not be filed with the court unless required by Fed. R. Civ. P. 45.)*

I received this subpoena for *(name of individual and title, if any)* _____

on *(date)* _____ .

❑ I served the subpoena by delivering a copy to the named person as follows: _____

_____ on *(date)* _____ ; or

❑ I returned the subpoena unexecuted because: _____

_____ .

Unless the subpoena was issued on behalf of the United States, or one of its officers or agents, I have also
tendered to the witness the fees for one day's attendance, and the mileage allowed by law, in the amount of

$ _____ .

My fees are $ _____ for travel and $ _____ for services, for a total of $       0.00       .

I declare under penalty of perjury that this information is true.

Date: _____                      _____
                                                                              *Server's signature*

                                                                   _____
                                                                              *Printed name and title*

                                                                   _____
                                                                              *Server's address*

Additional information regarding attempted service, etc.:

AO 88B  (Rev.  02/14) Subpoena to Produce Documents, Information, or Objects or to Permit Inspection of Premises in a Civil Action(Page 3)

## Federal Rule of Civil Procedure 45 (c), (d), (e), and (g) (Effective 12/1/13)

**(c) Place of Compliance.**

 **(1) *For a Trial, Hearing, or Deposition.*** A subpoena may command a person to attend a trial, hearing, or deposition only as follows:
  **(A)** within 100 miles of where the person resides, is employed, or regularly transacts business in person; or
  **(B)** within the state where the person resides, is employed, or regularly transacts business in person, if the person
    **(i)** is a party or a party's officer; or
    **(ii)** is commanded to attend a trial and would not incur substantial expense.

 **(2) *For Other Discovery.*** A subpoena may command:
  **(A)** production of documents, electronically stored information, or tangible things at a place within 100 miles of where the person resides, is employed, or regularly transacts business in person; and
  **(B)** inspection of premises at the premises to be inspected.

**(d) Protecting a Person Subject to a Subpoena; Enforcement.**

 **(1) *Avoiding Undue Burden or Expense; Sanctions.*** A party or attorney responsible for issuing and serving a subpoena must take reasonable steps to avoid imposing undue burden or expense on a person subject to the subpoena. The court for the district where compliance is required must enforce this duty and impose an appropriate sanction—which may include lost earnings and reasonable attorney's fees—on a party or attorney who fails to comply.

 **(2) *Command to Produce Materials or Permit Inspection.***
  **(A)** *Appearance Not Required.* A person commanded to produce documents, electronically stored information, or tangible things, or to permit the inspection of premises, need not appear in person at the place of production or inspection unless also commanded to appear for a deposition, hearing, or trial.
  **(B)** *Objections.* A person commanded to produce documents or tangible things or to permit inspection may serve on the party or attorney designated in the subpoena a written objection to inspecting, copying, testing, or sampling any or all of the materials or to inspecting the premises—or to producing electronically stored information in the form or forms requested. The objection must be served before the earlier of the time specified for compliance or 14 days after the subpoena is served. If an objection is made, the following rules apply:
    **(i)** At any time, on notice to the commanded person, the serving party may move the court for the district where compliance is required for an order compelling production or inspection.
    **(ii)** These acts may be required only as directed in the order, and the order must protect a person who is neither a party nor a party's officer from significant expense resulting from compliance.

 **(3) *Quashing or Modifying a Subpoena.***
  **(A)** *When Required.* On timely motion, the court for the district where compliance is required must quash or modify a subpoena that:
    **(i)** fails to allow a reasonable time to comply;
    **(ii)** requires a person to comply beyond the geographical limits specified in Rule 45(c);
    **(iii)** requires disclosure of privileged or other protected matter, if no exception or waiver applies; or
    **(iv)** subjects a person to undue burden.
  **(B)** *When Permitted.* To protect a person subject to or affected by a subpoena, the court for the district where compliance is required may, on motion, quash or modify the subpoena if it requires:
    **(i)** disclosing a trade secret or other confidential research, development, or commercial information; or

    **(ii)** disclosing an unretained expert's opinion or information that does not describe specific occurrences in dispute and results from the expert's study that was not requested by a party.
  **(C)** *Specifying Conditions as an Alternative.* In the circumstances described in Rule 45(d)(3)(B), the court may, instead of quashing or modifying a subpoena, order appearance or production under specified conditions if the serving party:
    **(i)** shows a substantial need for the testimony or material that cannot be otherwise met without undue hardship; and
    **(ii)** ensures that the subpoenaed person will be reasonably compensated.

