IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

**DERRICK JACOBS**          CIVIL COMPLAINT NUMBER: 19-CV-4616

**V.**

**CITY OF PHILADELPHIA, et al.**

### PLAINTIFF'S REQUEST FOR LEAVE TO AMEND COMPLAINT

I.  **NEW EVIDENCE**

Plaintiff has obtained new evidence (**Exhibit "A"**) in support/defense of his claim(s). **Exhibit "A"** shows that on October 17, 2022, Judge Barbara McDermott DISMISSED all charges against former Philadelphia Police Officer Ryan Pownall ("Pownall") as a result of former Assistant District Attorney Tracy Tripp's ("Tripp") violations of Pownall's Constitutional Rights for "procedural errors." Upon information and belief, Philadelphia District Attorney Lawrence Krasner then pressured the Philadelphia Police Department Philadelphia through Police Commissioner Danielle Outlaw ("Outlaw") and Deputy Philadelphia Police Commissioner Frank Vanore to conduct a "reinvestigation" of the Pownall Officer Involved Shooting ("OIS") and prepare another arrest warrant. Upon information and belief, after the "reinvestigation," the Commanding Officer of the Officer Involved Shooting Investigation Unit ("OISI"), Jason Hendershot ("Hendershot") then prepared an affidavit (**Exhibit "A"**) stating there is **NO "probable cause"** to arrest Pownall. Hendershot then used the following excuse to justify illegally authoring and obtaining the affidavit and warrant to arrest Pownall by stating "acting in good faith based exclusively upon the materials in the Presentment as represented by ADA Tripp, I submitted an Affidavit of Probable Cause and obtained an arrest warrant for Police Officer Pownall." Upon information and belief, after Hendershot prepared the "reinvestigation" affidavit it was submitted to Outlaw, Frank Vanore, members of the

1

Philadelphia Police Department's Command Staff, District Attorney Lawrence Krasner, and Philadelphia District Attorney's Office personnel. Upon information and belief, after dissemination, Krasner became incensed with the "reinvestigation" efforts of Hendershot and ordered meetings with Outlaw and Frank Vanore. Upon information and belief, after the meetings, Deputy Philadelphia Police Commissioner of Internal Affairs Robin Wimberley ("Wimberley") was then tasked with the new "reinvestigation" being conducted and currently hidden by the Philadelphia Police Department's Internal Affairs Division (IMPACT Unit). The plaintiff has previously requested this document from the defendants upon learning of its existence during discovery, according to the FRCP. The defendants have "intentionally" suppressed this document in support of plaintiff's claims of "Malicious Prosecution" and "Retaliation."

II. **Malicious Prosecution and Retaliation**

**Exhibit "A"** highlights the conspiracy between the Philadelphia District Attorney's Office ("DAO") and the Philadelphia Police Department ("PPD") to maliciously prosecute and retaliate against the plaintiff for exposing corruption. Hendershot stated in **Exhibit "A"** he acted in "good faith" and relied exclusively on Tripp's actions to author an affidavit and obtain a warrant to arrest Pownall. This is a fabrication and a lie. Hendershot was informed prior to September 4, 2018 and after September 4, 2018 of Tripp's criminal activities as they related to Pownall. On September 27, 2018, after the plaintiff sought legal advice, Hendershot contacted the plaintiff and informed him of Tripp's threats to prosecute anyone exposing her corruption. The plaintiff informed Hendershot (plaintiff's immediate supervisor and Commanding Officer) he was the party seeking advice to expose Tripp's criminal activities. Tripp and Hendershot (plaintiff was not aware at the time Hendershot prepared the illegal affidavit to arrest Pownall) then conspired to "Retaliate," and initiated a "Malicious Prosecution" against the plaintiff to keep him silent. When Hendershot and Tripp believed the plaintiff's silence was assured, the conspirators fabricated a tale of "lost transcripts" as an escape hatch, to withdraw prosecution against the plaintiff. After the defendants "withdrew" their prosecution against the plaintiff, the plaintiff filed the current complaint on October 4, 2019 pro se. After the filing of the complaint, On November

26, 2019, Deputy Police Commissioner Dennis Wilson ("Wilson") summoned the plaintiff to his office to discuss the retaliation against the plaintiff. During the conversation the plaintiff informed Wilson of the DAO's retaliation and an article written on November 18, 2019 by Ralph Cipriano of bigtrial.net. The article was titled: **Detective: DA Tampered with Witness in Officer Involved Shooting (Exhibit B)**. Wilson acknowledged he had seen and read the article. The plaintiff also informed Wilson he would continue to "publicly" expose the corruption. Wilson acknowledged the corruption at the DAO but informed the plaintiff he could not address the retaliation of the DAO. On January 18, 2020, the plaintiff discussed this matter on a podcast entitled **"Search Warrant, Clear and Present Danger."** Upon information and belief, after the podcast Krasner contacted Wilson, and instructed him to terminate the plaintiff's law enforcement career for his participation in the podcast exposing the corruption. Wilson contacted then Chief Inspector Frank Vanore, who instructed Hendershot to administer the discipline that would be monitored by Krasner's attorney Kia Ghee ("Ghee") from the Philadelphia City Solicitor's Office.

### III. Corruption

Exhibit "A" clearly shows that Pownall should have NEVER been arrested. **Exhibit "A"** also shows the plaintiff's concerns regarding the criminal actions of the DAO and Tripp were valid. The defendants have intentionally destroyed the plaintiff's family and livelihood to cover-up their corruption.

### IV. Due Diligence

The plaintiff has exercised due diligence in obtaining the newly acquired evidence which has been and continues to be suppressed by the defendants.

### V. Conclusion

Based upon the above listed facts, the plaintiff's Request for Leave to Amend should be GRANTED.

Date: 6/1/2023

_____
Derrick Jacobs
Plaintiff

Pro Se

## CERTIFICATE OF SERVICE

I, Derrick Jacobs, Plaintiff within the above-captioned matter, hereby certify that a true and correct copy of according to the Federal Rules of Civil Procedure was sent via email/ECF upon parties on the date shown below,

Date:  6/1/2023

_____
Derrick Jacobs,
Plaintiff
Pro se