# EXHIBIT "B"



MONDAY, NOVEMBER 18, 2019

## Detective: D.A. Tampered With Witness In Officer Involved Shooting

By Ralph Cipriano
for BigTrial.net



Derrick "Jake" Jacobs was one of the detectives assigned to investigate the 2017 fatal police shooting of dirt biker David Jones.

The victim was black; Ryan Pownall, the officer who pulled the trigger, was white. Jacobs, who is black, says that race played no part in his investigation, which exonerated the officer; neither did any supposed loyalty to his fellow cops.

"If it's a bad shooting, there's nothing you can do about it," said Jacobs, a veteran detective of 20 years who formerly worked homicide before he was assigned to the Philly P.D.'s Officer Involved Shooting Investigation Unit. "The facts are the facts," the detective said, and "you can't get around them."

But Jacobs' findings put him on a collision course with the D.A.'s office, led by Progressive Larry Krasner, who was intent on indicting Officer Pownall for murder. When Detective Jacobs got in the way, the detective claims in a new lawsuit, the D.A.'s office threatened to arrest Jacobs, initiated a grand jury investigation against him, and then tried to intimidate the detective into remaining silent until Pownall's trial, scheduled for January, was over.

D.A. Krasner's priorities: prosecute cops, free murderers

But Jake is doing anything but keeping quiet.

Last month, he took the unusual step of going to U.S. District Court to file a pro se civil rights lawsuit against the Philadelphia D.A.'s office. In the lawsuit, Jake charged that the D.A.'s office initiated a grand jury investigation against him after he attempted to expose a corrupt prosecution.

"I, Detective Jacobs, became an integral part of the investigation due to my involvement in interviewing the majority of 'fact' witnesses with integrity and honesty, which did not conform to the District Attorney's Office political agenda," the complaint states. "This caused the District Attorney's Office to surgically remove me from the investigation of Police Officer Ryan Pownall."

In his lawsuit, Jacobs alleged that he "observed acts of prosecutorial misconduct on behalf of D.A. Lawrence Krasner and Assistant District Attorney Tracy Tripp."

"After reviewing the grand jury presentment against Police Officer Ryan Pownall, Detective Jacobs deduced, based on 20 years experience and the factual knowledge he possessed on the investigation, that only false, misleading or perjured testimony was presented to the grand jury in order to obtain an indictment" against Pownall, the lawsuit states.

"When Jacobs attempted to expose this corruption, criminal proceedings were initiated against Detective Derrick Jacobs by Assistant District Attorney Tracy Tripp and the Philadelphia District Attorney's Office," the lawsuit states.

"On Nov. 9, 2018, criminal proceedings were brought" against the detective, in the form of a grand jury investigation for allegedly leaking grand jury secrets, which would have amounted

SUBSCRIBE TO BIG TRIAL

Follow @bigtrialblog

POPULAR POSTS


Smokin' Joe Frazier Among 22 Dead People Who Still Vote In Philly


Krasner Strikes Again! Accused Dog Walker's Killer Was Twice-Convicted Robber Arrested Again For Carjacking & Assault


Krasner Strikes Again: Man In U Haul With Human Torso Was Registered Sex Offender, Accused Burglar Let Out Of Jail On No Bail


D.A. Covers Up Wall Memorializing Cops Killed In Line Of Duty

PAST COVERAGE

Archdiocese Sex Abuse Trial
Philadelphia Mob Trial
Penn State Sex Abuse Scandal
Philly Narcs
Chaka Fattah Trial

to contempt of court.

The D.A.'s office "prosecuted Detective Derrick Jacobs . . . in an effort to stop, deter and eliminate the detective from exposing exculpatory evidence in the prosecution of Police Officer Ryan Pownall," Jacobs wrote in his complaint.

The detective's lawsuit also accused the D.A. of conspiring with "members of Black Lives Matter to intimidate and influence" a witness, namely "Terrence Freeman's testimony."

"The prosecution of Detective Jacobs was also initiated because he is the only African American in the Officer Involved Shooting Investigation [OISI] Unit and his race presented a problem in the prosecution" of Pownall, Jacobs wrote in his lawsuit.

Terrence Freeman was the witness riding in the back of Officer Pownall's police car on June 8, 2017, the day the officer was transporting Freeman and his two children to the Special Victims Unit. Along the way, Pownall saw Jones weaving in and out of traffic while driving recklessly on his dirt bike, which is illegal to operate on the streets of Philadelphia.

Pownall got out of his squad car and confronted Jones. When the cop frisked Jones, he discovered a gun in Jones' waistband. During a fight that ensued, the officer drew his gun and told Jones not to grab his weapon. Pownall tried to shoot Jones during the struggle, but his gun jammed. Jones then fled on foot and the officer fired three times, killing Jones.

