```
        IN THE UNITED STATES DISTRICT COURT
      FOR THE EASTERN DISTRICT OF PENNSYLVANIA

DERRICK JACOBS              :    CIVIL ACTION
                            :
         v.                 :
                            :
CITY OF PHILADELPHIA, et al.:    NO. 19-4616
```

MEMORANDUM

Bartle, J.                                        June 21, 2022

      Derrick Jacobs, a former Philadelphia police detective, proceeding pro se, brings First Amendment retaliation claims and conspiracy claims under 42 U.S.C. § 1983 against Philadelphia Assistant District Attorney Tracey Tripp and three members of the Philadelphia Police Department: Chief Inspector Dennis Wilson, Inspector D.F. Pace, and Lieutenant Jason Hendershot. Before the court is the motion of three non-parties--Philadelphia Police Commissioner Danielle Outlaw, Philadelphia Police Deputy Commissioner John Stanford, and Philadelphia Police Deputy Commissioner Robin Wimberly--to quash plaintiff's subpoenas and for a protective order.

                                   I

      On October 4, 2019, plaintiff filed this lawsuit against the City of Philadelphia, the Philadelphia District Attorney's Office, Philadelphia District Attorney Lawrence Krasner, and Philadelphia Assistant District Attorney Tracey Tripp. Plaintiff avers that he witnessed prosecutorial

misconduct during a grand jury investigation and proceeding. He claims that defendants initiated a criminal investigation against him to prevent him from reporting the alleged prosecutorial misconduct. Over the course of the litigation, plaintiff has amended his complaint five times to include various federal and state claims stemming from these allegations against a variety of defendants.

After motion practice and two appeals, the remaining claims in plaintiff's action are his First Amendment retaliation claims and conspiracy claims under 42 U.S.C. § 1983 against Tripp and three members of the Philadelphia Police Department: Chief Inspector Dennis Wilson, Inspector D.F. Pace, and Lieutenant Jason Hendershot. To further support his First Amendment retaliation claims, plaintiff avers that defendants issued disciplinary charges against him for speaking about the alleged prosecutorial misconduct on a podcast.

II

Non-parties Philadelphia Police Commissioner Danielle Outlaw, Philadelphia Police Deputy Commissioner John Stanford, and Philadelphia Police Deputy Commissioner Robin Wimberly seek to quash plaintiff's subpoenas. The three subpoenas are identical and request all communications to and from Philadelphia Police Captain Nicholas DeBlasis from March 1, 2023 through the present that are related to DeBlasis's transfer

after he provided testimony on March 2, 2023 in an action against former Philadelphia Police Officer James Saxton. Plaintiff claims that the communications concerning DeBlasis will reveal that Krasner and the Philadelphia Police Department have a pattern and practice of retaliation against law enforcement officers who expose corruption. He also seeks "court transcripts regarding . . . Saxton."

Under Rule 26(b)(1) of the Federal Rules of Civil Procedure, all discovery requests must be "relevant to any party's claim or defense and proportional to the needs of the case." A subpoena under Rule 45 of the Federal Rules of Civil Procedure must fall within the scope of proper discovery as defined by Rule 26. See Green v. Cosby, 314 F.R.D. 164, 169 (E.D. Pa. 2016).

Non-parties are permitted to file a motion to quash or modify a subpoena. See, e.g., In re Domestic Drywall Antitrust Litig., 300 F.R.D. 234, 238-39 (E.D. Pa. 2014). Rule 45(d)(3)(A)(iv) requires the court to quash or modify a subpoena that "subjects a person to undue burden." Rule 45(d)(3)(B) describes other instances in which the court is permitted to quash or modify a subpoena.

When there is a motion to quash, the subpoenaing party must first demonstrate that his request falls within the general scope of discovery as defined in Rule 26(b)(1). See In re

Domestic Drywall Antitrust Litig., 300 F.R.D. at 239.  Only then does the burden shift to the subpoenaed non-party to demonstrate that there is a basis under Rule 45(d)(3) to quash or modify the subpoena.  Id.  When the burden shifts, the non-party must assert a basis under Rule 45(d)(3)(A) or (B) to quash a subpoena.  The non-party must show that complying with the subpoena would cause a "clearly defined and serious injury."  Id.  If the non-party meets this heavy burden, the court then conducts a balancing test in which it "weigh[s] (1) the relevance, (2) need, (3) and confidentiality of the requested materials, as well as (4) the harm that compliance would cause the subpoenaed nonparty."  Id.

     Defendants argue that plaintiff's subpoenas are irrelevant and overly broad.  Plaintiff's allegations stem from his reporting of prosecutorial misconduct in 2018 and the subsequent retaliation he experienced throughout 2019 and early 2020.  According to plaintiff, the retaliation against DeBlasis for testifying about corruption in the District Attorney's Office occurred in early 2023.  Thus, there is at least a three year if not longer gap between the alleged retaliation against plaintiff and the events about which plaintiff seeks communications.  The events concerning DeBlasis are too far removed to be relevant to plaintiff's action on the issue of

retaliation.  See, e.g., Hammond v. City of Wilkes Barre, 628 F. App'x 806, 808 (3d Cir. 2015).

Furthermore, it is unlikely that any information gained from the subpoenas could have any bearing on plaintiff's claims.  The court would need to conduct a trial within a trial to determine whether DeBlasis experienced retaliation.  Even if the court concluded that defendants retaliated against DeBlasis, plaintiff cannot establish a pattern or practice of retaliation by simply showing that one other police officer in the Philadelphia Police Department experienced retaliation.

Plaintiff has not shown that his subpoenas will produce any information relevant to his claims.  As a result, plaintiff has not met his burden to establish that the subpoenas fall within the scope of discovery permitted by Rule 26(b)(1). Thus, the non-parties do not need to establish any burden or other harm, nor does the court need to conduct a balancing test. Accordingly, the court will grant the motion of non-parties Outlaw, Stanford, and Wimberly to quash plaintiff's subpoenas.[1]

---

2.  The court need not reach the issue of whether to grant a protective order.