IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

**DERRICK JACOBS**  **CIVIL COMPLAINT NUMBER:  19-CV-4616**

V.

**CITY OF PHILADELPHIA, et al.**

### PLAINTIFF'S REQUEST FOR LEAVE TO AMEND

Plaintiff, Derrick Jacobs, requests Leave to Amend the above listed complaint after, once again, discovering new evidence in the defendants' possession, custody, and control. The defendants, as with other discoverable items, have intentionally withheld the discoverable items in support/defense of the plaintiff's claims. The plaintiff is under no illusion of the previous denials of leave to amend which the plaintiff views as abuses of discretion, judicial errors, bias, and violations of the Federal Rules of Civil Procedure ("FRCP").

### A. NEW EVIDENCE:

On July 14, 2023 at approximately 9:18am, the plaintiff contacted Lieutenant Craig Morton after learning he has been conducting a criminal investigation for the Philadelphia Police Department's Internal Affairs criminal division involving the plaintiff, Derrick Jacobs. Lt. Morton informed the plaintiff the investigation was initiated as a result of the plaintiff reporting corruption at the Philadelphia District Attorney's Office in a Philadelphia Weekly article dated April 21, 2021 (**Exhibit A**). Lieutenant Morton informed the plaintiff the Philadelphia Police Department was conducting the investigation with the Philadelphia District Attorney's Office Special Investigations Unit. The plaintiff asked Lieutenant Morton when was the criminal investigation initiated and he replied the same date as the article, April 21, 2021. When the plaintiff asked who initiated the investigation Lieutenant Morton did not respond. Lieutenant Morton then stated to the plaintiff, your lawsuit is still going on correct. The plaintiff replied yes. The plaintiff asked Lieutenant Morton several more question regarding the criminal investigation involving the plaintiff. Lieutenant Morton refused to provide answers to the questions. On the same date, the plaintiff issued a deposition subpoena to Philadelphia Police Lieutenant Craig Morton. The deposition was scheduled for July 31, 2023 at 10:00AM and would be conducted by Zoom video (**Exhibit B**). The defendants have not filed motions to quash the subpoena. On July 27, 2023, the plaintiff issued a subpoena to the Philadelphia Police Department for any/all documentation regarding the criminal

investigation being conducted by the Internal Affairs criminal division involving the plaintiff. The plaintiff asked the documents be provided by August 10, 2023 (**Exhibit C**). The defendants have not responded to the subpoena. The defendants have not filed a motion to quash the subpoena. **THIS IS THE SECOND CRIMINAL INVESTIGATION INITIATED BY THE DEFENDANTS IN RESPONSE TO THE PLAINTIFF ENGAGING IN THE PROTECTED ACTIVITY OF REPORTING CORRUPTION BY PUBLIC OFFICIALS.**

On or about April 21, 2021, defendant Tracy Tripp was the head of the Philadelphia District Attorney's Office Special Investigation Unit, which was working hand and glove with the Philadelphia Police Department's Internal Affairs Division in an internal criminal investigation involving the plaintiff, Derrick Jacobs as a result of a Philadelphia Weekly article reporting corruption at the Philadelphia District Attorney's Office and defendant Tracy Tripp.

Upon information and belief the internal criminal investigation was initiated in an effort to conduct an illegal surveillance of the plaintiff through the plaintiff's electronic and computer devices (phones, computers…etc.). These are just an example of the nefarious actions of the defendants. When the plaintiff provided this information during the deposition of the plaintiff on August 15, 2023, the defendants' reactions seemed to confirm the plaintiff's beliefs.

The latest action was committed during the defendants' deposition of the plaintiff on August 15, 2023. During the deposition the defendants' produced and presented a "fabricated" document to the plaintiff for verification. This was the defendants' attempt to justify their malicious prosecution of the plaintiff with a fraudulent document.

Also, during the deposition the defendants produced the "lost transcripts" used to threaten the plaintiff with their malicious prosecution. This confirms there were never any lost transcripts. This also confirms there were never any leaks.

Furthermore, how did Tracy Tripp lawyers gain access to the grand jury transcripts if the transcripts are still sealed under grand jury secrecy? Judge Robert Coleman is retired. Tracy Tripp no longer works for the Philadelphia District Attorney's Office, according to a recent filing. Have there been ex parte communications? Has Tracy Tripp's lawyers been sworn into the grand jury? Why have these documents been withheld from the plaintiff?

This new evidence confirms a conspiracy between the Philadelphia Police Department and the Philadelphia District Attorney's Office acting in concert to retaliate against the plaintiff, Derrick Jacobs, for being a whistleblower and reporting public corruption.

### B. PREVIOUS REQUEST FOR LEAVE TO AMEND DENIED BY COURT

1. The plaintiff requested leave to amend from the Court after learning race was a determining factor in the defendants' malicious prosecution and retaliation of the plaintiff. The Court denied the request.

2. The plaintiff requested leave to amend after learning the retaliatory departmental discipline of the plaintiff had been coordinated by Krasner, Tripp, the Philadelphia Police Department and the Krasner and Tripp's lawyers. The Court denied the request.

3. The plaintiff requested leave to amend after learning the defendants hid an authored a report (**Exhibit D**) admitting the illegal arrest of former Philadelphia Police Officer Ryan Pownall. The report admitted there was never probable cause to arrest Pownall and defendant Hendershot accused defendant Tripp of the illegal activity. The Court denied the plaintiff's request.

4. Lastly, the Court also denied the plaintiff leave to amend as a matter of course as required by FRCP Rule 15(a)(1)(B) when the defendants filed a 12(b)(6) motion to dismiss, which the Court granted. This denial has previously been viewed as an abuse of the discretion by the Third Circuit Court of Appeals. This denial was/is an attempt to deny the plaintiff justice by not allowing the plaintiff's "original" claim of First Amendment Malicious Prosecution by the defendants. This claim is indefensible because it meets all prongs: 1. The defendants initiated a criminal proceeding. 2. The criminal proceeding was initiated without probable cause. 3. The criminal proceeding ended in the plaintiff's favor. 4. There is a causal connection between the protected activity and the malicious prosecution. The Court now claims malicious prosecution is "prejudicial" to the defendants. This action was confirmed by Tripp's former counsel Samantha Banks when she stated in an email the Court has tailored "very limited claims."

### C. CONCLUSION

Based upon the above facts, the plaintiff request for leave to amend should be GRANTED.

Date:    8/21/2023

Derrick Jacobs
Plaintiff
Pro Se

## CERTIFICATE OF SERVICE

I, Derrick Jacobs, Plaintiff within the above-captioned matter, hereby certify that a true and correct copy pursuant to the Federal Rules of Civil Procedure was sent via ECF/email upon the listed parties on the date shown below,

*Attorneys for Defendants(s)*

Date:  8/21/2023

Derrick Jacobs,
Plaintiff
Pro se