IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

**DERRICK JACOBS**                       **CIVIL COMPLAINT NUMBER: 19-CV-4616**
**V.**
**CITY OF PHILADELPHIA, et al.**

## PLAINTIFF'S MOTION TO COMPEL DISCOVERY, SANCTIONS AND DEFAULT JUDGMENT AFTER DEFENDANTS MULTIPLE AND REPEATED VIOLATIONS OF THE FEDERAL RULES OF CIVIL PROCEDURE ("FRCP")

1. Plaintiff commenced this action on October 4, 2019.
2. On November 21, 2022, the Court held a Rule 16 conference inside courtroom 16A at 2:00PM. The conference was attended by the Court, the pro se plaintiff Derrick Jacobs, and City Solicitor Nicole Morris. During the conference Ms. Morris informed the Court she's the responsible party for acceptance of subpoenas and discovery requests from the plaintiff.
3. On November 21, 2022, the Court issued its First Scheduling Order (ECF 74). The Court Ordered fact discovery completed by March 31, 2023.
4. On March 14, 2023, the defendants requested the fact discovery deadline be extended to June 30, 2023 (ECF 90).
5. On March 16, 2023, the Court vacated the first scheduling order. The Court granted the defendants' request and issued a Second Scheduling Order extending the fact discovery deadline to June 30, 2023 (ECF 92).
6. On June 2, 2023, the defendants requested another discovery extension (ECF 103).
7. On June 7, 2023, the Court vacated the second scheduling order. The Court granted the defendants' request and issued a Third Scheduling Order extending the fact discovery deadline to August 30, 2023 (ECF 110).
8. On August 7, 2023, the defendants contacted the plaintiff regarding plaintiff's discovery request (Exhibit "A"). The plaintiff immediately responded and after a lengthy discussion, the plaintiff agreed to a stipulation between parties to have the discovery deadline extended to allow the defendants time to adhere to discovery request.

1

9. On August 18, 2023, after NEVER receiving a single discoverable item, the plaintiff issued a final request for discovery to the defendants. The defendants responded, stating they are "finalizing" the production of documents (Exhibit "B").
10. On August 18, 2023, counsel for defendants Hendershot, Wilson, and Pace "resubmitted" the documents previously submitted during plaintiff FLSA litigation (19-cv-4615).
11. On August 21, 2023, the plaintiff informed the defendants that a vast majority of discoverable items were not included in the documents sent on August 18, 2023 (Exhibit "C").
12. On August 21, 2023, counsel for the defendants, inquired as to the missing discoverable items.
13. On August 23, 2023, the plaintiff immediately provided the defendants with previously submitted request for discovery.
14. On September 3, 2023, the plaintiff issued another final request for discoverable items after not receiving a response from the defendants. The plaintiff requested a response by Tuesday, September 5, 2023.
15. The plaintiff contacted the PPD defendants counsel as requested on September 5, 2023. The plaintiff informed counsel as a pro se plaintiff he would not continue to resubmit discovery request. The plaintiff provided counsel an example of a "protection file" that was kept by defendant Hendershot.
16. On September 6, 2023, the defendants provided only a portion of Hendershot's protection file.
17. As of today, **SEPTEMBER 11, 2023**, the defendants have not complied with the plaintiff's discovery requests despite the repeated extension requests granted by the Court.
18. The defendants have not complied with subpoenas.
19. The defendants have not complied with request for the production of documents.
20. The defendants have not complied with request for interrogatories.
21. The defendants have not complied with request for depositions.

## DEPOSITION SUBPOENAS

**Philadelphia District Attorney Lawrence Krasner** was issued a subpoena for a deposition scheduled for **January 13, 2023**. The defendants have not responded to the subpoena. The defendants have not filed a motion to quash the subpoena (Exhibit "D").

**Asa Khalif (aka Earl Pittman) an employee for the Philadelphia District Attorney's Office** was issued a subpoena for a deposition scheduled for **July 20, 2023**. The defendants have not responded to the subpoena. The defendants have not filed a motion to quash the subpoena (Exhibit "E").

