IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

CIVIL ACTION NUMBER 19-CV-4616

DERRICK JACOBS,
*PLAINTIFF*

V.

CITY OF PHILADELPHIA, et al
*DEFENDANTS*

## PLAINTIFF'S MOTION FOR RECONSIDERATION OF ORDER DATED SEPTEMBER 11, 2023

I. **INTRODUCTION**

1. On October 4, 2019 Plaintiff Derrick Jacobs ("Jacobs") initiated this civil complaint against the City of Philadelphia, The Philadelphia District Attorney's Office, Lawrence Krasner ("Krasner"), and Tracy Tripp ("Tripp"). The complaint alleged the Plaintiff was retaliated against as a result of attempting to report corruption and criminality at the Philadelphia District Attorney's Office ("DAO").

II. **PLAINTIFF'S MOTION FOR SANCTIONS**

2. On August 11, 2023, the plaintiff filed a Motion for Sanctions against the defendants (ECF 122). The motion requested sanctions against the City of Philadelphia and Philadelphia District Attorney Lawrence Krasner for intentional violations of court orders. The plaintiff attached multiple exhibits in support of the request for sanctions. The plaintiff attached two subpoenas issued to Philadelphia District

1

Attorney Lawrence Krasner (ECF 122-2 and ECF 122-6). The first subpoena was issued on December 30, 2022. The deposition was scheduled for January 13, 2023. The second subpoena was issued on April 24, 2023. The deposition was scheduled for May 12, 2023. The plaintiff also attached a subpoena issued to Philadelphia District Attorney's Office employee, Asa Khalif on July 6, 2023 (ECF 122-7). The deposition was scheduled for July 20, 2023. The plaintiff also attached the service confirmation of the first subpoena issued to Philadelphia District Attorney Lawrence Krasner by City Solicitor Nicole Morris and the defendants' refusal to comply with the subpoena. Ms. Morris also acknowledged Krasner as a "City" employee and asked the plaintiff if she and the plaintiff could "work together" to schedule depositions of them (ECF 122-3). On April 24, 2023, the plaintiff issued a subpoena to "City" employee Philadelphia District Attorney Lawrence Krasner (ECF 122-6). The "City" and defendants did not respond to the subpoena. On July 6, 2023, the plaintiff issued a subpoena to "City" employee Asa Khalif (ECF 122-7). The "City" and defendants did not respond to the subpoena.

III. **DEFENDANTS' OPPOSITION TO PLAINTIFF'S MOTION FOR SANCTIONS**

Plaintiff hereby incorporates all other paragraphs as if fully set forth herein.

3. On September 8, 2023, (twenty-eight (28) days later in violation of the Local Rules of Civil Procedure "LRCP") the defendants filed its opposition to the plaintiff's motion for sanctions dated August 11, 2023 (ECF 130). The defendants only addressed one of the subpoenas issued by the plaintiff in his request for sanctions. The defendants' opposition only addressed the April 24, 2023 subpoena issued to Philadelphia District Attorney Lawrence Krasner (ECF 122-6). The defendants claimed the "City" employee Krasner was not served the subpoena by the plaintiff. That argument clearly lacks the candor required of an officer of the court. On November 17, 2022, Nicole Morris issued a case status report indicating she would be the responsible party for all defendants (Exhibit A). On that same date Ms. Morris asked the plaintiff who he intended to depose. On November 18, 2022, the plaintiff informed Ms. Morris he intended to depose DA Krasner among others (Exhibit B). On November 21, 2022 prior to the Rule 16 conference, Ms. Morris informed the plaintiff she would be objecting to the deposition of DA Krasner among others (Exhibit C). During the Rule 16 conference held on November 21, 2022 with the Court, the plaintiff, and Ms. Morris the discovery issues were discussed and Ms. Morris informed the Court she would be the responsible party for all discovery including subpoenas with the exception of Judge Robert Coleman. This was confirmed with the December 30, 2022 subpoena issued to Lawrence Krasner (ECF 122-

