IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

**DERRICK JACOBS**                               **CIVIL COMPLAINT NUMBER: 19-CV-4616**

**V.**

**CITY OF PHILADELPHIA, et al.**

### PLAINTIFF'S REQUEST FOR MOTION TO COMPEL, SANCTIONS AND ENTRY OF DEFAULT JUDGMENT

1. On September 11, 2023, the plaintiff filed a request for Motion to Compel, Sanctions, and Entry of Default Judgment (ECF 134). Attached to the filing were numerous exhibits showing the defendants' disdain for the Federal Rules of Civil Procedure ("FRCP").
2. On October 4, 2023, the Court held a conference as a result of the plethora of issues that have plagued this matter.
3. During the conference the plaintiff informed the Court of the defendants' numerous discovery violations, which the plaintiff deemed intentional.
4. The defendants' provided the Court with several excuses as to why they had not provided the plaintiff with discoverable items according to the FRCP.
5. One of the claims the defendants argued was attorney/client privilege and work product. The plaintiff argued there has never been an attorney/client privilege claim, or work product claim prior to the conference. The plaintiff also informed the Court there has never been a privilege log prepared asserting these arguments previously, after almost a year since the Rule 16 conference.
6. The plaintiff also argued that documents presented by the defendants (Tracy Tripp and her counsel David Smith) during their deposition of the plaintiff were fabricated and called out by the plaintiff during the deposition, had not been provided. One document, in particular, was a fabricated document dated May 2017. The plaintiff also observed the alleged "lost grand jury transcripts" used in the malicious retaliatory prosecution of the plaintiff. Tracy Tripp's counsel at the conference (Christopher Nina-Sinkam) documented

1

this information during the conference. David Smith did not appear in fear of having to respond to his actions in the matter, including "receiving information" from the Philadelphia District Attorney's Office ("DAO").

7. After the plaintiff caught the defendants producing fabricated documents during the deposition, Mr. Smith (David) asked the plaintiff if he was recording the deposition. The plaintiff immediately showed the defendants he was not, which relieved David Smith and Tracy Tripp.

8. As a result of discussions during the conference, the Court stated the defendants shall provide the plaintiff with the requested discovery on or before October 19, 2023. The Court also stated the defendants shall provide a privilege log on or before October 19, 2023.

9. The Court then informed the parties in order to have these issues (including depositions) addressed and move this matter along he would extend the discovery deadline to November 30, 2023.

10. On October 5, 2023, the Court issued Doc. #150 that DISMISSED WITHOUT PREJUDICE the plaintiff's prior request for a motion to compel, sanctions, and entry of default in an effort to allow the defendants to comply with his Order and the FRCP.

11. The defendants have not complied with the Court's Orders and/or the FRCP.

12. The plaintiff has not received the requested discoverable items discussed during the conference and/or attached to ECF 134.

13. Counsel for defendants Hendershot, Pace, and Wilson have provided the plaintiff with available dates for their depositions by the plaintiff.

14. Defendant Tripp has not provided the plaintiff with available dates for a deposition as Ordered by the Court during the October 4, 2023 conference.

15. Defendant Tracy Tripp continued to evade the rules and regulations of the FRCP. Defendant Tracy Tripp has also violated the Court's Order(s).

16. This has severely prejudiced the plaintiff's ability to proceed. In the plaintiff's opinion, as previously stated to the Court during the conference, these acts are intentional and deserved the harshest sanction(s).

17. FRCP Rule 37(b)(2)(A) states … if a party or a or a party's officer, director, or managing agent… fails to obey an order or permit discovery… the Court where the action is

pending may issue further just orders. They may include...; (ii) prohibiting the disobedient party from supporting or opposing designated claims or defenses; or from introducing designated matters into evidence (iii) striking pleadings in whole or in part...; (v) dismissing the action or proceeding in whole or in part; (vi) rendering a default judgment against the disobedient party.

18. The plaintiff has informed this Court on numerous occasions of the defendants' continued violations of the FRCP.

19. The plaintiff has informed this Court on numerous occasions of the defendants' intentional withholding of discovery because it would support the plaintiff's claims of the defendants criminal activity and corruption. It would also support the plaintiff's claims/defenses.

20. The defendants' ONLY defense is to delay and deny. The defendants clearly presented illegal and fabricated documents into a legal proceeding during the deposition of the plaintiff. The defendants now refused to provide these documents to the plaintiff after being ordered by the Court. The plaintiff informed the Court of this fact during the conference. Mr. Smith avoided providing information regarding these facts and other unscrupulous actions by not attending the conference.

21. In analyzing the Poulis factors, the defendants are worse than Brace (20-1892, 3rd Cir.) 1- responsible party 2- prejudiced to the plaintiff 3- dilatoriness 4- bad faith 5- alternative sanctions 6- merits (plaintiff's opinion).  The plaintiff has surpass the Poulis hurdle.

22. **PLAINTIFF ALSO SEEKS FIFTY THOUSAND DOLLARS ($50,000.00) IN COMPENSATION FOR INTENTIONAL AND REPEATED VIOLATIONS OF THE FRCP.**

23. Based upon the foregoing facts, the plaintiff's request for Motion to Compel, Sanctions, and Entry of Default should be GRANTED

Date:  11/2/2023

Derrick Jacobs
Plaintiff
Pro Se

3

## CERTIFICATE OF SERVICE

I, Derrick Jacobs, Plaintiff within the above-captioned matter, hereby certify that a true and correct copy according to the Federal Rules of Civil Procedure was sent via ECF and/or email upon the listed parties on the date shown below:

Date:   11/2/2023

Derrick Jacobs,
Plaintiff
Pro se