IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

**DERRICK JACOBS**  CIVIL COMPLAINT NUMBER: 19-CV-4616

V.

**CITY OF PHILADELPHIA, et al.**

## PLAINTIFF'S MOTION TO COMPEL AND REQUEST FOR SANCTIONS

### A. BACKGROUND

1. On October 4, 2019, the plaintiff, Derrick Jacobs initiated the above reference complaint pro se. The pro se plaintiff did not allege any federal questions in his initial filing (Document 1).

2. On October 28, 2019, the defendants file a 12(b)(3) motion to dismiss realizing the pro se plaintiff failed to allege a federal question (ECF 2).

3. On November 8, 2019, the pro se plaintiff filed an amended complaint as a matter of course, alleging §1983 violations of Malicious Prosecution, PA Whistleblower, and other claims (Document 3).

4. On November 22, 2019, the Court dismissed the defendants' 12(b)(3) motion to dismiss as moot due to the plaintiff's amended complaint (ECF 5).

5. On November 21, 2022, more than three years after the original filing, a Rule 26 conference was held inside courtroom 16A with the Honorable Harvey Bartle III, the pro se plaintiff, and City Solicitor Nicole Morris (representing the defendants).

6. During the conference Ms. Morris informed the plaintiff and the Court she would be the responsible party for all discovery request, including subpoenas for non-party City of

Philadelphia employees. The only party Ms. Morris would not accept responsibility for would be Judge Robert Coleman.

7. On November 21, 2022, the Court issued the First Scheduling Order. The Order made the fact discovery deadline **March 31, 2023** (ECF 74).

8. On February 15, 2023, David Smith entered his appearance on behalf of Tracy Tripp (ECF 80).

9. On February 15, 2023, Anne Kane entered her appearance on behalf of Tracy Tripp (ECF 81).

10. On February 15, 2023, Samantha Banks entered her appearance on behalf of Tracy Tripp (ECF 82).

11. On March 6, 2023, John P Gonzales entered his appearance on behalf of Jason Hendershot, DF Pace, and Dennis Wilson (ECF 86).

12. On March 9, 2023, Monica Quinones entered her appearance on behalf of Tracy Tripp (ECF 87).

13. On March 10, 2023, Jahlee Hatchett, entered his appearance on behalf of DF Pace, Dennis Wilson, and Jason Hendershot (ECF 88).

14. On March 10, 2023, Ashley Toth, entered her appearance on behalf of DF Pace, Dennis Wilson, and Jason Hendershot.

15. On March 14, 2023, two weeks before the fact discovery deadline and one month after entering their appearance, the defendants requested a ninety (90) day extension of the fact discovery deadline to June 30, 2023 (ECF 90).

16. On March 14, 2023, the Court ordered a telephone conference for March 15, 2023 at 3:30PM (ECF 91).

17. On March 16, 2023, the Court VACATED the First Scheduling Order and issued a Second Scheduling Order with a new discovery deadline of June 30, 2023 (ECF 92).

18. On June 2, 2023, twenty-eight days before the end of the second scheduling order discovery deadline, the defendants filed a motion to compel discovery and for an extension of the fact discovery deadline (ECF 103).

19. On June 6, 2023, the Court ordered a telephone conference for June 6, 2023 at 3:45PM (ECF 104).

20. On June 5, 2023, Frantz Duncan entered his appearance on behalf of Tracy Tripp (ECF 105).

21. On June 7, 2023, the Court GRANTED the defendants another sixty (60) day extension by vacating the second scheduling order and issuing a Third Scheduling Order with a discovery deadline of August 30, 2023 (ECF 110).

22. On August 15, 2023, defendant Tracy Tripp and her counsel deposed the plaintiff. During the deposition the defendants acknowledged they had not turn over any discoverable items to the plaintiff. The defendants asked the plaintiff if he could stipulate to a discovery extension in an effort to allow the defendants to adhere to the FRCP. The plaintiff stipulated in good faith to allow the extension of thirty (30) days. The first stipulation authored by the defendants prior to deposition indicated the plaintiff was a party to the discovery delays. The plaintiff refused to sign that stipulation unless that language was removed and the defendants indicated they would remove the language.

