```
              IN THE UNITED STATES DISTRICT COURT
           FOR THE EASTERN DISTRICT OF PENNSYLVANIA

DERRICK JACOBS                  :        CIVIL ACTION
                                :
     v.                         :
                                :
CITY OF PHILADELPHIA, et al.    :        NO. 19-4616
```

SIXTH SCHEDULING ORDER

AND NOW, this 12th day of December, 2023, upon stipulation by the parties for an extension of time to file any motions for summary judgment, it is hereby ORDERED that:

(1) The Fifth Scheduling Order dated October 5, 2023 (Doc. #152) is VACATED.

(2) Parties shall file any motions for summary judgment on or before December 29, 2023. The parties are reminded that they must conform their briefs with Rule 56(c) of the Federal Rules of Civil Procedure. See United States v. Hoffecker, 530 F.3d 137, 162 (3d Cir. 2008).

(3) The parties shall prepare and file their Pretrial Memoranda in accordance with this Order and Local Rule of Civil Procedure 16.1(c), as well as proposed points for charge, any proposed special jury interrogatories, and any motions in limine as follows:

    (a) Plaintiff - on or before March 15, 2024;

    (b) Defendants - on or before March 22, 2024.

(4) Each point for charge or proposed jury interrogatory shall be numbered and shall be on a separate sheet

of paper identifying the name of the requesting party. Supplemental points for charge will be permitted during and at the conclusion of the trial.  Points for charge should be accompanied by appropriate citations of legal authority.

(5)   The parties are urged to provide the Court with an electronic copy of the proposed points for charge and proposed special jury interrogatories.

(6)   The Court will hold a final settlement conference to be scheduled in March 2024.

(7)   The case will be placed in the trial pool on April 1, 2024.

(8)  Any party having an objection to the adequacy of the qualifications of an expert witness expected to testify shall set forth separately each such objection in its <u>Pretrial Memorandum</u>.  Such objection shall describe with particularity the ground and the legal authority for the objection.

(9)   The <u>Pretrial Memorandum</u> shall also identify the other significant legal issues involved in the case, together with appropriate citations and other legal authority.

(10) If any party desires an "offer of proof" as to any witness or exhibit expected to be offered, that party shall inquire of counsel <u>prior to trial</u> for such information.  If the inquiring party is dissatisfied with any offer provided, such

party shall file a motion seeking relief from the Court prior to trial.

       (11) Before commencement of trial, counsel will pre-mark and exchange all exhibits.  The Court should be supplied with <u>two</u> (2) separate sets of exhibits, and a schedule of exhibits which shall briefly describe each exhibit.

                                      BY THE COURT:

                                      <u>/s/ Harvey Bartle III</u>
                                                                    J.