System Case 2:19-cv-04616-HB   Document 185   Filed 02/06/24   Page 1 of 12

**IN THE UNITED STATES DISTRICT COURT**
**FOR THE EASTERN DISTRICT OF PENNSYLVANIA**

DERRICK JACOBS                    CIVIL COMPLAINT NUMBER:  19-CV-4616
    V.
CITY OF PHILADELPHIA, et al.

<u>PLAINTIFF'S DERRICK JACOBS RESPONSE TO DEFENDANT TRACY TRIPP'S
REPLY MEMORANDUM IN SUPPORT OF HER MOTION FOR SUMMARY
JUDGMENT DATED JANUARY 23, 2024</u>

SUBMITTED BY:

DERRICK JACOBS
PLAINTIFF
PRO SE
PO BOX 1454
BERLIN, MD 21811
derrickjacobs9116@gmail.com

                                 Derrick Jacobs
                                 Plaintiff
                                 Pro Se
                                 Date: February 6, 2024

1

## PLAINTIFF DERRICK JACOBS' RESPONSE TO DEFENDANT TRACY TRIPP'S REPLY MEMORANDUM IN SUPPORT OF HER MOTION FOR SUMMARY JUDGMENT DATED JANUARY 23, 2024

### PLAINTIFF'S RESPONSE TO INTRODUCTORY STATEMENT

Defendant Tripp ("Tripp") begins her untimely (according to Judge Harvey Bartle III Motions Practice) reply memorandum by indicating the plaintiff has not raised a factual showing against her on his "surviving" claims. Tripp continued her untimely reply memorandum by indicating the plaintiff has made false claims of racial bias, while attacking the integrity of the Court and the defendants during an "anecdotal diatribe." The plaintiff will not kneel or apologize for his opinions that are "factually" based. The Court and defendants are both hiding behind their authoritative positions in violation of the plaintiff's Constitutional Rights. The plaintiff's filings are post the 3/5 compromise, Scott, and the Thirteenth Amendment. The Court has placed the unsupported facts into the record, including stating the plaintiff's complaint was a result of a "public disagreement," Asa Khalif is "unaffiliated" with the District Attorney's Office, and the plaintiff exercised "undue delay" in requesting leave to amend. These are just a few of the unsupported bias and prejudicial facts placed into the record by the Court. This is in addition to some of the Court's Orders that resemble a "cut and paste" of the defendants' motions down to the typographical errors. The most recent abuse of discretion by the Court was its ruling denying the Plaintiff's Motion to Strike this very reply memorandum by the defendant Tripp. The Court abandoned its "own" Motions Practice in its effort to issue another bias and prejudicial Order against the plaintiff. Also, the Court recently (ECF 176) abused its discretion and placed unsupported and misrepresented facts into the record. The Court refused the plaintiff's Motion to Compel request of documentation requested during the November 28, 2023 phone conference

which proved the defendants' "constructively discharged" the plaintiff. The Court, while abusing

its discretion, indicated the documentation requested by the plaintiff is "outside the scope" of the

plaintiff's First Amendment Retaliation claims (how does the Court know what information is

contained in the documents). The plaintiff "clearly" indicated to the defendants and the Court the

plaintiff's employment information was accessed by the defendants for use in the preparation of

fabricated documents to "constructively discharge" the plaintiff. The Court considered this

information "outside the scope" of the plaintiff's claims. The Court called the plaintiff a liar by

stating the following during its Order dated January 2, 2024 (ECF 176) The Court stated the

following during the Order. The "Plaintiff's contention that counsel for Tripp "objected over one

hundred (100) times without asserting a privilege" is "plainly inaccurate," as counsel made

standing objections and repeatedly asserted attorney-client privilege, work product, and the

protection of grand jury secrecy under Pennsylvania law." The Court's statement is negligently

inaccurate and not supported by the facts. (1) Defendant Tripp's counsel (David Smith) did

indeed object over one hundred (100) times (2) Defendant Tripp's counsel did not "repeatedly"

assert attorney-client privilege or any other privilege. The plaintiff is willing to place on the

record with a court reporter that the facts inserted by the Court are "plainly inaccurate" and once

again exhibited bias, abuse of discretion, and has prejudiced the plaintiff. The plaintiff was

forced to cite Hall v. Clifton Precision (E.D. PA 1993) into the record due to the repeated

unsanctioned violations of the Federal Rules of Civil Procedure ("FRCP") by the defendants.