**(e) Duties in Responding to a Subpoena.**

 **(1) *Producing Documents or Electronically Stored Information.*** These procedures apply to producing documents or electronically stored information:
  **(A)** *Documents.* A person responding to a subpoena to produce documents must produce them as they are kept in the ordinary course of business or must organize and label them to correspond to the categories in the demand.
  **(B)** *Form for Producing Electronically Stored Information Not Specified.* If a subpoena does not specify a form for producing electronically stored information, the person responding must produce it in a form or forms in which it is ordinarily maintained or in a reasonably usable form or forms.
  **(C)** *Electronically Stored Information Produced in Only One Form.* The person responding need not produce the same electronically stored information in more than one form.
  **(D)** *Inaccessible Electronically Stored Information.* The person responding need not provide discovery of electronically stored information from sources that the person identifies as not reasonably accessible because of undue burden or cost. On motion to compel discovery or for a protective order, the person responding must show that the information is not reasonably accessible because of undue burden or cost. If that showing is made, the court may nonetheless order discovery from such sources if the requesting party shows good cause, considering the limitations of Rule 26(b)(2)(C). The court may specify conditions for the discovery.

 **(2) *Claiming Privilege or Protection.***
  **(A)** *Information Withheld.* A person withholding subpoenaed information under a claim that it is privileged or subject to protection as trial-preparation material must:
    **(i)** expressly make the claim; and
    **(ii)** describe the nature of the withheld documents, communications, or tangible things in a manner that, without revealing information itself privileged or protected, will enable the parties to assess the claim.
  **(B)** *Information Produced.* If information produced in response to a subpoena is subject to a claim of privilege or of protection as trial-preparation material, the person making the claim may notify any party that received the information of the claim and the basis for it. After being notified, a party must promptly return, sequester, or destroy the specified information and any copies it has; must not use or disclose the information until the claim is resolved; must take reasonable steps to retrieve the information if the party disclosed it before being notified; and may promptly present the information under seal to the court for the district where compliance is required for a determination of the claim. The person who produced the information must preserve the information until the claim is resolved.

**(g) Contempt.**
The court for the district where compliance is required—and also, after a motion is transferred, the issuing court—may hold in contempt a person who, having been served, fails without adequate excuse to obey the subpoena or an order related to it.

For access to subpoena materials, see Fed. R. Civ. P. 45(a) Committee Note (2013).

# EXHIBIT B

AO 88B  (Rev. 02/14) Subpoena to Produce Documents, Information, or Objects or to Permit Inspection of Premises in a Civil Action

# UNITED STATES DISTRICT COURT
## for the Eastern District of Pennsylvania

| | |
|---|---|
| **Derrick Jacobs** | ) |
| *Plaintiff* | ) |
| v. | ) |
| **City of Philadelphia, et al** | ) |
| *Defendant* | ) |

Civil Action No. _____

### SUBPOENA TO PRODUCE DOCUMENTS, INFORMATION, OR OBJECTS
### OR TO PERMIT INSPECTION OF PREMISES IN A CIVIL ACTION

To:  **Philadelphia Police Commissioner Danielle Outlaw**

*(Name of person to whom this subpoena is directed)*

☒ *Production:* **YOU ARE COMMANDED** to produce at the time, date, and place set forth below the following documents, electronically stored information, or objects, and to permit inspection, copying, testing, or sampling of the material: Items to include but not limited to ANY/ALL correspondence, emails, text messages, memorandums, court transcripts, and/or court notices relating to Captain Nicholas DeBlasis from March 1, 2023 through present date. ANY/ALL court transcripts regarding former Philadelphia Police Officer James Saxton. ANY/ALL documentation relating to the transfer of Captain Nicholas DeBlasis as the Commanding Officer of the 8th Police District.

| Place: | Date and Time: |
|---|---|
| derrickjacobs9116@gmail.com | May 13, 2023 |

❏ *Inspection of Premises:* **YOU ARE COMMANDED** to permit entry onto the designated premises, land, or other property possessed or controlled by you at the time, date, and location set forth below, so that the requesting party may inspect, measure, survey, photograph, test, or sample the property or any designated object or operation on it.

| Place: | Date and Time: |
|---|---|
| | |

The following provisions of Fed. R. Civ. P. 45 are attached – Rule 45(c), relating to the place of compliance; Rule 45(d), relating to your protection as a person subject to a subpoena; and Rule 45(e) and (g), relating to your duty to respond to this subpoena and the potential consequences of not doing so.