After the shooting, Pownall was fired by then Police Commissioner Richard Ross. Krasner subsequently charged the former cop with murder and he was held without bail. It was the first time in 20 years that an officer had been charged after a police shooting. A judge subsequently reduced the charge to third-degree murder and Pownall was released on bail.

In Jacobs' view, however, the officer did nothing wrong.

"Jones was armed," Jacobs said, and during the fight between the two men, "Pownall believed he was shooting Jones to protect himself and possibly Freeman and his children as well."

According to Jacobs, those views led the D.A.'s office to attempt to silence him.

"On Friday, Nov. 9, 2018, Detective Jacobs in the presence of Attorney Greg Pagano and [the] court stenographer was informed that I had Fifth Amendment issues for leaking grand jury information, with all parties involved knowing this to be a complete lie," Jacobs wrote. "I was punished and retaliated against for attempting to be a 'whistleblower' and report prosecutorial misconduct and political corruption on the part of the Philadelphia District Attorney's Office. Furthermore, I had 'zero' information regarding grand jury testimony."

Detective Jacobs did not testify before the grand jury; he says he also doesn't who did testify and what was said. But the D.A.'s office was intent on silencing him, Jacobs charged.



"The criminal prosecution against Detective Derrick Jacobs was withdrawn after Assistant District Attorney Tracy Tripp believed Detective Jacobs' silence was ensured until after the trial of Police Officer Ryan Pownall," Jacobs wrote in his lawsuit.

According to the lawsuit, Tripp "stated to a party that Judge [Robert] Coleman would conduct a 'fake admonishment' of Detective Jacobs to scare him from speaking until after the trial of Police Officer Ryan Pownall."

"This corrupt and criminal prosecution of Detective Derrick Jacobs has caused irreparable damage to his law enforcement and personal reputation," the detective stated in his complaint that seeks $5 million in damages.

In response to Jacobs' lawsuit, Assistant City Solicitor Nicole S. Morris filed an Oct. 28th motion to dismiss the complaint on technical grounds. According to Morris, novice lawyer Jacobs claimed that state whistleblower laws were violated, but he did not assert that a federal constitutional right had been violated.

"Because plaintiff has failed to allege a federal question, his complaint should be dismissed with prejudice," Morris wrote.

D.A. Krasner, A.D.A. Tripp and Jane Roh, the D.A.'s alleged spokesperson who never speaks, did not respond to requests for comment.

In his complaint, Jacobs said that Officer Pownall was not only exonerated by his investigation, but also after an investigation by Senior Deputy Attorney General Christopher Phillips. Phillips arrived at his conclusion after he questioned witness Terrence Freeman in the presence of Jacobs and an investigator from the state attorney general's office, Jacobs wrote.

"There's nothing in the investigation that shows it was a bad shooting," Jacobs said. Phillips did not respond to a request for comment.

With regards to Black Lives Matter, it wouldn't be much of a stretch to imagine them colluding with Larry Krasner. The radical group was a client of Krasner's when he was a defense lawyer. The group also enthusiastically backed Krasner's candidacy for D.A.

Black Lives Matter: the kind of people who might have been chanting "Fuck the police" at Krasner's victory celebration.

"They got to Freeman," Jacobs said about Black Lives Matter. According to Jacobs, Freeman changed a key detail of his story. Freeman originally stated that during the fight between the cop and Jones, Freeman told Jones, "don't do it," meaning don't use your gun, Jacobs said.

But in a June 26, 2017 blog post for Philly mag's website written by Christopher "Flood The Drummer" Norris, a member of Black Lives Matter, Norris wrote that when Freeman told Jones "Don't do it," he was "telling Jones not to resist the officer."

Norris did not respond to a request for comment.

Additionally, according to Jacobs, Freeman told him "when Jones disengaged from Pownall, "he knew there was going to be gunplay," Jacobs said. That's why, Freeman told Jacobs, he dove on top of his kids, to protect them from any gunshots that Jones may have fired at Pownall.



Jacobs said he had to file his lawsuit in federal court by himself because he couldn't find a lawyer willing to take on the D.A.'s office over the racially charged shooting.

"This is a political thing," Jacobs said. "No one wants to skin this cat."

Jacobs' lawsuit may have been filed by an amateur lawyer, but it's being closely monitored by Fortunato Perri Jr., the defense lawyer for Pownall.

"I'm aware of Detective Jacobs' allegations against the district attorney's office," Perri said. "We are conducting our own investigation and analysis and if we find evidence of prosecutorial misconduct, we will file a motion" to ask a judge to "dismiss the charges" against Pownall.

As far as Jacobs is concerned, D.A. Krasner has an agenda to target cops.

"This is a political hit job on this officer," Jacobs said.