**Philadelphia District Attorney Lawrence Krasner** was issued a subpoena for a deposition scheduled for **May 12, 2023**. The defendants have not responded to the subpoena. The defendants have not filed a motion to quash the subpoena (Exhibit "F"). On September 8, 2023, the defendants filed a response to plaintiff's motion for sanctions, which was filed on August 11, 2023 in violation of Local Rules of Civil Procedure ("LRCP") Rule 7.1(c) which states any brief in opposition shall be filed within fourteen (14) days. Therefore the plaintiff's motion for sanctions is **UNCONTESTED.**

**Philadelphia Police Sergeant Zachary Koenig** was issued a subpoena for a deposition scheduled for **July 24, 2023**. The defendants have not responded to the subpoena. The defendants have not filed a motion to quash the subpoena (Exhibit "G").

**Philadelphia Police Lieutenant Craig Morton** was issued a subpoena for a deposition scheduled for **July 31, 2023**. The defendants have not responded to the subpoena. The defendants have not filed a motion to quash the subpoena (Exhibit "H").

**Philadelphia Police Lieutenant Timothy Thompson** was issued a subpoena for a deposition scheduled for **August 1, 2023**. The defendants have not responded to the subpoena. The defendants have not filed a motion to quash the subpoena (Exhibit "I").

**Philadelphia Police Commissioner Danielle Outlaw** was issued a subpoena for a deposition scheduled for **August 28, 2023**. The defendants have not responded to the subpoena. The defendants have not filed a motion to quash the subpoena (Exhibit "J"). On September 8, 2023, the defendants filed a response to plaintiff's motion for sanctions, which was filed on August 11, 2023 in violation of Local Rules of Civil Procedure ("LRCP") Rule 7.1(c) which states any brief in opposition shall be filed within fourteen (14) days. Therefore the plaintiff's motion for sanctions is **UNCONTESTED.**

## DOCUMENT SUBPOENAS

**Philadelphia Assistant District Attorney Brian Collins** was issued a subpoena for documents, information, or objects. The subpoena commanded the documents, information, or objects be produced by **February 15, 2023**. The defendants have not responded to the subpoena. The defendants have not filed a motion to quash the subpoena (Exhibit "K").

**Deputy Police Commissioner Frank Vanore** was issued a subpoena for documents, information, or objects. The subpoena commanded the documents, information, or objects be produced by **February 15, 2023**. The defendants have not responded to the subpoena. The defendants have not filed a motion to quash in opposition of the subpoena (Exhibit "L").

**Philadelphia Police Commissioner Danielle Outlaw** was issued a subpoena for documents, information, or objects. The subpoena commanded the documents, information, or objects be produced by **February 17, 2023**. The defendants have not responded to the subpoena. The defendants have not filed a motion to quash in opposition of the subpoena (Exhibit "M").

**Philadelphia Police Commissioner Danielle Outlaw** was issued a subpoena for documents, information, or objects. The subpoena commanded the documents, information, or objects be produced by **February 17, 2023**. The defendants have not responded to the subpoena. The defendants have not filed a motion to quash in opposition of the subpoena (Exhibit "N").

**The City of Philadelphia and the District Attorney's Office of Philadelphia** was issued a subpoena for documents, information, or objects. The subpoena commanded the documents, information, or objects be produced by **May 24, 2023**. The defendants have not responded to the subpoena. The defendants have not filed a motion to quash the subpoena (Exhibit "O").

**Philadelphia District Attorney Lawrence Krasner** was issued a subpoena for documents, information, or objects. The subpoena commanded the documents, information, or objects be produced by **May 24, 2023**. The defendants have not responded to the subpoena. The defendants have not filed a motion to quash to quash the subpoena (Exhibit "P").

**Philadelphia Police Commissioner Danielle Outlaw** was issued a subpoena for documents, information, or objects. The subpoena commanded the documents, information, or objects be produced by **July 19, 2023**. The defendants have not responded to the subpoena. The defendants have not filed a motion to quash the subpoena (Exhibit "Q").

**Philadelphia Deputy Police Commissioner Frank Vanore** was issued a subpoena for documents, information, or objects. The subpoena commanded the documents, information, or objects be produced by **July 19, 2023**. The defendants have not responded to the subpoena. The defendants have not filed a motion to quash the subpoena (Exhibit "R").

**Philadelphia Deputy Police Commissioner Frank Vanore** was issued a subpoena for documents, information, or objects. The subpoena commanded the documents be produced by **July 19, 2023**. The defendants have not responded to the subpoena. The defendants have not filed a motion to quash the subpoena (Exhibit "S").