2). Ms. Morris responded immediately to this "service" by informing the plaintiff she would NOT be producing the DA for "his" deposition (ECF 122-3). Ms. Morris asked the plaintiff if they could "work together" in scheduling depositions of "City" employees. Ms. Morris did not address this subpoena in her opposition to the sanctions. Ms. Morris and DA Krasner are now claiming she is not the party to accept "service" of subpoenas issued to "City" employees as she had indicated to this Court on November 21, 2022 and by her acceptance of previously issued subpoenas by plaintiff. This is disingenuous to say the least. The fact is Philadelphia District Attorney knows of his corruption, criminality and actions perpetrated in this matter, which are of public concern. Ms. Morris subsequently now acting as counsel on behalf of Krasner, filed a motion to quash the subpoena that she claimed was not served (ECF 131). So let me get this straight, is Ms. Morris representing Krasner's and the "City" or not? Ms. Morris did not address the subpoena issued to "City" employee Asa Khalif. Ms. Morris did not mention Asa Khalif in her opposition to sanctions.

IV. **THE COURT'S DENIAL OF PLAINTIFF'S MOTION FOR SANCTIONS**

Plaintiff hereby incorporates all other paragraphs as if fully set forth herein.

4. On September 11, 2023, this Court DENIED the plaintiff's request for sanctions, citing the plaintiff's failure to serve Krasner under Rule

4

45(b)(1). This Court has gone out of its way in exhibiting its bias in denying the plaintiff's motion. First, the Court acknowledged the plaintiff issued TWO subpoenas to Lawrence Krasner. What this Court does not acknowledge is the fact that Ms. Morris informed this Court during the Rule 16 conference she would be the responsible party for discovery and the plaintiff's subpoenas to "City" employees. What this Court also does not acknowledge is Ms. Morris' acceptance of the first subpoena issued to her "client" "City" employee Lawrence Krasner and her "refusal" to "produce" the DA for a deposition (ECF 122-2 and ECF 122-3) *Note: The defendants do not address the first subpoena in their opposition of sanctions(wonder why?).* Ms. Morris argues now that "City" employee Krasner had to be served personally and this Court somehow agrees that counsel can no longer accept subpoenas on behalf of their client according to Rule 45(b)(1) and the plaintiff will now will have to search for her client and serve him personally, to which this Court agrees. So the defendants and their "representation" can pick and chose when they accept service of a court order. Ms. Morris acknowledged the first subpoena and exhibits her lack of candor by arguing she was never "served" the second subpoena or she does not "represent" Krasner. Well, how do you explain Ms. Morris filing a motion to Quash the second subpoena issued to "City" employee and her "client" Lawrence Krasner (ECF 131) which states "District Attorney Lawrence Krasner and

Philadelphia Police Commissioner Danielle Outlaw ("Movants"), by and through their "undersigned counsel," hereby file this Motion to Quash the Plaintiff's Subpoenas to Testify, as in support thereof, represent as follows:" The "undersigned counsel" is Nicole Morris. This Court, not wanting to admit the obvious error of denying the plaintiff's motion for sanctions, DENIED the Motion to Quash citing its previous bias determination the of the plaintiff's failure to serve Krasner (ECF 133). The showing that this Court is acting in concert with the defendants in this matter is located in footnote #1 (ECF 132). The Court acknowledged the plaintiff issued two deposition subpoenas to Krasner and included footnote #1 (ECF 132, page 1). **Footnote #1 stated the following "Plaintiff also issued a subpoena to Asa Khalif who appears to be "unaffiliated" with the Philadelphia District Attorney's Office."** This, to say the least, is a very intriguing statement and footnote by this Court. Although it is not lost on the pro se plaintiff of this Court's continuing efforts to misrepresent the facts in the record and insert disingenuous, misleading, and bias facts that clearly have unfairly prejudiced the plaintiff in this matter. QUESTION #1: How does this Court know that Asa Khalif is **"unaffiliated"** with the Philadelphia District Attorney's Office? The only information that has been presented to this Court regarding Asa Khalif has come from the pro se plaintiff's subpoena. The subpoena was issued to "Asa Khalif (Philadelphia District Attorney's Office)

(ECF 122-7). The defendants in their opposition to sanctions NEVER addressed Asa Khalif in any manner (ECF 130). So, where did this Court obtain the "**unaffiliated**" with the Philadelphia District Attorney's Office as it pertains to Asa Khalif? The pro se plaintiff can assure you prior to this Court's disingenuous insertion, it cannot be found.