23. During the deposition the defendants produced numerous previously requested discoverable documents, including but not limited to, a fabricated document dated May 2017 and the deposition transcripts previously requested by the plaintiff which the

3

defendants previous stated were loss. The plaintiff requested the documents after the deposition but the documents were not provided by the defendants.

24. On August 28, 2023, a stipulation to extend the deadlines was submitted by the defendants for approval by the Court (ECF 126).

25. On August 28, 2023, the Court GRANTED the stipulation and vacated the third scheduling order and issued a Fourth Scheduling Order with a discovery deadline of September 29, 2023.

26. On September 29, 2023, the plaintiff requested the Clerk enter an Entry of Default for the defendants' repeated and intentional discovery violations (ECF 140).

27. On September 29, 2023, the plaintiff filed a motion to compel and request for sanctions (ECF 141).

28. On October 2, 2023, the Court scheduled an in-person conference on October 4, 2023 at 3:00 PM in courtroom 16A (ECF 142).

29. On October 3, 2023, counsel for defendants Wilson, Pace and Hendershot filed a motion to limit depositions in an effort to severely prejudice the plaintiff's ability to obtain the truth and evidence in support/defense of his claims (ECF 143). The motion indicated the plaintiff violated FRCP 30(c)(2) and the motion requested the Court limit the depositions under FRCP 30(d)(3) (ECF 143). The defendants' stated the plaintiff sought information that was "**privileged and protected**" from discovery (ECF 143-1).

30. On October 3, 2023, counsel for defendants Wilson, Pace, and Hendershot filed their response to the plaintiff's Request for Default Entry (ECF 144).

31. On October 3, 2023, counsel for defendants Wilson, Pace, and Hendershot filed their response to the plaintiff motion to compel and request for sanctions (ECF 145).

32. On October 4, 2023, counsel for defendant Tracy Tripp filed their response to the plaintiff's motion to compel and request for sanctions (ECF 146).

33. On October 4, 2023, counsel for the defendants Wilson, Hendershot, Pace, and Tripp claimed attorney-client, work product, and grand jury secrecy privilege as excuses for violations of the FRCP. Attorney John Gonzales (not Sinkam?) informed the Court of this "newly" initiated criminal proceeding against former Philadelphia Police Officer Ryan Pownall during the in-person conference. The plaintiff informed the Court there is no record/evidence of a criminal proceeding or investigation against Pownall and as a result of the defendants' own admission (Hendershot) there is no probable cause to proceed with any criminal investigation into Pownall. The plaintiff informed the Court this fabrication that had been concocted by Gonzales and David Smith (not present during the conference) was only meant to prejudice and restrict the plaintiff from obtaining the truth and items of evidentiary value in support/defense of the plaintiff's claims. The plaintiff informed the Court the "only" information relating to Pownall, at the time of the conference were "ALL" criminal CHARGES had been DISMISSED against Pownall by the Honorable Barbara McDermott. The Court, as a result of the counsel fabrications, informed the plaintiff during the conference no questions regarding the Pownall matter would be allowed after the McDermott dismissal to which Gonzales requested clarification from the Court. The Court also required all documents requested by the plaintiff be supplied by October 19, 2023 and/or a privilege log be prepared and submitted to the plaintiff indicating the nature of the document and privilege.

34. On October 5, 2023, the Court issued an Order (ECF 153) stating the defendants "shall" produced their privilege logs of documents withheld by October 19, 2023.

35. On November 2, 2023, the plaintiff, after not receiving the "Court Ordered" privilege logs and/or documents, filed a motion to compel, sanctions, and entry of default judgment (ECF 156).

36. On November 6, 2023, the Court DENIED the plaintiff's request WITHOUT opposition indicating an in-camera conference without the plaintiff's knowledge was held with counsel for defendant Tripp on October 19, 2023 in which he viewed the documents and determined they were privilege (ECF 157). The Court did not address whether counsel for defendants Wilson, Pace, and Hendershot had appeared for an in-camera conference. The plaintiff thought it to be odd after the defendants' filing, (ECF 143) claiming privilege and terminating the depositions and the Court's Order as a result (ECF 154).