The defendants' tactics were to violate the FRCP without the fear of sanctions by the Court. The

defendants repeatedly threatened termination of the deposition(s) to prejudice the plaintiff on

numerous occasions. The Court also failed to indicate the plaintiff's request for an extension of

time during the November 28, 2023 conference to obtain the depositions of the defendants

because the discovery deadline was on November 30, 2023. The Court verbally DENIED the plaintiff's request. The Court then disingenuously indicated the plaintiff did not offer an explanation regarding the acquisition of the transcripts.

I. **PLAINTIFF'S RESPONSE TO DEFENDANT TRIPP'S ARGUMENT**

Defendant Tripp claims the plaintiff fails to offer admissible evidence in support of his claims against Defendant Tripp.

1. **Defendant Tripp claims the plaintiff fails to "Raise a Genuine Issue of Material Fact" is support of his §1983 claims.**

Defendant Tripp's ("Tripp") argument is against Defendant Hendershot's ("Hendershot") ignorance in conversations with Tripp regarding the initiation of "criminal proceedings" against the plaintiff. Defendant Tripp's "lack of candor" is exhibited in this particular argument. Defendant Tripp's stated "Defendant Hendershot's inability to recall the precise words of an alleged conversation with Mr. Jacobs cannot convert Mr. Jacobs' grand jury testimony into a criminal prosecution and thus, buoy his retaliation claim *(footnote 1)*." ***Footnote 1:*** *"When questioned by Mr. Jacobs about a conversation which occurred over four (4) years ago, Defendant Hendershot responded "I don't remember the exact words that we spoke of...Exactly what was said, I could not tell you...I don't remember exactly what we spoke about every time." See [ECF 179] at pg. 8.*

**LET'S EXAMINE ECF 179 AT PG. 8:**

**Question by Jacobs**: Prior to the filings of this lawsuit, did you and the Plaintiff discuss the impending retaliation that was going to be inflicted upon him by

**District Attorney Larry Krasner?** *ECF 179, pg. 8 and Hendershot's deposition page 110, lines 21-24.*

**Answer by Hendershot:** I don't remember the exact words that we spoke of, but I do remember having conversations consisting of something around those lines. Exactly what was said, I could not tell you. But that's – that's my answer. I don't remember exactly what we spoke about every time. *ECF 179, pg. 8 and Hendershot's deposition page 111, lines 1-6.*

 The defendants clearly lack candor. The plaintiff would call them liars but that would be an ad hominem attack. Instead, the plaintiff will state defendant Tripp's argument is clearly a LIE and is devoid of the TRUTH. Defendant Tripp's lack of candor feebly attempted to mislead the contours of the facts to camouflage her criminal activity against the plaintiff. What is clear here, is the Defendant Tripp's clear attempt to intentionally misrepresent (LIE) the facts.  Since defendant Tripp's "indisputable facts" are clearly LIES and disputable. Tripp goes on to state Defendant Hendershot, Commanding Officer of the Officer Involved Shooting Investigation Unit ("OISI") with over twenty (20) years experience, does not understand the difference between an "investigation" and a "prosecution." The Court should GRANT the plaintiff's claims on these LIES alone.