Date: _____

*CLERK OF COURT*

George Wylesol                    OR

_____          _____
Signature of Clerk or Deputy Clerk          Attorney's signature

George Wylesol, Clerk of Court
U.S. District Court, Eastern District of PA

The name, address, e-mail address, and telephone number of the attorney representing *(name of party)* _____
_____ , who issues or requests this subpoena, are:

### Notice to the person who issues or requests this subpoena
If this subpoena commands the production of documents, electronically stored information, or tangible things or the inspection of premises before trial, a notice and a copy of the subpoena must be served on each party in this case before it is served on the person to whom it is directed. Fed. R. Civ. P. 45(a)(4).

AO 88B  (Rev.  02/14) Subpoena to Produce Documents, Information, or Objects or to Permit Inspection of Premises in a Civil Action (Page 2)

Civil Action No.

## PROOF OF SERVICE
### *(This section should not be filed with the court unless required by Fed. R. Civ. P. 45.)*

I received this subpoena for *(name of individual and title, if any)* _____

on *(date)* _____ .

❐  I served the subpoena by delivering a copy to the named person as follows: _____

_____ on *(date)* _____ ; or

❐  I returned the subpoena unexecuted because: _____

_____ .

Unless the subpoena was issued on behalf of the United States, or one of its officers or agents, I have also
tendered to the witness the fees for one day's attendance, and the mileage allowed by law, in the amount of

$ _____ .

My fees are $ _____ for travel and $ _____ for services, for a total of $       0.00       .

I declare under penalty of perjury that this information is true.

Date: _____         _____

                                                   *Server's signature*

                                         _____

                                                   *Printed name and title*

                                         _____

                                                   *Server's address*

Additional information regarding attempted service, etc.:

AO 88B  (Rev.  02/14) Subpoena to Produce Documents, Information, or Objects or to Permit Inspection of Premises in a Civil Action(Page 3)

## Federal Rule of Civil Procedure 45 (c), (d), (e), and (g) (Effective 12/1/13)

**(c) Place of Compliance.**

  **(1)** *For a Trial, Hearing, or Deposition.* A subpoena may command a person to attend a trial, hearing, or deposition only as follows:
    **(A)** within 100 miles of where the person resides, is employed, or regularly transacts business in person; or
    **(B)** within the state where the person resides, is employed, or regularly transacts business in person, if the person
      **(i)** is a party or a party's officer; or
      **(ii)** is commanded to attend a trial and would not incur substantial expense.

  **(2)** *For Other Discovery.* A subpoena may command:
    **(A)** production of documents, electronically stored information, or tangible things at a place within 100 miles of where the person resides, is employed, or regularly transacts business in person; and
    **(B)** inspection of premises at the premises to be inspected.

**(d) Protecting a Person Subject to a Subpoena; Enforcement.**

  **(1)** *Avoiding Undue Burden or Expense; Sanctions.* A party or attorney responsible for issuing and serving a subpoena must take reasonable steps to avoid imposing undue burden or expense on a person subject to the subpoena. The court for the district where compliance is required must enforce this duty and impose an appropriate sanction—which may include lost earnings and reasonable attorney's fees—on a party or attorney who fails to comply.

  **(2)** *Command to Produce Materials or Permit Inspection.*
    **(A)** *Appearance Not Required.* A person commanded to produce documents, electronically stored information, or tangible things, or to permit the inspection of premises, need not appear in person at the place of production or inspection unless also commanded to appear for a deposition, hearing, or trial.
    **(B)** *Objections.* A person commanded to produce documents or tangible things or to permit inspection may serve on the party or attorney designated in the subpoena a written objection to inspecting, copying, testing, or sampling any or all of the materials or to inspecting the premises—or to producing electronically stored information in the form or forms requested. The objection must be served before the earlier of the time specified for compliance or 14 days after the subpoena is served. If an objection is made, the following rules apply:
      **(i)** At any time, on notice to the commanded person, the serving party may move the court for the district where compliance is required for an order compelling production or inspection.
      **(ii)** These acts may be required only as directed in the order, and the order must protect a person who is neither a party nor a party's officer from significant expense resulting from compliance.