POSTED BY BIGTRIAL.NET AT 5:33 PM (2019-11-18T17:33:00-05:00)
TRIALS: PROGRESSIVE LARRY KRASNER

---

Newer Post                                                                                      Older Post

### You Might Also Like

  Vega Vs. Krasner II, The Libel Suit

  And The 'Uncle Larry' Awards For Reelecting Krasner Go To . . .

  Substack: Mounting Violence Casts Doubt Over 'Reform' D.A.

## 10 comments


**bigtrial.net**   November 18, 2019 at 9:29 PM

It's hard to believe but the Inky missed another critical story about Larry Krasner.

Reply

> Replies
>
> **Anonymous** November 19, 2019 at 9:12 AM
>
> First, the Inquirer refuses any coverage over misconduct by the DAs office during the Mr Shero and Fr Englehardt cases. Later, we have 18 "DAs" who fail the bar and nothing from the Inky. The we have the DAs spokesperson "tweeting" out racist comments about protestors. And now this. I hate the term "fake news" but its hard to follow the Inquirer anymore. Why do they continue to protect the DAs office?
>
> **Anonymous** November 21, 2019 at 11:37 AM
>
> It's deliberate obfuscation by the Inquirer.
>
> Reply


**NJ Sr** November 18, 2019 at 10:42 PM

Kudos to the detective for his integrity. This city needs more men like him.

Reply

**Anonymous** November 18, 2019 at 11:11 PM

Any sign of a foreperson's submission of the presentment, with a signature and date, to Judge Coleman?

The grand jury that heard this was empaneled on approximately December 2, 2016 and would have had a term of 18 months, ending theoretically in June of 2018. That's several months before Pownall's arrest, I believe.

That isn't necessarily notable - the grand jury could have been extended, or the DA could have sat on the charges, or the grand jury could have gotten started weeks after they were empaneled.

Nevertheless, it's a Seth Williams grand jury issuing a presentment at the bitter end of its term, two DAs later. The shooting happened before Seth Williams went on his much-deserved vacation with the Feds. It would be interesting to see when it was

submitted to the grand jury, when the presentment was signed, and when the 29th grand jury was disbanded.

Reply



**bigtrial.net**   November 19, 2019 at 5:23 AM

"A close and objective assessment of our coverage would show there is no such pattern regarding the district attorney or his office, and that we in fact have applied more scrutiny to the new district attorney, and his new policies and impact than any news outlet."

-- Gabriel Escobar, editor and vice president of the Inquirer.

Reply

Replies

**Anonymous** November 19, 2019 at 9:01 AM

What he is saying doesn't make any sense at all as the Inky is in close collaboration with Krasner to destroy the PPA as a viable law enforcement unit by totally emasculating its members from using deadly force on minorities hell bent upon killing police officers. Krasner and the Inky would not care at all about the lives of police officers as they consider their lives to be totally expendable.

Reply



**Kenzodiditall** November 19, 2019 at 6:36 PM

What about the ar ab lynching at the federal building ? NOBODY CARES CAUSE HE IS A RAPPER? INJUSTICE

Reply

**Anonymous** November 20, 2019 at 1:57 AM

Congratulations on a Feature depicting the Anatomy of Prosecutorial Prejudice and Misconduct in a design attempt to promote anarchy.

It is time well overdue for the Bar Association and the DOJ to address the egregious policies and actions that this Police Officer was subjected to by the Alleged DA and Prosecutor and acknowledge the fear and intimidation of Defense Counsels not to stand up and respond to the corrupt and criminal neglect by a DA who has become a credible threat to the Justice System.

Soros and his Acolytes who fund Black Lives Matter, should be named in an amendment to this Lawsuit and should be held accountable as part of a National Orchestrated Effort to undermine Civil Society, promoting and funding the climb to Public Office by cretins as vile and despicable as the Progressive Jewish Quaker Larry Krasner.

Reply



**Tim Berton** November 22, 2019 at 11:06 PM

Can't Pownall's defense call Detective Jacobs as a witness at trial? Jacobs' testimony would provide plenty of reasonable doubt.

This seems similar to the Monsignor Lynn case where Detective Joseph Walsh concluded the prosecution's chief witness, Danny Gallagher, was lying but ordered to stay quiet by prosecutors.

Reply

Enter your comment...

Comment as: jacbuiltinc@g

Sign out

Publish    Preview

☐ Notify me

Thoughtful commentary welcome. Trolling, harassing, and defaming not welcome. Consistent with 47 U.S.C. 230, we have the right to delete without warning any comments we believe are obscene, lewd, lascivious, filthy, excessively violent, harassing, or otherwise objectionable, whether or not such material is constitutionally protected.

Big Trial | Philadelphia Trial Blog | Copyright © 2020 BigTrial.net | Privacy Policy