**The Philadelphia Police Department** was issued a subpoena for documents, information, or objects. The subpoena commanded the documents, information, or objects be produced by **July 18, 2023**. The defendants have not responded to the subpoena. The defendants have not filed a motion to quash the subpoena (Exhibit "T").

**Kia Ghee** was issued a subpoena for documents, information, or objects. The subpoena commanded the documents, information, or objects be produced by **July 17, 2023**. The defendants have not responded to the subpoena. The defendants have not filed a motion to quash the subpoena (Exhibit "U").

**Philadelphia District Attorney Lawrence Krasner** was issued a subpoena for documents, information, or objects. The subpoena commanded the documents, information, or objects be produced by **July 19, 2023**. The defendants have not responded to the subpoena. The defendants have not filed a motion to quash to quash the subpoena (Exhibit "V").

**Philadelphia Police Department** was issued a subpoena for documents, information, or objects. The subpoena commanded the documents, information, or objects be produced by August 11, 2023. The defendants have not responded to the subpoena. The defendants have not filed a motion to quash in opposition of the subpoena (Exhibit "W").

**Philadelphia Police Department** was issued a subpoena for documents, information, or objects. The subpoena commanded the documents, information, or objects be produced by August 10, 2023. The defendants have not responded to the subpoena. The defendants have not filed a motion to quash in opposition of the subpoena (Exhibit "X").

### REQUEST FOR THE PRODUCTION OF DOCUMENTS FROM DEFENDANTS

**On December 25, 2022,** the plaintiff submitted a request for the production of documents to the defendants. The defendants have refused to provide the requested documents in their possession, custody, and control according to the Federal Rules of Civil Procedure ("FRCP") (Exhibit "Y").

**On January 20, 2023** the plaintiff submitted a request for the production of documents to the defendants. The defendants have refused to provide the requested documents in their possession, custody, and control according to the Federal Rules of Civil Procedure ("FRCP") (Exhibit "Z").

**On March 23, 2023** the plaintiff submitted a request for the production of documents to the defendants. The defendants have refused to provide the requested documents in their possession, custody, and control according to the Federal Rules of Civil Procedure ("FRCP") (Exhibit "ZA").

**On January 31, 2023,** the plaintiff submitted **SECOND REQUEST** for the production of documents to the defendants. The request was identical to the December 25, 2022 request. The defendants have refused to provide the requested documents in their possession, custody, and control according to the FRCP (Exhibit "ZB").

**On February 1, 2023,** the plaintiff submitted a request for the production of documents to the defendants. The defendants have refused to provide the requested documents in their possession, custody, and control according to the FRCP (Exhibit "ZC").

**On February 3, 2023,** the plaintiff submitted a request for the production of documents to the defendants. The defendants have refused to provide the requested documents in their possession, custody, and control according to the FRCP (Exhibit "ZD").

**On February 6, 2023,** the plaintiff submitted a request for the production of documents to the defendants. The defendants have refused to provide the requested documents in their possession, custody, and control according to the FRCP (Exhibit "ZE").

**On February 7, 2023,** the plaintiff submitted a request for the production of documents to the defendants. The defendants have refused to provide the requested documents in their possession, custody, and control according to the FRCP (Exhibit "ZF").

**On March 23, 2023,** the plaintiff issued a request for the productions of documents from the defendants. The defendants have not provided requested documents according to the Federal Rules of Civil Procedure (FRCP) after numerous requests (Exhibit "ZG").

**On March 24, 2023,** the plaintiff issued a request for the productions of documents from the defendants. The defendants have not provided requested documents according to the Federal Rules of Civil Procedure (FRCP) after numerous requests (Exhibit "ZH").

## REQUEST FOR INTERROGATORIES

**On March 27, 2023,** the plaintiff submitted his First set of Interrogatories to defendant, Jason Hendershot. The defendant has intentionally refused to respond in violation of the FRCP (Exhibit "ZI").

## REQUEST FOR DEPOSITIONS FOR DEFENDANTS TRACY TRIPP, JASON HENDERSHOT, DENNIS WILSON, AND DF PACE

On **March 28, 2023,** the plaintiff requested available deposition dates for defendant Tracy Tripp (Exhibit "ZJ"). The defendants did not respond to the request. The defendants did not provide availability.