QUESTION #2: Did this Court observe the mass murder press conference regarding alleged mass murderer, Kimbrady Carriker, on July 5, 2023 when Philadelphia District Attorney Lawrence Krasner introduced the "**unaffiliated**" Asa Khalif. Krasner stated the following "It is now my pleasure to call forward Asa Khalif to say a couple of words on behalf of the **whole team** that is here, which is the DAO's LGBTQ+ advisory committee…never the less, I call forward Asa Khalif." The "**unaffiliated**" Asa Khalif stepped to the podium and stated the following "…we are members of the District Attorney's LGBTQIA advisory committee." Exhibits D and E (attached) shows Asa Khalif at that very press conference being identified by Fox29 news as "DAO'S LGBTQ ADVISORY COMMITTEE."

QUESTION #3: What "inside" knowledge does this Court possess on Asa Khalif which caused the insertion of fabricated information into this matter that has prejudiced the pro se plaintiff?

QUESTION #4: Have the defendants violated Local Rules of Civil Procedure Rule 83.6?

7

V. **LOCAL RULES OF CIVIL PROCEDURE**

Plaintiff hereby incorporates all other paragraphs as if fully set forth herein.

5. Local Rule of Civil Procedure ("LRCP") Rule 7.1(c) states any party opposing a motion *shall* serve a brief in opposition… within fourteen (14) days. The defendants served their brief in opposition twenty-eight (28) days later on September 8, 2023 on a motion served on August 11, 2023. In the absence of a timely response the motion may be granted uncontested. The defendants clearly did not adhere to the LRCP.

VI. **ARGUMENT**

Plaintiff hereby incorporates all other paragraphs as if fully set forth herein.

6. The record in this matter is littered with intentional disingenuous mischaracterizations presented as facts by this Court and the defendants. The same and/or similar as the disingenuous mischaracterizations listed above. First, FRCP Rule 45(b)(1) spirit has and will always be if the party and /or non-party has representation, that representation would accept "service" on their client's behalf. Ms. Morris has indicated she is representing the "City" and Krasner by her filings and statements to this Court. The reason the Third Circuit has not taken up a matter such as this is because in no other world other than this Court would that argument be entertained. The defendants

8

cited two cases arguing non-service. The first in Shalin v. Del the subpoenas were "returned" as unexecuted. In Alfamodes, the plaintiff did not demonstrate service to the non-party. Those cases do not apply here. Ms. Morris clearly has indicated to this Court she is representing Krasner. Ms. Morris also has clearly accepted service on behalf of Krasner (ECF 122-3) where she states "she" would not be "producing" her client Krasner.

7. Second, the LRCP Rule 7.1(c) states "**shall**" serve a brief in opposition within fourteen (14) days. It does not say file you brief twenty-eight (28) days later on Friday, September 8, 2023 so this Court can DENY the plaintiff's motion on Monday, September 11, 2023. It is clear this Court erred by accepting the defendants' late filing which has irreparably prejudiced the plaintiff. The plaintiff's motion for sanctions should have clearly been granted as uncontested.

8. Finally, the manipulation of the record. Asa Khalif is clearly "affiliated" with the Philadelphia District Attorney's Office (see exhibits A and B). The fact that this Court intentionally mischaracterized this fact is troubling to say the least. Ms. Morris clearly, as City Solicitor, is acting on Krasner's behalf and accepted service for the first subpoena on December 30, 2022. This fact is conspicuously absent from both the defendants' argument and the Court's ruling. Furthermore, the fact that Ms. Morris filed a Motion to Quash the second subpoena issued to Krasner cements that fact.

VII. **CONCLUSION**

9. Plaintiff hereby incorporates all other paragraphs as if fully set forth herein.

Based upon the above listed facts and the FRCP, the plaintiff respectively request reconsideration in this matter.

Date: 9/25/2023

Derrick Jacobs
Pro Se Plaintiff

## CERTIFICATE OF SERVICE

I, Derrick Jacobs, Plaintiff (pro se) within the above-captioned matter, hereby certify that a true and correct copy of Plaintiff's filing(s) was sent by ECF and/or email to the listed parties of record

Date: 9/25/23

_____

Derrick Jacobs

Plaintiff

Pro se