37. On November 20, 2023, the plaintiff filed a motion for reconsideration (ECF 158) of the Court's November 6, 2023 Order (ECF 157).

38. On November 21, 2023, the Court scheduled a telephone conference on November 28, 2023 (ECF 158).

39. On November 28, 2023 a telephone conference was held by the Court at 11:30 AM. Present during the conference were John Gonzales, Christopher Sinkam, and the plaintiff. The plaintiff discussed the defendants' failure to produce the Court Ordered privilege logs, which Mr. Sinkam attributed to not understating the Court's Order and indicating he provided the Court with the privilege log. The Court informed Mr. Sinkam you always provide the other party the privilege log not the Court. The Court then ordered Mr. Sinkam to provide the plaintiff with Tripp's privilege log in forty-eight (48) hours. Mr. Gonzales did not indicate to the Court he would provide any privilege log to the plaintiff. The plaintiff viewed this as odd, because Mr. Gonzales claimed a privilege in requesting

his limitations to the plaintiff's depositions of his clients (ECF 143). The Court then ordered Mr. Gonzales to provide all documents in his custody and control, other that personal finance statements, by November 30, 2023.

40. On October 3, 2023, counsel for defendants represented to the Court limitations were needed on the plaintiff's depositions of his clients based upon FRCP 30(c)(2). FRCP 30(c)(2) states an objection at the time of the examination whether to evidence, to a party's conduct, to the officer's qualifications, to the manner of taking the deposition, or to any aspect of the deposition must be noted on the record but "the examination still proceeds;" the testimony is taken subject to any objection. An objection must be stated concisely in a non-argumentative and non-suggestive manner. A person may instruct a party not to answer "ONLY" when necessary to preserve a privilege… or to present a motion under 30(d)(3). The defendants never indicated to the Court the plaintiff was conducting the depositions in bad faith, or in an manner to harass or annoy as required by 30(d)(3). Mr. Gonzales claimed a privilege during the October 4, 2023 conference when no privilege existed. If a privilege existed he has not provided a privilege log to the plaintiff and/or provided the privilege discovery to the Court for an in-camera determination. Based upon Mr. Gonzales relaying David Smith's fabrications to the Court, the Court issued and Order (ECF 154) that has severely prejudiced the plaintiff in his quest to acquire justice.

41. The plaintiff offered the defendants to proceed with the deposition(s) and address the objections with the Court. The defendants refused which allowed the defendants to regroup and get "coached up" by their counsel, which has irreparably prejudiced the plaintiff. The below listed deposition questions confirms the plaintiff's assertions.

7

B. **DEPOSITIONS**

42. On July 18, 2023, the plaintiff requested available deposition dates by July 20, 2023 after August 3, 2023 (deposition of plaintiff by defendants).

43. On July 21, 2023, the plaintiff issued a second request of available deposition dates.

44. On July 21, 2023, counsel for defendant Tracy Tripp refused, once again, to provide their client for a deposition.

45. On August 15, 2023, counsel for defendants DF Pace, Dennis Wilson, and Jason Hendershot informed the plaintiff the stipulation was drafted and the only available dates the plaintiff be able to depose his clients would be on September 25, 2023 and September 28, 2023 (the final days of discovery).

46. On August 18, 2023, the plaintiff informed the defendants he could depose DF Pace and Dennis Wilson one day and Jason Hendershot the other.

47. On September 12, 2023, the plaintiff issued Notices of Deposition to defendants, Dennis Wilson for September 25, 2023 at 10:00AM, D F Pace for September 25, 2023, at 2:00PM, and Jason Hendershot for September 28, 2023 at 10:00AM.

48. On September 15, 2023, counsel for defendant Tracy Tripp finally contacted the plaintiff and informed the plaintiff Ms. Tripp availability would only be September 29, 2023 (discovery deadline) or October (pass the discovery deadline).

49. On September 18, 2023, the plaintiff informed counsel for Tracy Tripp he would be available to depose Ms. Tripp on September 29, 2023, and the defendants have not provided the plaintiff one discoverable item and it would prejudice the plaintiff to attempt to depose the plaintiff without the previously requested discoverable items. The plaintiff also informed counsel they might contact the Court to change the current scheduling

order. Ms. Tripp's counsel also informed the plaintiff with a "production" prior to Monday. Note: The defendants submitted the said "production," none of which were the previously requested discoverable items. The defendants asked the plaintiff specify the documents requested.