**BUT THERE IS MORE TO DEFENDANT TRIPP'S LACK OF INTEGRITY, CREDIBILITY, AND CANDOR IN HER REPLY**

Defendant Tripp goes on to present "material" evidence supporting the plaintiff's claims of First Amendment Malicious Prosecution. Tripp's claims an email

5

between her and Defendant Hendershot fails to create a material fact. Tripp also claims a text message between the plaintiff and his "criminal defense" attorney Greg Pagano includes "only Mr. Jacobs' own "misinformed" assertion that Defendant Tripp was "criminally prosecuting" him." *ECF 179, pg. 9-10.* First, Tripp claims the email between Defendant Hendershot and her "clearly refers to the "investigation" on more than one occasion." **Let's examine the email:** Hendershot's first paragraph in the email satisfies the plaintiff's First Amendment Malicious Prosecution claim. Defendant Hendershot stated the following in his email to Tripp. "I am in need of either a Declination Memorandum from the DAO, in reference to the investigation of Detective Jacobs or the Notes of Testimony from when you **"WITHDREW PROSECUTION"** in front of Judge Coleman. Either way, this creates a conundrum for the defendants. The plaintiff and Hendershot (in writing) claimed Tripp "withdrew prosecution" against the plaintiff. This satisfies First Amendment Retaliation Malicious Prosecution. A "criminal proceeding" was initiated against the plaintiff without probable cause or a purpose other than justice. The "criminal proceeding" ended in the plaintiff's favor. Next, let's discuss Defendant Tripp's allegations that a criminal defense attorney of approximately thirty (30) years also doesn't know the difference between an "investigation" and "criminal charges." Tripp, once again, shows she "lacks candor" by intentionally omitting Greg Pagano's response to the plaintiff regarding the "criminal charges." Tripp alleges "Jacobs' own misinformed assertion she was "criminally prosecuting" the plaintiff." The text

exchange between the plaintiff and his "criminal defense" attorney goes as follows.

**Jacobs**: Greg, Tracy Tripp told me and my Lieutenant that she was "withdrawing the Contempt of Court charges" against me because they "lost the transcripts." She said [she] told my Lieutenant that she would provide the declination memo and inform you. Since I haven't heard back I wanted to check in and see if she spoke with you.

**Criminal Defense Attorney Greg Pagano's response**: Hey Jake. Hope you're well. "That's been MY understanding" but I have not received anything in writing.

So here you have a Philadelphia Police Lieutenant with over twenty (20) years experience, a criminal defense attorney with approximately thirty (30) years experience and a Philadelphia Police Detective with over twenty (20) years experience who all stated that Tripp withdrew "criminal charges" against the plaintiff. Tripp's assertions are intentionally contrary to the truth.

2. **Defendant Tripp's false assertion that the plaintiff fails to raise a Genuine Issue of Material Fact as to his Conspiracy Claim.**

Defendant Tripp claims she was not involved in the conspiracy to "constructively discharge" the plaintiff. Defendant Tripp goes on to state in *Footnote number 2* that Kia Ghee represented "all" defendants on or about January 18, 2020. Tripp cited ECF 8 dated December 26, 2019 and ECF 13 dated February 25, 2020. Again, Defendant Tripp authors a statement that "lacks candor". On both December 26, 2019 and February 25, 2020, the ONLY defendants in this matter

were The City of Philadelphia, The District Attorney's Office, Lawrence Krasner, and Tracy Tripp. Defendants Wilson, Pace, and Hendershot were not parties in the matter in December 2019 and during the time of the podcast. So Kia Ghee did not represent "all" of the defendants as defendant Tripp claims. Furthermore, the plaintiff has repeatedly claimed Wilson never listened to the podcast. This is not a baseless claim. It has been proven that Wilson could not and did not listen to the podcast. It is clear the Court abused its discretion without merit by restricting the plaintiff's ability to further address these issues and the defendants' credibility during depositions of the defendants.