  **(3)** *Quashing or Modifying a Subpoena.*
    **(A)** *When Required.* On timely motion, the court for the district where compliance is required must quash or modify a subpoena that:
      **(i)** fails to allow a reasonable time to comply;
      **(ii)** requires a person to comply beyond the geographical limits specified in Rule 45(c);
      **(iii)** requires disclosure of privileged or other protected matter, if no exception or waiver applies; or
      **(iv)** subjects a person to undue burden.
    **(B)** *When Permitted.* To protect a person subject to or affected by a subpoena, the court for the district where compliance is required may, on motion, quash or modify the subpoena if it requires:
      **(i)** disclosing a trade secret or other confidential research, development, or commercial information; or

      **(ii)** disclosing an unretained expert's opinion or information that does not describe specific occurrences in dispute and results from the expert's study that was not requested by a party.
    **(C)** *Specifying Conditions as an Alternative.* In the circumstances described in Rule 45(d)(3)(B), the court may, instead of quashing or modifying a subpoena, order appearance or production under specified conditions if the serving party:
      **(i)** shows a substantial need for the testimony or material that cannot be otherwise met without undue hardship; and
      **(ii)** ensures that the subpoenaed person will be reasonably compensated.

**(e) Duties in Responding to a Subpoena.**

  **(1)** *Producing Documents or Electronically Stored Information.* These procedures apply to producing documents or electronically stored information:
    **(A)** *Documents.* A person responding to a subpoena to produce documents must produce them as they are kept in the ordinary course of business or must organize and label them to correspond to the categories in the demand.
    **(B)** *Form for Producing Electronically Stored Information Not Specified.* If a subpoena does not specify a form for producing electronically stored information, the person responding must produce it in a form or forms in which it is ordinarily maintained or in a reasonably usable form or forms.
    **(C)** *Electronically Stored Information Produced in Only One Form.* The person responding need not produce the same electronically stored information in more than one form.
    **(D)** *Inaccessible Electronically Stored Information.* The person responding need not provide discovery of electronically stored information from sources that the person identifies as not reasonably accessible because of undue burden or cost. On motion to compel discovery or for a protective order, the person responding must show that the information is not reasonably accessible because of undue burden or cost. If that showing is made, the court may nonetheless order discovery from such sources if the requesting party shows good cause, considering the limitations of Rule 26(b)(2)(C). The court may specify conditions for the discovery.

  **(2)** *Claiming Privilege or Protection.*
    **(A)** *Information Withheld.* A person withholding subpoenaed information under a claim that it is privileged or subject to protection as trial-preparation material must:
      **(i)** expressly make the claim; and
      **(ii)** describe the nature of the withheld documents, communications, or tangible things in a manner that, without revealing information itself privileged or protected, will enable the parties to assess the claim.
    **(B)** *Information Produced.* If information produced in response to a subpoena is subject to a claim of privilege or of protection as trial-preparation material, the person making the claim may notify any party that received the information of the claim and the basis for it. After being notified, a party must promptly return, sequester, or destroy the specified information and any copies it has; must not use or disclose the information until the claim is resolved; must take reasonable steps to retrieve the information if the party disclosed it before being notified; and may promptly present the information under seal to the court for the district where compliance is required for a determination of the claim. The person who produced the information must preserve the information until the claim is resolved.

**(g) Contempt.**
The court for the district where compliance is required—and also, after a motion is transferred, the issuing court—may hold in contempt a person who, having been served, fails without adequate excuse to obey the subpoena or an order related to it.

---

For access to subpoena materials, see Fed. R. Civ. P. 45(a) Committee Note (2013).

# EXHIBIT C

AO 88B  (Rev. 02/14) Subpoena to Produce Documents, Information, or Objects or to Permit Inspection of Premises in a Civil Action

# UNITED STATES DISTRICT COURT
### for the Eastern District of Pennsylvania

| | |
|---|---|
| **Derrick Jacobs** | ) |
| *Plaintiff* | ) |
| v. | )   Civil Action No. |
| **City of Philadelphia, et al** | ) |
| *Defendant* | ) |