On **April 13, 2023,** the plaintiff requested available deposition dates for defendant Tracy Tripp a second time after not receiving a response to the first request (Exhibit "ZK"). On **April 14, 2023**, in violation of the FRCP, the defendants informed the plaintiff Tracy Tripp would not attend a deposition because of their belief the plaintiff would "antagonize and harass" Tracy Tripp (Exhibit "ZL").

On **July 14, 2023,** the plaintiff informed the defendants he intended to depose Tracy Tripp on Friday, **July 28, 2023** at 10:00AM. The plaintiff asked the defendants to confirm Tracy Tripp's availability by Tuesday, July 18, 2023. On **July 17, 2023,** the

7

defendants informed the plaintiff they would not produce Tripp until the plaintiff provided his availability to be deposed. On July 18, 2023 the plaintiff provided his availability. On **July 21, 2023**, the plaintiff submitted a second request of the availability of Tripp for a deposition. On **July 21, 2023**, the defendants, once again, refused to provide availability of defendant Tripp for a deposition. On **July 21, 2023**, the plaintiff, once again, requested an available date for Tripp's deposition before requesting the Court's intervention. After the defendants failed to respond, On **July 24, 2023**, the plaintiff requested Tripp's availability for a deposition again. The defendants, once again, failed to respond. Finally, On **August 8, 2023**, the plaintiff requested the availability of defendant Tripp for a deposition. Once again, the defendant Tripp did not respond.

### Federal Rules of Civil Procedure Rule 26 (DUTY TO DISCLOSE)

*Above listed paragraphs are incorporated as if fully set herein*

FRCP Rule 26(a)(1)(A) states as follows: In General. Except as exempted by Rule 26(a)(1)(B) or as otherwise stipulated or ordered by the court, a party **MUST**, **WITHOUT** awaiting a discovery request, provide to the other parties: (i) the name and, if known, the address and telephone number of each individual likely to have discoverable information along with the subjects of that information that the disclosing party may use to support its claims or defenses, unless the use would be solely for impeachment; (ii) a copy or a description by category and location of all documents, electronically stored information, and tangible things that the disclosing party has in its possession, custody, or control and may use to support its claims or defenses, unless the use would be solely for impeachment.

### Federal Rules of Civil Procedure Rule 30 (Depositions)

*Above listed paragraphs are incorporated as if fully set herein*

FRCP Rule 30(a)(1) A party may, by oral questions, depose any person, including a party, without leave of court except as provided in Rule 30(a)(2). The deponent's attendance may be compelled by subpoena under Rule 45.

### Federal Rules of Civil Procedure Rule 33 (Interrogatories to Parties)

*Above listed paragraphs are incorporated as if fully set herein*

FRCP Rule 33(a)(1) states: Unless otherwise stipulated or ordered by the court, a party may serve on any other party no more than 25 written interrogatories, including all discrete subparts.

FRCP Rule 33(b)(1)(A) states: The interrogatories must be answered by the party to whom they are directed.

FRCP Rule 33(b)(2) states: The responding party must serve its answers and any objections within 30 days after being served with the interrogatories.

FRCP Rule 33(b)(4) states: The grounds for objecting to an interrogatory must be stated with specificity.

### Federal Rules of Civil Procedure Rule 34

*Above listed paragraphs are incorporated as if fully set herein*

FRCP Rule 34(a)(1)(A) states: A party may serve on any other party a request within the scope of Rule 26(b) to produce and permit the requesting party or its representative to inspect, copy, test, or sample the following items in the responding party's possession, custody, or control any designated documents or electronically stored information, including writings, drawings, graphs, charts, photographs, sound recordings, images, and other data or data compilations, stored in any medium from which information can be obtained either directly or, if necessary, after translation by the responding party into a reasonably usable form.

FRCP Rule 34(b)(2)(A) states: The party to whom the request is directed must respond in writing within 30 days after being served.

### Federal Rules of Civil Procedure Rule 45 (Subpoenas)

*Above listed paragraphs are incorporated as if fully set herein*

FRCP Rule 45(g) states: The court for the district where compliance is required and also, after a motion is transferred, the issuing court may hold in contempt a person who, having been served, fails without adequate excuse to obey the subpoena or an order related to it.