50. On September 25, 2023, the plaintiff attempted to depose defendant Dennis Wilson at 10:00AM. After the plaintiff asked the defendant if the following statement was a true statement, counsel for defendant Dennis Wilson stopped and ended the deposition.

   a. Question: During the I676 press conference you stated the following "On June 1 I was the incident commander...I was on-site, I and I alone gave the approval to...to use CS gas. I did this based upon what I could see. We had several conversations. I knew the rules of engagement. Commissioner Outlaw wanted me to call her prior to using any CS gas. I did that at 52nd and Market. I did not do that during the protest on 676. Things happened quickly, I didn't call the Commissioner, I gave the approval and it was me and me alone like, like I said. For that, For violating the rules of engagement and the Commissioner's trust I am going to take a voluntary demotion to my previous civil service rank which is Chief Inspector and I believe that's going to happen immediately...and that's what I have Commissioner." Was that a true statement then? Is that a true statement now?

51. On September 25, 2023, the plaintiff attempted to depose D F Pace at 2:00PM. After the plaintiff asked defendant Pace the following question, counsel stopped the deposition.
   a. The plaintiff asked defendant Pace about a dispute he had with former Deputy Commissioner Benjamin Naish. Counsel for the defendants stopped the deposition asking for a five minute break to discuss the question with his client. The defendant and his counsel were off the record for over approximately twenty (20) minutes or more. When counsel and the defendant returned, counsel refused to allow the defendant to answer the question and ended the deposition.

52. On September 28, 2023, the plaintiff attempted to depose defendant, Jason Hendershot at 10:00AM. After the plaintiff asked defendant Hendershot the following question, counsel for the defendants stopped the deposition.

   a. The plaintiff asked defendant Hendershot about his communications with the assigned investigator of the Officer Involved Shooting ("OIS"). Counsel for the

defendants refused to let him answer the question. The plaintiff then asked Hendershot did he author a document stating there no probable cause to arrest former police officer Ryan Pownall. Counsel for the defendant refused to let him answer the question. Counsel stated the refusal is not based upon relevance but is based on the fact he just learned from Tracy Tripp's counsel David Smith fifteen (15) minutes prior to the start of this deposition there was a new criminal investigation just initiated against Pownall, so his client cannot answer. The plaintiff informed counsel there is no evidence in the record of an open criminal investigation against Pownall other than Tripp's counsel who has previously informed the plaintiff they had no access to the Philadelphia District Attorney's Office ("DAO").

53. After the defendants abruptly ended the deposition of Hendershot. The plaintiff contacted this Court in an effort to obtain immediate relief. The clerk answered and the plaintiff addressed his concerns and informed the clerk he was seeking immediate relief due to the discovery constraints. The clerk informed the plaintiff she relayed his concerns to the Court and the Court would contact the plaintiff. When the plaintiff asked when, the clerk informed the plaintiff she could not provide that information. The Court has not contacted the plaintiff.

C. **CRIMINAL ACTIVITY**
54. If counsel's assertions during the deposition are true then the Philadelphia District Attorney's Office ("DAO") and the Philadelphia Police Department ("PPD") is engaging in criminal activity. The DAO and PPD are intentionally committing criminal actions against the plaintiff and former Philadelphia Police Officer Ryan Pownall. The alleged and fabricated criminal investigation of Pownall was only initiated to stop the plaintiff from obtaining discoverable information. The initiation of another criminal investigation of Pownall knowing that no probable cause exist is another crime and needs to be investigated by this Court under Local Rules of Civil Procedure ("LRCP") 83.6 Rule IV. This Court has an obligation to investigate the possible criminal actions of the parties, including the non-party DAO. Clearly there is no probable cause for a continued criminal investigation into Ryan Pownall. The plaintiff has also informed this Court of a criminal investigation against the plaintiff in this matter (ECF 123), which this Court denied leave to amend when the new evidence was discovered. Hendershot during this deposition also confirmed of the criminal investigation within the PPD involving the plaintiff and Pownall without any probable cause. PA Crimes Code Title 18 §4901-4957