3. **Defendant Tripp's Criminal Activity is not protected by ANY Immunity.**

The plaintiff's allegations supported by facts should be accepted as true. *See Buckley.* The defendants have not produced ONE document that any grand jury leak ever occurred. Defendant Tripp claims the only "admissible" evidence is that she "interrogated" the plaintiff before the grand jury which entitled her to absolute immunity. The law is clear that most public officials are only protected by qualified immunity. The "factual" and "admissible" evidence provided by the plaintiff has always stated Tripp fabricated evidence and there was NEVER a grand jury leak. The record supports the fact there was NEVER a grand jury leak. Tripp has self admittedly indicated she was the "investigator" presenting the fabricated evidence to a grand jury, initiating a criminal proceeding, in retaliation for the plaintiff exposing corruption. *As in Buckley, 509 U.S. 259 (1993), Tripp was not acting as an advocate but as an investigator. Presenting fabricated evidence is not immune from liability at common law. Convening a grand jury to*

*consider the fabricated evidence does not retroactively transform that work from the administrative into the prosecutorial. Pp. 267–278.* Tripp is not entitled to absolute immunity. As such, is not immune from liability. In rendering their decision in Buckley, the Court relied on two factors. (1) They accepted the plaintiff's claims as true (2) did §1983 provide a remedy. Both factors should ring out as true in this matter. Defendant Tripp claimed her response to the following question by the plaintiff represents absolute immunity.

**Q. Was there ever a grand jury leak?**

**A. I can't answer that question, sir.**

*Tripp deposition page 63, lines 12-13.*

To answer that question yes or no would not violate any grand jury secrecy act. Furthermore, the plaintiff was sworn into the grand jury before Judge Robert Coleman and would not be prohibited from viewing the grand jury material. In any event, there is no evidence in the record of a grand jury leak. This is a complete and total fabrication. Tripp and her attorney David Smith produced additional fabricated documents during the deposition of the plaintiff then subsequently claimed they were privileged, to which the Court agreed while, once again, abusing its discretion. Tripp also informed the plaintiff during her deposition that Philadelphia District Attorney Lawrence Krasner was involved in the conspiracy to present fabricated evidence against the plaintiff to cover up corruption at the Philadelphia District Attorney's Office ("DAO").

Defendant Hendershot confirmed Tripp and Krasner's illegal activity of fabricating evidence against the plaintiff. Defendant Hendershot also confirmed

he informed Defendant, Deputy Police Commissioner Dennis Wilson ("Wilson") of Tripp and Krasner's illegal activity between September 2019 and November 2019. Defendant Tripp now states Defendant Hendershot's testimony is "unavailing" and "irrelevant." The evidence is clear Tripp presented fabricated evidence as confirmed by Hendershot. Then, Tripp fabricated a story of "lost transcripts" to cover up her criminal activity and withdraw charges against the plaintiff. These are facts confirmed by Hendershot and the plaintiff's criminal defense attorney. During Tripp's argument, while disparaging Hendershot, she confirmed she was acting as an "investigator" when she presented the fabricated evidence to the grand jury and Judge Robert Coleman. As in Buckley, the Philadelphia DAO fabricated false evidence in order to obtain an indictment against Pownall and engendered "extensive publicity" and "intense emotions in the community." When the plaintiff attempted to exposed the corruption the defendants, once again, fabricated evidence.

*Referencing Burns, the Court made explicit the point in Imbler, 424 U. S., at 430–431, and n. 33: A prosecutor's administrative duties and those investigatory functions do not relate to an advocate's preparation for the initiation of a prosecution or for judicial proceedings and are not entitled to absolute immunity. See Burns, 500 U. S., at 494–496.* Defendant Tripp cited Egolf (3rd Cir. 2008). There is nothing in Egolf that comes close to the intentional presentation of fabricated evidence used in initiating a criminal proceeding, as such, is not relevant in this matter.

Also, the defendants clearly conspired to violate the plaintiff's Fourteenth

Amendment Due Process Rights during their intentional and knowing

presentment of fabricated evidence to initiate a criminal proceeding. The fact

District Attorney Lawrence Krasner participated and condoned this illegal and

retaliatory activity clearly provides relief under §1983.


Date:        2/6/2024                    _____

                                          Derrick Jacobs,

                                          Plaintiff

                                          Pro se

## CERTIFICATE OF SERVICE

I, Derrick Jacobs, Plaintiff within the above-captioned matter, hereby certify that a true and correct copy, according to the Federal Rules of Civil Procedure was sent via email upon the following on the date shown below,

Date:   2/6/2024

_____

Derrick Jacobs,

Plaintiff

Pro se