**SUBPOENA TO PRODUCE DOCUMENTS, INFORMATION, OR OBJECTS**
**OR TO PERMIT INSPECTION OF PREMISES IN A CIVIL ACTION**

To: **Deputy Police Commissioner Robin Wimberly**

*(Name of person to whom this subpoena is directed)*

☒ *Production:* **YOU ARE COMMANDED** to produce at the time, date, and place set forth below the following documents, electronically stored information, or objects, and to permit inspection, copying, testing, or sampling of the material: Items to include but not limited to ANY/ALL correspondence, emails, text messages, memorandums, court transcripts, and/or court notices relating to Captain Nicholas DeBlasis from March 1, 2023 through present date. ANY/ALL court transcripts regarding former Philadelphia Police Officer James Saxton. ANY/ALL documentation relating to the transfer of Captain Nicholas DeBlasis as the Commanding Officer of the 8th Police District.

| Place: derrickjacobs9116@gmail.com | Date and Time: May 13, 2023 |
|---|---|

❑ *Inspection of Premises:* **YOU ARE COMMANDED** to permit entry onto the designated premises, land, or other property possessed or controlled by you at the time, date, and location set forth below, so that the requesting party may inspect, measure, survey, photograph, test, or sample the property or any designated object or operation on it.

| Place: | Date and Time: |
|---|---|

The following provisions of Fed. R. Civ. P. 45 are attached – Rule 45(c), relating to the place of compliance; Rule 45(d), relating to your protection as a person subject to a subpoena; and Rule 45(e) and (g), relating to your duty to respond to this subpoena and the potential consequences of not doing so.

Date: _____

CLERK OF COURT

_George Wylesol_          OR

Signature of Clerk or Deputy Clerk          Attorney's signature

George Wylesol, Clerk of Court
U.S. District Court, Eastern District of PA

The name, address, e-mail address, and telephone number of the attorney representing *(name of party)* _____ , who issues or requests this subpoena, are:

**Notice to the person who issues or requests this subpoena**
If this subpoena commands the production of documents, electronically stored information, or tangible things or the inspection of premises before trial, a notice and a copy of the subpoena must be served on each party in this case before it is served on the person to whom it is directed. Fed. R. Civ. P. 45(a)(4).

AO 88B  (Rev.  02/14) Subpoena to Produce Documents, Information, or Objects or to Permit Inspection of Premises in a Civil Action (Page 2)

Civil Action No.

### PROOF OF SERVICE
### *(This section should not be filed with the court unless required by Fed. R. Civ. P. 45.)*

I received this subpoena for *(name of individual and title, if any)* _____

on *(date)* _____ .

❏ I served the subpoena by delivering a copy to the named person as follows: _____

_____ on *(date)* _____ ; or

❏ I returned the subpoena unexecuted because: _____

_____ .

Unless the subpoena was issued on behalf of the United States, or one of its officers or agents, I have also
tendered to the witness the fees for one day's attendance, and the mileage allowed by law, in the amount of

$ _____ .

My fees are $ _____ for travel and $ _____ for services, for a total of $      0.00      .

I declare under penalty of perjury that this information is true.

Date: _____          _____
                                                            *Server's signature*

                                                 _____
                                                            *Printed name and title*

                                                 _____
                                                            *Server's address*

Additional information regarding attempted service, etc.:

AO 88B  (Rev.  02/14) Subpoena to Produce Documents, Information, or Objects or to Permit Inspection of Premises in a Civil Action(Page 3)

## Federal Rule of Civil Procedure 45 (c), (d), (e), and (g) (Effective 12/1/13)

**(c) Place of Compliance.**

  **(1) For a Trial, Hearing, or Deposition.** A subpoena may command a person to attend a trial, hearing, or deposition only as follows:
   **(A)** within 100 miles of where the person resides, is employed, or regularly transacts business in person; or
   **(B)** within the state where the person resides, is employed, or regularly transacts business in person, if the person
     **(i)** is a party or a party's officer; or
     **(ii)** is commanded to attend a trial and would not incur substantial expense.

  **(2) For Other Discovery.** A subpoena may command:
   **(A)** production of documents, electronically stored information, or tangible things at a place within 100 miles of where the person resides, is employed, or regularly transacts business in person; and
   **(B)** inspection of premises at the premises to be inspected.

**(d) Protecting a Person Subject to a Subpoena; Enforcement.**

  **(1) Avoiding Undue Burden or Expense; Sanctions.** A party or attorney responsible for issuing and serving a subpoena must take reasonable steps to avoid imposing undue burden or expense on a person subject to the subpoena. The court for the district where compliance is required must enforce this duty and impose an appropriate sanction—which may include lost earnings and reasonable attorney's fees—on a party or attorney who fails to comply.