## Federal Rules of Civil Procedure Rule 37 (FAILURE TO MAKE DISCLOSURES OR COOPERATE IN DISCOVERY; SANCTIONS)

*Above listed paragraphs are incorporated as if fully set herein*

FRCP Rule 37(a)(3)(A) states: If a party fails to make a disclosure required by Rule 26(a), any other party may move to compel disclosure and for appropriate sanctions.

FRCP Rule 37(a)(3)(B) states: A party seeking discovery may move for an order compelling an answer, designation, production, or inspection. This motion may be made if (i) a deponent fails to answer a question asked under Rule 30 or 31; (ii) a corporation or other entity fails to make a designation under Rule 30(b)(6) or 31(a)(4); (iii) a party fails to answer an interrogatory submitted under Rule 33; or (iv) a party fails to produce documents or fails to respond that inspection will be permitted, or fails to permit inspection, as requested under Rule 34.

FRCP Rule 37(a)(4) states: an evasive or incomplete disclosure, answer, or response must be treated as a failure to disclose, answer, or respond.

FRCP Rule 37(b)(1) states: If the court where the discovery is taken orders a deponent to be sworn or to answer a question and the deponent fails to obey, the failure may be treated as contempt of court.

FRCP Rule 37(b)(2)(A) states: If a party or a party's officer, director, or managing agent—or a witness designated under Rule 30(b)(6) or 31(a)(4)—fails to obey an order to provide or permit discovery, including an order under Rule 26(f), 35, or 37(a), the court where the action is pending may issue further just orders. They may include the following: (i) directing that the matters embraced in the order or other designated facts be taken as established for purposes of the action, as the prevailing party claims; (ii) prohibiting the disobedient party from supporting or opposing designated claims or defenses, or from introducing designated matters in evidence; (iii) striking pleadings in whole or in part; (iv) staying further proceedings until the order is obeyed; (v) dismissing the action or proceeding in whole or in part; (vi) rendering a default judgment against the disobedient party.

FRCP Rule 37(d)(1)(A) states: The court where the action is pending may, on motion, order sanctions if: (i) a party or a party's officer, director, or managing agent—or a person designated under Rule 30(b)(6) or 31(a)(4)—fails, after being served with proper

notice, to appear for that person's deposition; or (ii) a party, after being properly served with interrogatories under Rule 33 or a request for inspection under Rule 34, fails to serve its answers, objections, or written response.

FRCP 37(d)(2) states: A failure described in Rule 37(d)(1)(A) is not excused on the ground that the discovery sought was objectionable, unless the party failing to act has a pending motion for a protective order under Rule 26(c).

## ARGUMENT

*Above listed paragraphs are incorporated as if fully set herein*

The defendants have repeatedly and intentionally violated the FRCP. The defendants have not provided discovery in support/defense of the plaintiff's claims. Sanctions are warranted in this matter up to and including the possible entry of a default judgment in plaintiff's favor. The defendants have refused to address subpoenas in violation of Rule 45. The defendants have refused to provide documents in their possession, custody, and control in violation of Rule 34. The defendants have refused to answer interrogatories in violation of Rule 33. The defendants have refused to provide availability for oral depositions of defendants in violation of Rule 30. The plaintiff had specifically requested a document concerning an investigation conducted by the defendants and authored on or about November 3, 2022. The documents showed there was no probable cause to arrest former police officer Ryan Pownall. Defendant Hendershot actually blamed defendant Tripp for "their" illegal and criminal actions. The defendants have intentionally refused to provide the documents because they support the plaintiff's claims of criminality and corruption. When the plaintiff obtained the new evidence (Exhibit "ZM"), the Court denied the plaintiff the justice afforded and deserved. The defendants, citing the Court's rulings, refused to provide defendant Tracy Tripp's availability for a deposition. The defendants have not filed any privilege logs. The defendants have not filed any Rule 26(c) protection order motions. The defendants have not honored subpoenas. The defendants have not filed any motions to quash the subpoenas. Upon information and belief, the defendants have been empowered to violate the FRCP by this Court. The plaintiff has submitted various discovery requests after the Rule 16 conference. The defendants have not provided discovery items in response. Are the defendants claiming

11

they DO NOT possess the discoverable items? The defendants have requested discovery extensions which were granted by the Court. The Third Scheduling order for discovery ends on August 30, 2023. The defendants now claim it would take them at least another 45-60 days to "locate" discoverable items. Furthermore, the defendants were served and advised of this litigation in October 2019. Upon service of this litigation the defendants, including defendant Tracy Tripp, were also advised to retain and preserve any/all possible discoverable items which could be used in support/defense of this litigation. It is now (four (4) years later) disingenuous to claim an attempt to still "locate" discoverable items and/or the discoverable items are "no longer" in the defendants' possession, custody and/or control. One example of the defendants' intentional violations of the FRCP, are the interrogatories submitted to defendant Hendershot on March 27, 2023 (Exhibit "ZI").