D. **ARGUMENT**
55. The underlying purpose of a deposition is to find out what a witness saw, heard, or did-- what a witness thinks. A deposition is meant to be a question and answer conversation between the deposing lawyer and the witness. There is no proper need for the witness's

10

own lawyer to act as an intermediary, interpreting questions, deciding which questions the witness should answer, and helping the witness formulate answers. The witness comes to the deposition to testify, not to indulge in a parody of Charlie McCarthy, with lawyers coaching or bending the witness's words to mold a legally convenient record. It is the witness—not the lawyer—who is the witness. As an advocate, the lawyer is free to frame those facts in a manner favorable to the client, and also to make favorable and creative arguments of law. But the lawyer is not entitled to be creative with the facts. Rather the lawyer must accept the facts as the develop *Hall v. Clifton Precision, a Div. of Litton Sys., Inc., 150 F.R.D. 525, 528 (E.D. Pa 1993)* Depositions are the factual battleground where the vast majority of litigation actually takes place. For these reasons, the scope of the examination during a deposition is broader than permitted at trial *Id at 531.*

56. In Hall, the United States for the Eastern District of Pennsylvania held that "conferences between witness and lawyers are prohibited both during the deposition and during recess," unless the conference concerns the assertion of privilege.
57. In Hall, the district court opined that coaching a witness was improper.
58. The Federal Rules of Evidence contain no provision allowing lawyers to interrupt the trial testimony of a witness to make a statement. Such behavior should likewise be prohibited at depositions, since it tends to obstruct the taking of the witness's testimony. It should go without saying that lawyers are strictly prohibited from making any comments, either on or off the record, which might suggest or limit a witness's answer to an unobjectionable question. …depositions are to be limited to what they were intended to be: question and answer sessions between a lawyer and a witness aimed at uncovering the facts in a lawsuit. When a deposition becomes something other than that because of the strategic interruptions, suggestions, statements, and arguments of counsel, it not only becomes unnecessarily long, but it ceases to serve the purpose of the Federal Rules of Civil Procedure *Id at 531.* Here the defendants did exactly what is prohibited.
59. The defendants held private conferences then instructed the defendant not to answer without claiming privilege.
60. The defendants cited ongoing criminal investigations and refused to let the defendant answer without claiming privilege.
61. The defendants refused to answer whether a public statement made by a public official was a true of false statement without claiming privilege.
62. It is the plaintiff's belief the strategic scheduling of the depositions at the end of the discovery period. The failure provide discovery. The initiation of another criminal investigation against both the plaintiff and former police officer Ryan Pownall was strategic, intentional, and criminal.
63. These were intentional acts committed against a pro se plaintiff acting at all times in good faith according to the FRCP.

11

64. Furthermore, by Mr. Gonzales own admission he did not know the nature of the plaintiff's questions. He had to take a violation of the FRCP "conference" with his client to ascertain the questions were not in the defendants' best interest.
65. Mr. Gonzales and Mr. Smith needs to provide the plaintiff with a privilege log justifying their violations. The plaintiff asked both Mr. Smith and Mr. Gonzales who provided them with the information from the District Attorney's Office. Both refuse to provide the information to the plaintiff and/or the Court. There is no record to support their claims.
66. The plaintiff intends to articulate and justify "every" question posed to the defendants. If the defendants cannot provide the privilege nature justifying the prejudicial treatment of the plaintiff, then sanctions are warranted.
67. The plaintiff stated it is not his fault the defendants refused to provide their counsel with the information needed.

### E. **SANCTIONS**

68. Plaintiff request sanctions

### F. **CONCLUSION**

69. The Motion to Compel and Request for Sanctions should be GRANTED based upon the above listed facts.

November 30, 2023

_____
Derrick Jacobs

Plaintiff

Pro Se

## CERTIFICATE OF SERVICE

I, Derrick Jacobs, Plaintiff within the above-captioned matter, hereby certify that a true and correct copy of Plaintiff's Motion according to the Federal Rules of Civil Procedure was sent via ECF upon the parties on the date shown below.

Date:   11/30/2023

_____
Derrick Jacobs,
Plaintiff
*Pro Se*