  **(2) Command to Produce Materials or Permit Inspection.**
   **(A)** Appearance Not Required. A person commanded to produce documents, electronically stored information, or tangible things, or to permit the inspection of premises, need not appear in person at the place of production or inspection unless also commanded to appear for a deposition, hearing, or trial.
   **(B)** Objections. A person commanded to produce documents or tangible things or to permit inspection may serve on the party or attorney designated in the subpoena a written objection to inspecting, copying, testing, or sampling any or all of the materials or to inspecting the premises—or to producing electronically stored information in the form or forms requested. The objection must be served before the earlier of the time specified for compliance or 14 days after the subpoena is served. If an objection is made, the following rules apply:
     **(i)** At any time, on notice to the commanded person, the serving party may move the court for the district where compliance is required for an order compelling production or inspection.
     **(ii)** These acts may be required only as directed in the order, and the order must protect a person who is neither a party nor a party's officer from significant expense resulting from compliance.

  **(3) Quashing or Modifying a Subpoena.**
   **(A)** When Required. On timely motion, the court for the district where compliance is required must quash or modify a subpoena that:
     **(i)** fails to allow a reasonable time to comply;
     **(ii)** requires a person to comply beyond the geographical limits specified in Rule 45(c);
     **(iii)** requires disclosure of privileged or other protected matter, if no exception or waiver applies; or
     **(iv)** subjects a person to undue burden.
   **(B)** When Permitted. To protect a person subject to or affected by a subpoena, the court for the district where compliance is required may, on motion, quash or modify the subpoena if it requires:
     **(i)** disclosing a trade secret or other confidential research, development, or commercial information; or

     **(ii)** disclosing an unretained expert's opinion or information that does not describe specific occurrences in dispute and results from the expert's study that was not requested by a party.
   **(C)** Specifying Conditions as an Alternative. In the circumstances described in Rule 45(d)(3)(B), the court may, instead of quashing or modifying a subpoena, order appearance or production under specified conditions if the serving party:
     **(i)** shows a substantial need for the testimony or material that cannot be otherwise met without undue hardship; and
     **(ii)** ensures that the subpoenaed person will be reasonably compensated.

**(e) Duties in Responding to a Subpoena.**

  **(1) Producing Documents or Electronically Stored Information.** These procedures apply to producing documents or electronically stored information:
   **(A)** Documents. A person responding to a subpoena to produce documents must produce them as they are kept in the ordinary course of business or must organize and label them to correspond to the categories in the demand.
   **(B)** Form for Producing Electronically Stored Information Not Specified. If a subpoena does not specify a form for producing electronically stored information, the person responding must produce it in a form or forms in which it is ordinarily maintained or in a reasonably usable form or forms.
   **(C)** Electronically Stored Information Produced in Only One Form. The person responding need not produce the same electronically stored information in more than one form.
   **(D)** Inaccessible Electronically Stored Information. The person responding need not provide discovery of electronically stored information from sources that the person identifies as not reasonably accessible because of undue burden or cost. On motion to compel discovery or for a protective order, the person responding must show that the information is not reasonably accessible because of undue burden or cost. If that showing is made, the court may nonetheless order discovery from such sources if the requesting party shows good cause, considering the limitations of Rule 26(b)(2)(C). The court may specify conditions for the discovery.

  **(2) Claiming Privilege or Protection.**
   **(A)** Information Withheld. A person withholding subpoenaed information under a claim that it is privileged or subject to protection as trial-preparation material must:
     **(i)** expressly make the claim; and
     **(ii)** describe the nature of the withheld documents, communications, or tangible things in a manner that, without revealing information itself privileged or protected, will enable the parties to assess the claim.
   **(B)** Information Produced. If information produced in response to a subpoena is subject to a claim of privilege or of protection as trial-preparation material, the person making the claim may notify any party that received the information of the claim and the basis for it. After being notified, a party must promptly return, sequester, or destroy the specified information and any copies it has; must not use or disclose the information until the claim is resolved; must take reasonable steps to retrieve the information if the party disclosed it before being notified; and may promptly present the information under seal to the court for the district where compliance is required for a determination of the claim. The person who produced the information must preserve the information until the claim is resolved.

**(g) Contempt.**
The court for the district where compliance is required—and also, after a motion is transferred, the issuing court—may hold in contempt a person who, having been served, fails without adequate excuse to obey the subpoena or an order related to it.

For access to subpoena materials, see Fed. R. Civ. P. 45(a) Committee Note (2013).