**Interrogatory #2**

**Did you swear out an affidavit of probable cause to arrest former Philadelphia Police Officer Ryan Pownall for the Officer Involved Shooting ("OIS") that occurred on June 8, 2017? If so, please provide**

**a. What facts did you rely on to swear out the affidavit to arrest Philadelphia Police Officer Ryan Pownall?**

**b. Did you later learn after investigation that probable cause did not and/or does not exist to arrest Ryan Pownall? If so, can you provide documentation and how you discovered the lack of probable cause?**

Defendants' Response: Objection: This request is overly broad, unduly burdensome, unlikely to lead to the discovery of relevant information, not reasonably related to the claims and defenses in this case and not proportional to the needs of this case.

THIS RESPONSE IS AN INTENTIONAL LIE, VERIFIED BY THE DEFENDANT. Defendants Hendershot and Tripp knew this information and documentation existed (Exhibit) and refused to provide the discovery in support/defense of plaintiff's claims. This is just one example of an intentional violation of the FRCP. These acts require the most punitive sanctions afforded. FRCP Rule 33(b)(4) states the objection must be stated with specificity not a blatant lie. Numerous Courts, including the Eastern District of Pennsylvania, have concluded the defendants "lack candor." Finally, in the

defendants' recent response to a previous motion to compel, they admit they are intentionally withholding discovery. The defendants' stated unless the plaintiff agrees to participate in a "confidentiality" agreement, they will continue to hold the discovery "hostage" in violation of the FRCP.

FRCP Rule 55

## SANCTIONS

*Above listed paragraphs are incorporated as if fully set herein*

Rule 37(d)(1)(A) states: The court where the action is pending may, on motion, order sanctions if: (i) a party or a party's officer, director, or managing agent or a person designated under Rule 30(b)(6) or 31(a)(4) fails, after being served with proper notice, to appear for that person's deposition; or (ii) a party, after being properly served with interrogatories under Rule 33 or a request for inspection under Rule 34, fails to serve its answers, objections, or written response.

Rule 37(d)(2) states: A failure described in Rule 37(d)(1)(A) is not excused on the ground that the discovery sought was objectionable, unless the party failing to act has a pending motion for a protective order under Rule 26(c).

Rule 37(d)(3) states: The court MUST require the party failing to act, the attorney advising that party, or both to pay the reasonable expenses, including attorney's fees, caused by the failure.

Rule 37(e)(2)(A)and(C) states: upon finding that the party acted with the intent to deprive another party of the information's use in the litigation may presume that the lost information was unfavorable to the party and dismiss the action or enter a default judgment.

The pro se plaintiff requests the Court order compensation to the plaintiff equal to the attorney fees of the defendants. If the expenses are "reasonable" compensation for representation, they should be "reasonable" for sanctions. The pro se plaintiff requests compensation documentation.

The pro se plaintiff also request all previously requested discovery be provided within ten (10) days.

The pro se plaintiff requests leave to amend his complaint due to intentionally withheld discovery, which has prejudiced the plaintiff's claims and defenses.

13

The pro se plaintiff requests all cost incurred to retain a cyber retrieval expert to recover withheld and possibly destroyed electronic discoverable items and information be paid by the defendants.

A. **PLAINTIFF REQUEST FOR SANCTION ENTRY OF DEFAULT JUDGMENT UNDER FRCP RULE 55 AGAINST DEFENDANT TRACY TRIPP**

*Above listed paragraphs are incorporated as if fully set herein*

FRCP Rule 55(a) When a party against whom a judgment for affirmative relief is sought has failed to plead or "otherwise defend," and the failure is shown by affidavit or "otherwise," the clerk must enter a party's default.

FRCP Rule 55(b)(2) …party must apply to court for a default judgment.

FRCP Rule 55 is a two step process. The first step is the clerk must enter a default if a party "has failed to plead or "otherwise defend." Clearly the defendants' failure to "otherwise defend" in this matter has been clearly established by the aforementioned facts and an entry of default must be entered. Furthermore, the pro se plaintiff has clearly been prejudiced by the defendants' intentional failures to "otherwise defend" as a "strategic tactic," in violation of the Rule 1 of the FRCP which governs the procedure in all civil actions and proceedings in the United States…should be construed, administered, and employed by the court and parties to secure the just, speedy, and inexpensive determination of every action and proceeding. FRCP Rule 37(b)(2)(A)(vi), (d)(3) allows the court to enter a default judgment against a party that fails to obey discovery orders. 28 U.S.C. 1927 allows the court to impose sanctions against an attorney who "unreasonably and vexatiously" multiplies the proceedings *see Resolution Trust Corp v. Dabney and Monk v. Roadway Express Inc v Piper. Also see Grider v. Keystone Health Plan Cent., Inc., 580 F.3d 119, 134 (3rd Cir. 2009).* The defendants have engaged in a course of conduct which makes it clear they have not been forthcoming with the most important information in this case by (1) interposing legally deficient general objections for the purpose of delaying discovery in this case (2) failing to make a good faith effort to locate and produce documents requested by the

14

plaintiff (3) failing to timely produce and supplement discovery and (4) acting in bad faith in order to multiply these proceedings. The defendants "clearly" have wantonly committed multiple acts of bad faith against the pro se plaintiff for oppressive reasons. In applying the six part standard in Poulis v. State Farm (3rd Cir. 1984) it's clear the defendants' actions has prejudiced the plaintiff's ability to proceed with and/or defend this claim (1) are the defendants responsible (2) have the plaintiff been prejudiced by the defendants' actions (3) history of dilatoriness (4) is the conduct willful or in bad faith (5) effectiveness of sanctions (6) merits of claims or defense. Although it is not necessary that all factors be met for an entry of default sanction, *See **Mindek v. Rigatti** (3rd **Cir. 1992)***, clearly the defendants' actions warrant this sanction as all factors were met.  In ***Hoxworth v. Blinder, Robinson & Co. (3rd Cir. 1992)*** the defendants responded to the complaint but failed to produce documents or respond adequately to discovery requests. ***(It's not lost on plaintiff that Schnader, Harrison, Segal Lewis was involved in this chicanery…pattern and practice).*** On January 20, 2023 the plaintiff submitted a request for the production of documents from defendants Tracy Tripp. Defendant Tripp did not respond to documents request. On December 25, 2022 the plaintiff submitted a request for the production of documents. The defendants did not respond. On January 31, 2023 the plaintiff re-submitted the request for a second time and once again, the defendants did not respond. On March 6, 2023, the plaintiff submitted document subpoenas to defendant Tracy Tripp that mirrored the previous requests for the production of documents submitted to defendants Tracy Tripp. The defendants responded on March 10, 2023 by acknowledging receipt of the previously submitted requests by stating the defendants would not provide the duplicative requested documents and have since not provided the documents or responded to the requests. The plaintiff also submitted a deposition subpoena to defendant Tracy Tripp, which the defendants' informed the plaintiff to resubmit under FRCP Rule 30 after the initial disclosures. On March 23, 2023, the plaintiff submitted another request for the production of documents. On April 21, 2023, the defendants responded by stating they would not provide the documents because defendant Tracy Tripp is no longer an employee and the

15

documents are no longer in her possession, custody of control (Exhibit "ZN"). On March 24, 2023, the plaintiff submitted a request for the production of documents. On April 24, 2023, the defendants responded by refusing to provide the documents. On March 28, 2023, the plaintiff requested the availability of defendant Tracy Tripp for deposition testimony. The defendants did not respond. On April 13, 2023, the plaintiff submitted a second request for defendant Tracy Tripp availability for deposition testimony. The defendants replied they would not provide defendant Tracy Tripp. On July 14, 2023, the plaintiff informed the defendants of his intentions to depose defendant Tracy Tripp on July 28, 2023. The defendants responded they would provide defendant Tripp availability after the deposition of the plaintiff was confirmed *(Note: the defendants deposed the plaintiff for the first time on August 3, 2023)*. On July 24, 2023, the plaintiff requested the availability of defendant Tripp after August 3, 2023. The defendant did not respond. On August 8, 2023, the plaintiff requested the availability of defendant Tripp for deposition testimony by August 10, 2023. The defendants did not respond. On September 3, 2023, the plaintiff submitted a FINAL discovery to defendants. Defendant Tripp did not respond. On August 15, 2023, defendant Tripp deposed the plaintiff. During the deposition the defendants presented numerous discoverable items previously requested by the plaintiff. Some of the discoverable items included the alleged "LOST" transcripts. The defendants also presented "fabricated" items and when the plaintiff addressed the fabricated items the defendants claimed it was a mistake. To date, September 11, 2023, defendant Tracy Tripp HAS NOT adhered to ONE discovery request by the plaintiff. Defendant Tracy Tripp HAS NOT provided ONE discoverable item and is clearly and wantonly acting in bad faith and violating the FRCP.

B. **PLAINTIFF REQUEST FOR SANCTION ENTRY OF DEFAULT JUDGMENT UNDER FRCP RULE 55 AGAINST DEFENDANT JASON HENDERSHOT**

*Above listed paragraphs are incorporated as if fully set herein*

The plaintiff has made numerous discovery requests to defendant Jason Hendershot (see attached exhibits "A through ZN"). Defendant Hendershot has intentionally withheld requested discoverable items, (documents and interrogatories) while wantonly acting in bad faith, requested by the plaintiff. Also, during defendant Hendershot's deposition of the plaintiff on August 3, 2023, the defendant presented fabricated discoverable items.

C. **PLAINTIFF REQUEST FOR SANCTION ENTRY OF DEFAULT JUDGMENT UNDER FRCP RULE 55 AGAINST DEFENDANT CITY OF PHILADELPHIA**

*Above listed paragraphs are incorporated as if fully set herein*

The plaintiff has made numerous discovery requests to defendant, City of Philadelphia (see attached exhibits "A through ZN"). Defendant, City of Philadelphia has intentionally withheld requested discoverable items, while wantonly acting in bad faith, requested by the plaintiff.

**PLAINTIFF REQUEST FOR MOTION TO COMPEL DEFENDANTS TO PRODUCE DISCOVERY**

*Above listed paragraphs are incorporated as if fully set herein*

The plaintiff requests this Court compel the defendants to provide all requested discoverable items (see attached exhibits) as required by FRCP Rule 26(a).

**CONCLUSION**

*Above listed paragraphs are incorporated as if fully set herein*

The question before the Court are did the defendants violate the Federal Rules of Civil Procedure (FRCP"). The answer is yes. The next questions are sanctions warranted. The answer is yes.

These defendants continue to shirk their responsibilities as officers of the court without paying a penance. The time to start administering repercussions and justice for the defendants' actions is now. In the plaintiff's "educated" opinion, the defendants have been empowered by the bias rulings of this Court, which continues to abuse its discretion and has prejudiced the plaintiff irreparably. The rulings have not been based upon any factual data or merits and are in violations of the FRCP. In turn, the defendants have totally disregarded the FRCP with the protections of this Court.

On September 11, 2001, a terrorist attack struck the homeland and forever changed America. I know exactly what I was doing and did on that date twenty-two years ago after the second plane hit. I, along with a small group of law enforcement officers, without orders, proceeded east from the Criminal Justice Center ("CJC") and walked towards Independence Mall to protect the birthplace of freedom. We were armed only with the courage to protect and a 9mm handgun. We did not know what was in store for us. Every criminal and obstacle that I encounter during this particular fight pales in comparison because I know none possess the courage and all probably coward on that faithful day. They believe they are better and righteous because of a degree, position and/or cause. But in the end they are still just cowards pretending to protect America. **NEVER FORGET!**

Date:   9/11/2023

_____

Derrick Jacobs,

Plaintiff

Pro se

## CERTIFICATE OF SERVICE

I, Derrick Jacobs, Plaintiff within the above-captioned matter, hereby certify that a true and correct copy, according to the Federal Rules of Civil Procedure was sent via ECF/Email to the listed parties on the date shown below:

Date:  9/11/2023

_____

Derrick Jacobs,

Plaintiff

Pro se